JUDGE JONES

10 CIV 5893

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



| | |
|---|---|
| FIDELITY BROKERAGE SERVICES LLC, | |
| Plaintiff, | |
| v. | **COMPLAINT FOR INTERPLEADER** |
| MARSHALL CARO, WALTER RAQUET, INDII.COM USE LLC, AND BILL ROTHFARB, | Docket No. 10 Civ.   (   )(   ) |
| Defendants. | |

Plaintiff Fidelity Brokerage Services LLC ("Fidelity" or "Plaintiff"), by and through its undersigned attorneys, Thompson Hine LLP, as and for its Complaint for Interpleader against Marshall Caro, Walter Raquet, Indii.com USE LLC, and Bill Rothfarb (collectively "Defendants"), hereby alleges:

## PRELIMINARY STATEMENT

1.       This action involves disputed claims to two Fidelity brokerage accounts, one an individual account (account number ###-##0020) in the name of defendant Marshall Caro ("Caro") and valued at approximately $1,500.00 (the "Caro Account"), and the other account (account number ###-##3272) in the name of defendant Indii.com USE LLC ("Indii.com") and valued at approximately $769,000.00 (the "Indii.com Account", and collectively with the Caro Account, the "Accounts").

2.      Fidelity is the custodian of the Accounts and has no interest or claim to the funds being maintained in the Accounts, except for the reimbursement of costs and fees incurred in this proceeding.

3.      A dispute has arisen between defendant Bill Rothfarb ("Rothfarb"), a judgment creditor to a New York State civil action, and Caro, a judgment debtor to that action, regarding the attempted restraint by Rothfarb on the Accounts.  Both Rothfarb and Caro have threatened to sue or otherwise hold Fidelity liable if each defendant does not get his way.

4.      Fidelity brings this complaint for interpleader pursuant to 28 U.S.C. § 1335 and asks the Court to resolve the competing rights and claims of the Defendants to the Accounts, to direct Fidelity to deposit the assets (or some portion thereof equal to the disputed amount) of the Accounts into the registry of the Court or, alternatively, to direct Fidelity to give a bond payable to the Clerk of the Court in such amount and with such surety as the Court may deem proper, pending the determination of this Court, to restrain the individual defendants from instituting or pursuing any action against Fidelity, and to award Fidelity its attorneys' fees and costs of bringing this action.

## **THE PARTIES**

5.      Fidelity is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Massachusetts.   Fidelity provides brokerage products and services to its customers and is the custodian of the Accounts.

6.      Upon information and belief, Caro is an individual residing at  47 Angelus Drive, Greenwich, Connecticut 06831.  Upon information and belief, Caro is the owner of the Caro Account, has or may have an interest in the Indii.com Account and is the President of Indii.com.

7.      Upon information and belief, defendant Walter Raquet ("Raquet") is an individual residing at 215 Via Del Mar, Palm Beach, Florida 33480.  Upon information and belief, Raquet has or may have an interest in the Indii.com Account and is the Chief Executive Officer of Indii.com.

8.      Upon information and belief, Indii.com is a Limited Liability Company ("LLC") organized under the laws of the State of Delaware or is a partnership and has a principal place of business at 47 Angelus Drive, Greenwich, Connecticut 06831.  Indii.com is registered in Fidelity's account records as the owner of the Indii.com Account.

9.      Upon information and belief, Rothfarb is an individual residing at 109 East 36th Street, New York, New York 10016.  Rothfarb claims to have an interest in the Accounts as a judgment creditor to a New York State civil action against Caro.

## JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1335  because: (1) Plaintiff has in its custody property of the value of $500 or more; (2) two or more defendants, of diverse citizenship are claiming or may claim to be entitled to such property; and (3) Plaintiff will either deposit such money into the registry of the Court or will give a bond payable to the Clerk of the Court in such amount and with such surety as the Court may deem proper.

11.      This Court has personal jurisdiction over Defendants pursuant to 28 U.S.C. § 2361.

12.      Venue in this Court is proper pursuant to 28 U.S.C. § 1397 because one or more of the defendants resides within this District.

## FACTS GIVING RISE TO THE COMPLAINT

**The Accounts**

13.    On or about March 2, 2000, Caro established the Caro Account by submitting a Fidelity Ultra Service Account Electronic Submission Follow-up Application with Fidelity.  The Caro Account has a value of approximately $1,500.00.

14.    On or about February 5, 2010, Indii.com established the Indii.com Account by submitting a Partnership Account Agreement with Fidelity.  Caro is listed as the "Primary Authorized Person" on the Partnership Account Agreement.  The Indii.com Account has a value of approximately $769,000.00.

**The Competing Claims to the Accounts**

15.    Upon information and belief, on or about March 28, 1995, a judgment in the amount of $204,018.23 (the "Judgment") was entered in favor of Rothfarb and against Caro in a New York State civil action entitled Rothfarb v. Programit, Inc. et al, Index No. 19178/87 (Supreme Court New York County) (the "New York Action").  Upon information and belief, the entire amount of the Judgment together with interest remains due and unpaid and is now equal to more than  $483,000.00.

16.    On or about July 16, 2010, Fidelity received a letter from Evan Rothfarb, an attorney who represents Rothfarb, informing Fidelity of the New York Action and Judgment, enclosing copies of an Information Subpoena With Restraining Notice, Subpoena Questionnaire, Exemption Notice, and Exemption Claim Form, asking Fidelity to promptly restrain property in Fidelity's custody in which Caro has an interest, and requesting Fidelity respond to the Information Subpoena and Subpoena Questionnaire.  (A copy of the letter and enclosures are annexed hereto as Exhibit A).

4

17.     On or about July 27, 2010, Fidelity sent a letter to Rothfarb's attorney confirming Fidelity's receipt of the Information Subpoena with Restraining Notice.  Fidelity informed Rothfarb's attorney of the existence of the Caro Account and Indii.com Account, and notified Rothfarb's attorney that the Accounts had been restricted and made inaccessible to Caro pending Fidelity's receipt of a currently and originally certified court order.

18.     On or about July 27, 2010, Fidelity sent notice of the restraint on the Accounts to Caro.

19.     On or about July 29, 2010, Fidelity received a phone call from Rothfarb's attorney notifying Fidelity that he believed Fidelity's response to the Information Subpoena and Subpoena Questionnaire was incomplete.

20.     On or about July 30, 2010, Fidelity sent a letter to Rothfarb's attorney amending Fidelity's July 27, 2010 response to the Information Subpoena with Restraining Notice.  Fidelity informed Rothfarb's attorney that Fidelity had determined that the Indii.com Account may be exempt from the Restraining Notice, and that if Fidelity did not receive a court order, restraining order or other process issued by a court of competent jurisdiction by August 5, 2010, that ordered Fidelity to restrict the Indii.com Account, then Fidelity will remove the restriction.  Fidelity believes that the Indii.com Account may be exempt from the Restraining Notice because the assets of the Indii.com Account appear to belong to a LLC and may not be restrained by a creditor of a member of the LLC.

21.     On or about August 2, 2010, Fidelity received a letter from Rothfarb's attorney formally objecting to the removal of the restraint on the Accounts and threatening court action against Fidelity for contempt and sanctions if Fidelity did not confirm to Rothfarb's attorney by August 3, 2010, at 12:30pm that Fidelity will restrain the Accounts.  Rothfarb's attorney further

threatened that if Fidelity allowed withdrawal of any money from the Accounts, then Rothfarb would hold Fidelity liable for the entire amount withdrawn, up to the full amount of the Judgment, plus his attorneys' fees and costs.  The letter also conveyed Rothfarb's belief that all deposits made by Caro into the Indii.com Account were fraudulent conveyances as to Rothfarb, and therefore the assets of the Indii.com Account were not exempt from the Restraining Notice.

22.     On or about August 3, 2010, Fidelity received a letter from Donna Drumm, an attorney representing Indii.com, stating Indii.com's objections to the restraint on the Indii.com Account, asserting that a Delaware law states that assets of a LLC are not subject to seizure or garnishment by a judgment creditor of a member of the company, and notifying Fidelity that Caro will be filing exemptions.  On or about August 3, 2010, Fidelity also received a letter from Caro claiming Indii.com has been injured by Fidelity's actions and informing Fidelity that Caro will file exemptions.

23.     Fidelity is currently restraining the Accounts and has not made any transfers or allowed any withdrawals from the Accounts.  Fidelity is uncertain if the Indii.com Account is subject to the Judgment.  The Indii.com Account appears to contain the assets of an LLC which pursuant to Delaware and New York law are not subject to the judgment creditor of a member of a LLC.  However, Rothfarb has asserted that Fidelity is not in a position to determine whether the assets are exempt, and further that Caro has fraudulently transferred or comingled his personal assets in the Indii.com Account.  Fidelity has no means of ascertaining the truth to Rothfarb's allegations concerning alleged fraudulent conveyances by Caro to the Indii.com Account.  Fidelity has also been informed that Caro will file an Exemption Form for the Caro Account.

24.    Fidelity has no claim to the Accounts, but is unable to determine, without hazard to itself, which of the individual defendants may be entitled to the assets or some portion of the assets of the Accounts, and has no other means than this action of protecting itself against the threat of multiple liability from the individual defendants' claims.

**WHEREFORE,** Fidelity requests that the Court enter an order as follows:

a) Granting Fidelity's request for Interpleader;

b) Requiring individual defendants to join together to resolve between themselves their rights and claims to ownership of the Accounts;

c) Directing Fidelity to deposit the assets (or some portion thereof equal to the disputed amount) of the Accounts into the registry of the Court or, alternatively, directing Fidelity to give a bond payable to the Clerk of the Court in such amount and with such surety as the Court may deem proper pending the determination of this Court;

d) Restraining the individual defendants from instituting or pursuing any action against Fidelity or any subsidiary, parent company or affiliated company of Fidelity, with regards to the Accounts;

e) Awarding Fidelity its attorneys' fees and costs of bringing this action; and

f) Awarding Fidelity such other and further relief as the Court may deem just.

Dated: New York, New York
      August 4, 2010

THOMPSON HINE LLP


*Michael D. Shannon*

Michael G. Shannon (MS 6225)
Michael D. Hoenig (MH 0813)

335 Madison Avenue 12th Floor
New York, New York 10017-4611
212.344.5680
212.344.6101 (Facsimile)

*Attorneys for Plaintiff Fidelity Brokerage
Services LLC*

193716.2

# Exhibit A

# ROTHFARB LAW, PLLC

11 Broadway, Suite 615
New York, NY 10004

EVAN S. ROTHFARB
ATTORNEY AT LAW
evan.rothfarb@rothfarblaw.com

Office: (212) 480-1010
Mobile: (917) 544-6568
Web: www.rothfarblaw.com

July 16, 2010

Fidelity Investments
Attn: Risk Management
100 Crosby Parkway – KC1D
Covington, KY 41015-0031

RE: *Rothfarb v. Programit, Inc. et al.*, Account of <u>Marshall A. Caro</u>, Defendant
and Judgment Debtor, with home address located at 47 Angelus Drive,
Greenwich, CT 06831 (OUR FILE NUMBER: 00004-ROTHFARB)

Dear Sir or Madam,

We represent Bill Rothfarb, the plaintiff and judgment creditor in an action known
as *Rothfarb v. Programit, Inc. et al.*, Index No. 19178/87 (Sup. Ct. N.Y. Cnty.) (IA Part 9,
Moskowitz, J.). On March 28, 1995, a judgment was entered in favor of BILL ROTHFARB
and against **MARSHALL CARO** as judgment debtor in the amount of $204,018.23 of which
the entire amount together with interest thereon at 9% annually from March 28, 1995
remains due and unpaid and is now equal to more than **$483,000.00**.

Based on information obtained about Mr. Caro's financial affairs, we believe Mr.
Caro has a brokerage account with Fidelity Investments containing non-exempt personal
property, including cash, securities and/or bonds, which are subject to restraint. We ask
for your assistance and cooperation in pursuing our collection efforts against Mr. Caro by
promptly complying with the Information Subpoena With Restraining Notice with
accompanying Information Subpoena Questionnaire contained herein.

Accordingly, please find enclosed THREE (3) copies of an Information Subpoena
With Restraining Notice with accompanying Information Subpoena Questionnaire, ONE (1)
Exemption Notice, TWO (2) copies of an Exemption Claim Form and a postage-prepaid
envelope addressed to Rothfarb Law, PLLC. Please promptly put the Restraining Notice
into effect and return the completed Information Subpoena Questionnaire in the postage-
prepaid envelope within SEVEN (7) days of receipt.

Additionally, pursuant to Section 5222-a(b)(3) of the New York Civil Practice Law
and Rules, please serve ONE (1) copy of the Information Subpoena With Restraining Notice
with accompanying Information Subpoena Questionnaire, ONE (1) Exemption Notice and
the TWO (2) copies of the Exemption Claim Form upon judgment debtor Marshall A. Caro
within two days of receipt.

Rothfarb Law

      Thank you for your assistance in this matter.  If you have any questions or concerns, please do not hesitate to contact me using the telephone number and e-mail address above.

Very truly yours,

Rothfarb Law, PLLC

By: _Evan S. Rothfarb_

Evan S. Rothfarb, Esq.

Enclosures: 6

Cc: Bill Rothfarb, *without enclosures*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| BILL ROTHFARB | Index No. 19178/87 |
| Plaintiff, | IA Part 9 (Moskowitz, J.) |
| -against- | |
| PROGRAMIT, INC., MARSHALL CARO, PROTECTIT TECHNOLOGY, ASSOCIATED IMPERATIVES, LTD., and P.I. SYSTEMS, LTD., | **INFORMATION SUBPOENA WITH RESTRAINING NOTICE** |
| Defendants. | |

**RE:**   *Rothfarb v. Programit, Inc. et al.*, Account of **Marshall A. Caro**, Defendant and
Judgment Debtor, with home address located at 47 Angelus Drive, Greenwich, CT 06831
(OUR FILE NUMBER: 00004-ROTHFARB)

### THE PEOPLE OF THE STATE OF NEW YORK

**TO:**   Fidelity Investments
Attn: Risk Management
100 Crosby Parkway – KC1D
Covington, KY 41015-0031

### INFORMATION SUBPOENA WITH RESTRAINING NOTICE

### INFORMATION SUBPOENA

   **WHEREAS,** in an action in the Supreme Court of New York, New York County,
between BILL ROTHFARB as plaintiff and PROGRAMIT, INC., MARSHALL CARO,
PROTECTIT TECHNOLOGY, ASSOCIATED IMPERATIVES, LTD., and P.I. SYSTEMS,
LTD., defendant(s) who are all the parties in said action, a judgment was entered in favor of
BILL ROTHFARB as judgment creditor and against **MARSHALL CARO** as judgment debtor
in the amount of $204,018.23 of which the entire amount together with interest thereon at 9%
annually from March 28, 1995 remains due and unpaid and is now equal to more than
**$483,000.00;** and

24.48-006163-072010.024 072010 1154EDT

FIMS_RETAIL:524271400

**WHEREAS, <u>FIDELITY INVESTMENTS</u>** resides and has an office for the regular transaction of business in person in New York County.

**NOW, THEREFORE WE COMMAND YOU,** that you answer in writing under oath, separately and fully, each question in the questionnaire accompanying the subpoena, each answer referring to the question to which it responds; and that you return the answers together with the original of the questions properly notarized, including, if applicable, with a certificate of conformity, within seven (7) days after your receipt of the questions and this subpoena.

**TAKE NOTICE** that false swearing or failure to comply with this subpoena is punishable as contempt of court.

I hereby certify that this information subpoena complies with Rule 5224 of the Civil Practice Law and Rules and that I have a reasonable belief that the party receiving this subpoena has in its possession information about the debtor that will assist the creditor in collection of the judgment.

## RESTRAINING NOTICE

**WHEREAS,** it appears that you owe a debt to the judgment debtor or are in possession of property in which the judgment debtor has an interest;

**TAKE NOTICE** that pursuant to subdivision (b) of Section 5222 of the Civil Practice Law and Rules, which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as therein provided.

**TAKE FURTHER NOTICE** that this notice also covers all property in which the judgment debtor has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtor.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person,

FIMS_RETAIL:524271400

including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs.  A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint.  If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, New York
Dated:  July 16, 2010

ROTHFARB LAW, PLLC


By: _Evan S. Rothfarb_
       Evan S. Rothfarb
11 Broadway, Suite 615
New York, NY 10004
(212) 480-1010
*Attorneys for Plaintiff and Judgment*
*Creditor Bill Rothfarb*

FIMS_RETAIL:524271400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

BILL ROTHFARB

                Plaintiff,

      -against-

PROGRAMIT, INC.,
MARSHALL CARO,
PROTECTIT TECHNOLOGY,
ASSOCIATED IMPERATIVES, LTD., and
P.I. SYSTEMS, LTD.,

                Defendants.

Index No. 19178/87

IA Part 9 (Moskowitz, J.)

**INFORMATION SUBPOENA**
**QUESTIONNAIRE**

RE:   *Rothfarb v. Programit, Inc. et al.*, Account of **Marshall A. Caro**, Defendant and
      Judgment Debtor, with home address located at 47 Angelus Drive, Greenwich, CT 06831
      (FILE NUMBER: 00004-ROTHFARB)

**INFORMATION SUBPOENA QUESTIONNAIRE**

STATE OF _____ )
                      ) ss.
COUNTY OF _____ )

_____ being duly sworn deposes and says; that deponent is the
_____ of _____ recipient of an
information subpoena herein and of the original and a copy of questions accompanying said
subpoena. The answers set forth are made from information obtained from records of the
recipient.

1.  Please advise whether you have a record of any account or safe deposit box in which the
    Judgment Debtor may have an interest, whether under the name of the Debtor, under a
    trade name or corporate name, or in association with each other.

2.  As to each such account, what is the exact title and number of the account and the
    amounts presently on deposit, including securities, bonds and other financial instruments.

FIMS_RETAIL:524271400

3. State the amount of funds and identify the securities, bonds and other financial instruments being held pursuant to Restraining Notice served herewith.

4. As to all financial instruments, including securities and bonds, state the present value of each such instrument.

5. As to each such safe deposit box, state the name and address of each owner of the safe deposit box and each authorized signatory.

6. State the name, address and telephone number of the place of business or employment of the Judgment Debtor listed in your records.

7. State the name, address and telephone number of all individuals, entities, corporations, partnerships and associations with a relationship to the Judgment Debtor listed in your records.

8. State the home address and Social Security number of the Judgment Debtor as set forth in your records.

9. List any other credit or bank references regarding the Judgment Debtor listed on your bank records.

By: _____

(The name signed must be printed beneath)

Sworn to before me this _____
day of _____, 20___

_____
Notary Public

FIMS_RETAIL:524271400

# CERTIFICATE OF CONFORMITY

STATE OF _____ )
                                        ) ss.
COUNTY OF _____ )

The undersigned does hereby certify that he/she is a resident of _____ in

the State of _____ and is an attorney at law duly admitted to practice in the State of

_____ or, alternatively, a person deemed qualified by the Supreme Court of the State

of New York to make this certificate of conformity pursuant to Section 299-a of the Real

Property Law of the State of New York; that he/she is fully acquainted with the laws of the State

of New York pertaining to the acknowledgment or proof of deeds of real property to be recorded

therein; that the foregoing acknowledgment by _____ named in the

forgoing in instrument taken before _____, a notary in the State of

_____ was taken in the manner prescribed by such laws of the State of

_____, being the State in which it was taken; and that it duly conforms with such

laws and is in all respects valid and effective in such state.

BY: _____
          Attorney at law in the
          State of_____

(Must include notary signature and seal or stamp)

FIMS_RETAIL:524271400

24.48-006163-072010.029 072010 1134EDT

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| BILL ROTHFARB<br><br>                Plaintiff,<br><br>     -against-<br><br>PROGRAMIT, INC.,<br>MARSHALL CARO,<br>PROTECTIT TECHNOLOGY,<br>ASSOCIATED IMPERATIVES, LTD., and<br>P.I. SYSTEMS, LTD.,<br><br>              Defendants. | Index No. 19178/87<br><br>IA Part 9 (Moskowitz, J.)<br><br>**INFORMATION SUBPOENA**<br>**WITH RESTRAINING**<br>**NOTICE** |

**RE:**   *Rothfarb v. Programit, Inc. et al.*, Account of **Marshall A. Caro**, Defendant and
Judgment Debtor, with home address located at 47 Angelus Drive, Greenwich, CT 06831
(OUR FILE NUMBER:  00004-ROTHFARB)

### THE PEOPLE OF THE STATE OF NEW YORK

**TO:**   Fidelity Investments
     Attn:  Risk Management
     100 Crosby Parkway – KC1D
     Covington, KY 41015-0031

### INFORMATION SUBPOENA WITH RESTRAINING NOTICE

### INFORMATION SUBPOENA

    **WHEREAS,** in an action in the Supreme Court of New York, New York County,
between BILL ROTHFARB as plaintiff and PROGRAMIT, INC., MARSHALL CARO,
PROTECTIT TECHNOLOGY, ASSOCIATED IMPERATIVES, LTD., and P.I. SYSTEMS,
LTD., defendant(s) who are all the parties in said action, a judgment was entered in favor of
BILL ROTHFARB as judgment creditor and against **MARSHALL CARO** as judgment debtor
in the amount of $204,018.23 of which the entire amount together with interest thereon at 9%
annually from March 28, 1995 remains due and unpaid and is now equal to more than
**$483,000.00;** and

FIMS_RETAIL:524271400

24.48-006163-072010.030.072010.072010 1134EDT

**WHEREAS, <u>FIDELITY INVESTMENTS</u>** resides and has an office for the regular transaction of business in person in New York County.

**NOW, THEREFORE WE COMMAND YOU,** that you answer in writing under oath, separately and fully, each question in the questionnaire accompanying the subpoena, each answer referring to the question to which it responds; and that you return the answers together with the original of the questions properly notarized, including, if applicable, with a certificate of conformity, within seven (7) days after your receipt of the questions and this subpoena.

**TAKE NOTICE** that false swearing or failure to comply with this subpoena is punishable as contempt of court.

I hereby certify that this information subpoena complies with Rule 5224 of the Civil Practice Law and Rules and that I have a reasonable belief that the party receiving this subpoena has in its possession information about the debtor that will assist the creditor in collection of the judgment.

## RESTRAINING NOTICE

**WHEREAS,** it appears that you owe a debt to the judgment debtor or are in possession of property in which the judgment debtor has an interest;

**TAKE NOTICE** that pursuant to subdivision (b) of Section 5222 of the Civil Practice Law and Rules, which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as therein provided.

**TAKE FURTHER NOTICE** that this notice also covers all property in which the judgment debtor has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtor.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person,

FIMS_RETAIL:524271400

24.48-006163-072010.031 072010 1134EDT

including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

     **TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.


New York, New York
Dated: July 16, 2010


                      ROTHFARB LAW, PLLC


                      By: _Evan S. Rothfarb_
                      Evan S. Rothfarb
                      11 Broadway, Suite 615
                      New York, NY 10004
                      (212) 480-1010
                      *Attorneys for Plaintiff and Judgment*
                      *Creditor Bill Rothfarb*

24.48-006163-072010.032 072010 1134EDT

FIMS_RETAIL:524271400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| BILL ROTHFARB | Index No. 19178/87 |
| Plaintiff, | IA Part 9 (Moskowitz, J.) |
| -against- | **INFORMATION SUBPOENA QUESTIONNAIRE** |
| PROGRAMIT, INC., MARSHALL CARO, PROTECTIT TECHNOLOGY, ASSOCIATED IMPERATIVES, LTD., and P.I. SYSTEMS, LTD., | |
| Defendants. | |

**RE:** *Rothfarb v. Programit, Inc. et al.*, Account of <u>Marshall A. Caro</u>, Defendant and Judgment Debtor, with home address located at 47 Angelus Drive, Greenwich, CT 06831 (FILE NUMBER: 00004-ROTHFARB)

### INFORMATION SUBPOENA QUESTIONNAIRE

STATE OF _____ )
                        ) ss.
COUNTY OF _____ )

_____ being duly sworn deposes and says; that deponent is the _____ of _____ recipient of an information subpoena herein and of the original and a copy of questions accompanying said subpoena. The answers set forth are made from information obtained from records of the recipient.

1. Please advise whether you have a record of any account or safe deposit box in which the Judgment Debtor may have an interest, whether under the name of the Debtor, under a trade name or corporate name, or in association with each other.

2. As to each such account, what is the exact title and number of the account and the amounts presently on deposit, including securities, bonds and other financial instruments.

24.48-006163-072010.033.072010 033 1134EDT

FIMS_RETAIL:524271400

3. State the amount of funds and identify the securities, bonds and other financial instruments being held pursuant to Restraining Notice served herewith.

4. As to all financial instruments, including securities and bonds, state the present value of each such instrument.

5. As to each such safe deposit box, state the name and address of each owner of the safe deposit box and each authorized signatory.

6. State the name, address and telephone number of the place of business or employment of the Judgment Debtor listed in your records.

7. State the name, address and telephone number of all individuals, entities, corporations, partnerships and associations with a relationship to the Judgment Debtor listed in your records.

8. State the home address and Social Security number of the Judgment Debtor as set forth in your records.

9. List any other credit or bank references regarding the Judgment Debtor listed on your bank records.


By: _____

(The name signed must be printed beneath)


Sworn to before me this _____
day of _____, 20___



_____
Notary Public

24.48-006163-072010.034 072010 11:34EDT

FIMS_RETAIL:524271400

## CERTIFICATE OF CONFORMITY

STATE OF _____ )
                        ) ss.
COUNTY OF _____ )

    The undersigned does hereby certify that he/she is a resident of _____ in

the State of _____ and is an attorney at law duly admitted to practice in the State of

_____ or, alternatively, a person deemed qualified by the Supreme Court of the State

of New York to make this certificate of conformity pursuant to Section 299-a of the Real

Property Law of the State of New York; that he/she is fully acquainted with the laws of the State

of New York pertaining to the acknowledgment or proof of deeds of real property to be recorded

therein; that the foregoing acknowledgment by _____ named in the

forgoing in instrument taken before _____, a notary in the State of

_____ was taken in the manner prescribed by such laws of the State of

_____, being the State in which it was taken; and that it duly conforms with such

laws and is in all respects valid and effective in such state.

                                      BY: _____
                                       Attorney at law in the
                                       State of_____

                    (Must include notary signature and seal or stamp)

FIMS_RETAIL:524271400

24.48-006163-072010.035.072010 072010 1134EDT

# Scan Reference Line Only

Magnolia Legal Funding

For Fidelity to
Complete and Return
To Rothfarb Law PLLC

ITEMS HERE

24.48-006163-072010.036 072010 1134EDT

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

BILL ROTHFARB

               Plaintiff,

    -against-

PROGRAMIT, INC.,
MARSHALL CARO,
PROTECTIT TECHNOLOGY,
ASSOCIATED IMPERATIVES, LTD., and
P.I. SYSTEMS, LTD.,

               Defendants.

---

Index No. 19178/87

IA Part 9 (Moskowitz, J.)

**INFORMATION SUBPOENA**
**WITH RESTRAINING**
**NOTICE**

**RE:**    *Rothfarb v. Programit, Inc. et al.*, Account of **Marshall A. Caro**, Defendant and
Judgment Debtor, with home address located at 47 Angelus Drive, Greenwich, CT 06831
(OUR FILE NUMBER: 00004-ROTHFARB)

## THE PEOPLE OF THE STATE OF NEW YORK

**TO:**   Fidelity Investments
       Attn: Risk Management
       100 Crosby Parkway – KC1D
       Covington, KY 41015-0031

## INFORMATION SUBPOENA WITH RESTRAINING NOTICE

### INFORMATION SUBPOENA

    **WHEREAS,** in an action in the Supreme Court of New York, New York County,
between BILL ROTHFARB as plaintiff and PROGRAMIT, INC., MARSHALL CARO,
PROTECTIT TECHNOLOGY, ASSOCIATED IMPERATIVES, LTD., and P.I. SYSTEMS,
LTD., defendant(s) who are all the parties in said action, a judgment was entered in favor of
BILL ROTHFARB as judgment creditor and against **MARSHALL CARO** as judgment debtor
in the amount of $204,018.23 of which the entire amount together with interest thereon at 9%
annually from March 28, 1995 remains due and unpaid and is now equal to more than
**$483,000.00;** and

FIMS_RETAIL:524271400

**WHEREAS, <u>FIDELITY INVESTMENTS</u>** resides and has an office for the regular transaction of business in person in New York County.

**NOW, THEREFORE WE COMMAND YOU,** that you answer in writing under oath, separately and fully, each question in the questionnaire accompanying the subpoena, each answer referring to the question to which it responds; and that you return the answers together with the original of the questions properly notarized, including, if applicable, with a certificate of conformity, within seven (7) days after your receipt of the questions and this subpoena.

**TAKE NOTICE** that false swearing or failure to comply with this subpoena is punishable as contempt of court.

I hereby certify that this information subpoena complies with Rule 5224 of the Civil Practice Law and Rules and that I have a reasonable belief that the party receiving this subpoena has in its possession information about the debtor that will assist the creditor in collection of the judgment.

## RESTRAINING NOTICE

**WHEREAS,** it appears that you owe a debt to the judgment debtor or are in possession of property in which the judgment debtor has an interest;

**TAKE NOTICE** that pursuant to subdivision (b) of Section 5222 of the Civil Practice Law and Rules, which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as therein provided.

**TAKE FURTHER NOTICE** that this notice also covers all property in which the judgment debtor has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtor.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration.  A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated.  A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served.  All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person,

FIMS_RETAIL:524271400

including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

    **TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, New York
Dated: July 16, 2010

                                   ROTHFARB LAW, PLLC


                                   By: _Evan S. Rothfarb_____
                                       Evan S. Rothfarb
                                   11 Broadway, Suite 615
                                   New York, NY 10004
                                   (212) 480-1010
                                   *Attorneys for Plaintiff and Judgment*
                                   *Creditor Bill Rothfarb*

FIMS_RETAIL:524271400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

BILL ROTHFARB

                         Plaintiff,

         -against-

PROGRAMIT, INC.,
MARSHALL CARO,
PROTECTIT TECHNOLOGY,
ASSOCIATED IMPERATIVES, LTD., and
P.I. SYSTEMS, LTD.,

                   Defendants.

Index No. 19178/87

IA Part 9 (Moskowitz, J.)

**INFORMATION SUBPOENA
QUESTIONNAIRE**

**RE:**   *Rothfarb v. Programit, Inc. et al.*, Account of <u>Marshall A. Caro</u>, Defendant and
Judgment Debtor, with home address located at 47 Angelus Drive, Greenwich, CT 06831
(FILE NUMBER: 00004-ROTHFARB)

**INFORMATION SUBPOENA QUESTIONNAIRE**

STATE OF _____ )
                      ) ss.
COUNTY OF _____ )

_____ being duly sworn deposes and says; that deponent is the
_____ of _____ recipient of an
information subpoena herein and of the original and a copy of questions accompanying said
subpoena. The answers set forth are made from information obtained from records of the
recipient.

1. Please advise whether you have a record of any account or safe deposit box in which the
   Judgment Debtor may have an interest, whether under the name of the Debtor, under a
   trade name or corporate name, or in association with each other.

2. As to each such account, what is the exact title and number of the account and the
   amounts presently on deposit, including securities, bonds and other financial instruments.

FIMS_RETAIL:524271400

3. State the amount of funds and identify the securities, bonds and other financial instruments being held pursuant to Restraining Notice served herewith.

4. As to all financial instruments, including securities and bonds, state the present value of each such instrument.

5. As to each such safe deposit box, state the name and address of each owner of the safe deposit box and each authorized signatory.

6. State the name, address and telephone number of the place of business or employment of the Judgment Debtor listed in your records.

7. State the name, address and telephone number of all individuals, entities, corporations, partnerships and associations with a relationship to the Judgment Debtor listed in your records.

8. State the home address and Social Security number of the Judgment Debtor as set forth in your records.

9. List any other credit or bank references regarding the Judgment Debtor listed on your bank records.

By: _____

(The name signed must be printed beneath)

Sworn to before me this _____
day of _____, 20___

_____
Notary Public

FIMS_RETAIL:524271400

24.48-006163-072010.041 072010 11:34EDT

## CERTIFICATE OF CONFORMITY

STATE OF _____ )
                        ) ss.
COUNTY OF _____ )

    The undersigned does hereby certify that he/she is a resident of _____ in

the State of _____ and is an attorney at law duly admitted to practice in the State of

_____ or, alternatively, a person deemed qualified by the Supreme Court of the State

of New York to make this certificate of conformity pursuant to Section 299-a of the Real

Property Law of the State of New York; that he/she is fully acquainted with the laws of the State

of New York pertaining to the acknowledgment or proof of deeds of real property to be recorded

therein; that the foregoing acknowledgment by _____ named in the

forgoing in instrument taken before _____, a notary in the State of

_____ was taken in the manner prescribed by such laws of the State of

_____, being the State in which it was taken; and that it duly conforms with such

laws and is in all respects valid and effective in such state.

        BY: _____
            Attorney at law in the
            State of_____

        (Must include notary signature and seal or stamp)

24.48-006163-072010.042.072010 1134EDT

FIMS_RETAIL:524271400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| BILL ROTHFARB<br><br>                    Plaintiff,<br><br>         -against-<br><br><br>PROGRAMIT, INC.,<br>MARSHALL CARO,<br>PROTECTIT TECHNOLOGY,<br>ASSOCIATED IMPERATIVES, LTD., and<br>P.I. SYSTEMS, LTD.,<br><br>                    Defendants. | Index No. 19178/87<br><br>IA Part 9 (Moskowitz, J.)<br><br><br>**EXEMPTION NOTICE** |

## EXEMPTION NOTICE

As required by New York Law

### YOUR BANK ACCOUNT IS RESTRAINED OR "FROZEN"

The attached Restraining Notice or notice of Levy by Execution has been issued against your bank account.  You are receiving this notice because a creditor has obtained a money judgment against you, and one or more of your bank accounts has been restrained to pay the judgment.  A money judgment is a court's decision that you owe money to a creditor.  You should be aware that FUTURE DEPOSITS into your account(s) might also be restrained if you do not respond to this notice.

You may be able to "vacate" (remove) the judgment.  If the judgment is vacated, your bank account will be released.  Consult an attorney (including free legal services) or visit the court clerk for more information about how to do this.

Under state and federal law, certain types of funds cannot be taken from your bank account to pay a judgment.  Such money is said to be "exempt."

DOES YOUR BANK ACCOUNT CONTAIN ANY OF THE FOLLOWING TYPES OF FUNDS?

   1. Social Security;

   2. Social security disability (SSD);

   3. Supplement security income (SSI);

Page 1 of 2

FIMS_RETAIL:524271400

    4. Public assistance (welfare);

    5. Income earned while receiving SSI or public assistance;

    6. Veterans benefits;

    7. Unemployment insurance;

    8. Payments from pensions and retirement accounts;

    9. Disability benefits;

    10. Income earned in the last 60 days (90% of which is exempt);

    11. Workers' compensation;

    12. Child support;

    13. Spousal support or maintenance (alimony);

    14. Railroad retirement; and/or

    15. Black lung benefits

If YES, you can claim that your money is exempt and cannot be taken.

To make the claim, you must

    a) complete the EXEMPTION CLAIM FORM attached;

    b) deliver or mail the form to the bank with the restrained or "frozen" account; and

    c) deliver or mail the form to the creditor or its attorney at the address listed on the form.

      You must send the forms within 20 DAYS of the postmarked date on the envelope holding this notice. You may be able to get your account released faster if you send to the creditor or its attorney written proof that your money is exempt. Proof can include an award letter from the government, an annual statement from your pension, pay stubs, copies of checks, bank records showing the last two months of account activity, or other papers showing that the money in your bank account is exempt. If you send the creditor's attorney proof that the money in your account is exempt, the attorney must release that money within seven days. You do not need an attorney to make an exemption claim using the form.

FIMS_RETAIL:524271400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

BILL ROTHFARB

                          Plaintiff,

            -against-

PROGRAMIT, INC.,
MARSHALL CARO,
PROTECTIT TECHNOLOGY,
ASSOCIATED IMPERATIVES, LTD., and
P.I. SYSTEMS, LTD.,

                          Defendants.

Index No. 19178/87

IA Part 9 (Moskowitz, J.)

**EXEMPTION CLAIM FORM**

**EXEMPTION CLAIM FORM**

| NAME AND ADDRESS OF JUDGMENT CREDITOR OR ATTORNEY | NAME AND ADDRESS OF FINANCIAL INSTITUTION |
|---|---|
| (To be completed by judgment creditor or attorney) | (To be completed by judgment creditor or attorney) |
| **ADDRESS A** | **ADDRESS B** |
| Rothfarb Law, PLLC<br>Evan S. Rothfarb<br>11 Broadway, Suite 615<br>New York, NY 10004 | Fidelity Investments<br>100 Crosby Parkway – KC1D<br>Covington, KY 41015-0031 |

**Directions:** To claim that some or all of the funds in your account are exempt, complete both copies of this form, and make one copy for yourself. Mail or deliver one form to ADDRESS A and one form to ADDRESS B within 20 days of the date on the envelope holding this notice.

**\*\*If you have any documents**, such as an award letter, an annual statement from your pension, paystubs, copies of checks or bank records showing the last two months of account activity, include copies of the documents with this form. Your account may be released more quickly.

FIMS_RETAIL:524271400

I state that my account contains the following type(s) of funds (check all that apply):

___ Social Security

___ Social security disability (SSD)

___ Supplement security income (SSI)

___ Public assistance

___ Wages while receiving SSI or public assistance

___ Veterans benefits

___ Unemployment insurance

___ Payments from pensions and retirement accounts

___ Income earned in the last 60 days (90% of which is exempt)

___ Child support

___ Spousal support or maintenance (alimony)

___ Workers' compensation

___ Railroad retirement or black lung benefits

___ Other (describe exemption): _____

I request that any correspondence to me regarding my claim be sent to the following address:

_____

(FILL IN YOUR COMPLETE ADDRESS)

I certify under penalty of perjury that the statement above is true to the best of my knowledge and belief.

DATE: _____, _____

By: _____

SIGNATURE OF JUDGMENT DEBTOR

FIMS_RETAIL:524271400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

BILL ROTHFARB

                    Plaintiff,

          -against-


PROGRAMIT, INC.,
MARSHALL CARO,
PROTECTIT TECHNOLOGY,
ASSOCIATED IMPERATIVES, LTD., and
P.I. SYSTEMS, LTD.,

                    Defendants.

Index No. 19178/87

IA Part 9 (Moskowitz, J.)


**EXEMPTION CLAIM FORM**


## EXEMPTION CLAIM FORM

| NAME AND ADDRESS OF JUDGMENT CREDITOR OR ATTORNEY | NAME AND ADDRESS OF FINANCIAL INSTITUTION |
| --- | --- |
| (To be completed by judgment creditor or attorney) | (To be completed by judgment creditor or attorney) |
| **ADDRESS A** | **ADDRESS B** |
| Rothfarb Law, PLLC<br>Evan S. Rothfarb<br>11 Broadway, Suite 615<br>New York, NY 10004 | Fidelity Investments<br>100 Crosby Parkway – KC1D<br>Covington, KY 41015-0031 |

**Directions:** To claim that some or all of the funds in your account are exempt, complete both copies of this form, and make one copy for yourself. Mail or deliver one form to ADDRESS A and one form to ADDRESS B within 20 days of the date on the envelope holding this notice.

**\*\*If you have any documents, such as an award letter, an annual statement from your pension, paystubs, copies of checks or bank records showing the last two months of account activity, include copies of the documents with this form. Your account may be released more quickly.

FIMS_RETAIL:524271400

I state that my account contains the following type(s) of funds (check all that apply):

__ Social Security

__ Social security disability (SSD)

__ Supplement security income (SSI)

__ Public assistance

__ Wages while receiving SSI or public assistance

__ Veterans benefits

__ Unemployment insurance

__ Payments from pensions and retirement accounts

__ Income earned in the last 60 days (90% of which is exempt)

__ Child support

__ Spousal support or maintenance (alimony)

__ Workers' compensation

__ Railroad retirement or black lung benefits

__ Other (describe exemption): _____

I request that any correspondence to me regarding my claim be sent to the following address:

_____

(FILL IN YOUR COMPLETE ADDRESS)

I certify under penalty of perjury that the statement above is true to the best of my knowledge and belief.

DATE: _____, _____

By: _____
SIGNATURE OF JUDGMENT
DEBTOR

# Scan Reference Line Only

Magnolia Legal Funding

Serve on
Judgment
Debtor
Marshall A. Caro

888-207-1772
MAGNOLIAFUNDING.COM

24.48-006163-072010.049 072010 1136EDT