# Exhibit A

JUDGE JONES

10 CIV 5893

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



FIDELITY BROKERAGE SERVICES LLC,

    Plaintiff,

    v.

MARSHALL CARO, WALTER RAQUET,
INDII.COM USE LLC, AND BILL ROTHFARB,

    Defendants.

COMPLAINT FOR INTERPLEADER

Docket No. 10 Civ.   (   )(   )

---

Plaintiff Fidelity Brokerage Services LLC ("Fidelity" or "Plaintiff"), by and through its

undersigned attorneys, Thompson Hine LLP, as and for its Complaint for Interpleader against

Marshall Caro, Walter Raquet, Indii.com USE LLC, and Bill Rothfarb (collectively

"Defendants"), hereby alleges:

## PRELIMINARY STATEMENT

1.    This action involves disputed claims to two Fidelity brokerage accounts, one an

individual account (account number ###-##0020) in the name of defendant Marshall Caro

("Caro") and valued at approximately $1,500.00 (the "Caro Account"), and the other account

(account number ###-##3272) in the name of defendant Indii.com USE LLC ("Indii.com") and

valued at approximately $769,000.00 (the "Indii.com Account", and collectively with the Caro

Account, the "Accounts").

1

2.      Fidelity is the custodian of the Accounts and has no interest or claim to the funds being maintained in the Accounts, except for the reimbursement of costs and fees incurred in this proceeding.

3.      A dispute has arisen between defendant Bill Rothfarb ("Rothfarb"), a judgment creditor to a New York State civil action, and Caro, a judgment debtor to that action, regarding the attempted restraint by Rothfarb on the Accounts.  Both Rothfarb and Caro have threatened to sue or otherwise hold Fidelity liable if each defendant does not get his way.

4.      Fidelity brings this complaint for interpleader pursuant to 28 U.S.C. § 1335 and asks the Court to resolve the competing rights and claims of the Defendants to the Accounts, to direct Fidelity to deposit the assets (or some portion thereof equal to the disputed amount) of the Accounts into the registry of the Court or, alternatively, to direct Fidelity to give a bond payable to the Clerk of the Court in such amount and with such surety as the Court may deem proper, pending the determination of this Court, to restrain the individual defendants from instituting or pursuing any action against Fidelity, and to award Fidelity its attorneys' fees and costs of bringing this action.

## THE PARTIES

5.      Fidelity is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Massachusetts.  Fidelity provides brokerage products and services to its customers and is the custodian of the Accounts.

6.      Upon information and belief, Caro is an individual residing at  47 Angelus Drive, Greenwich, Connecticut 06831.  Upon information and belief, Caro is the owner of the Caro Account, has or may have an interest in the Indii.com Account and is the President of Indii.com.

2

7.      Upon information and belief, defendant Walter Raquet ("Raquet") is an individual residing at 215 Via Del Mar, Palm Beach, Florida 33480.  Upon information and belief, Raquet has or may have an interest in the Indii.com Account and is the Chief Executive Officer of Indii.com.

8.      Upon information and belief, Indii.com is a Limited Liability Company ("LLC") organized under the laws of the State of Delaware or is a partnership and has a principal place of business at 47 Angelus Drive, Greenwich, Connecticut 06831.   Indii.com is registered in Fidelity's account records as the owner of the Indii.com Account.

9.      Upon information and belief, Rothfarb is an individual residing at 109 East 36th Street, New York, New York 10016.  Rothfarb claims to have an interest in the Accounts as a judgment creditor to a New York State civil action against Caro.

### JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1335  because: (1) Plaintiff has in its custody property of the value of $500 or more; (2) two or more defendants, of diverse citizenship are claiming or may claim to be entitled to such property; and (3) Plaintiff will either deposit such money into the registry of the Court or will give a bond payable to the Clerk of the Court in such amount and with such surety as the Court may deem proper.

11.     This Court has personal jurisdiction over Defendants pursuant to 28 U.S.C. § 2361.

12.     Venue in this Court is proper pursuant to 28 U.S.C. § 1397 because one or more of the defendants resides within this District.

3

## FACTS GIVING RISE TO THE COMPLAINT

**The Accounts**

13.     On or about March 2, 2000, Caro established the Caro Account by submitting a Fidelity Ultra Service Account Electronic Submission Follow-up Application with Fidelity.  The Caro Account has a value of approximately $1,500.00.

14.     On or about February 5, 2010, Indii.com established the Indii.com Account by submitting a Partnership Account Agreement with Fidelity.  Caro is listed as the "Primary Authorized Person" on the Partnership Account Agreement.  The Indii.com Account has a value of approximately $769,000.00.

**The Competing Claims to the Accounts**

15.     Upon information and belief, on or about March 28, 1995, a judgment in the amount of $204,018.23 (the "Judgment") was entered in favor of Rothfarb and against Caro in a New York State civil action entitled Rothfarb v. Programit, Inc. et al, Index No. 19178/87 (Supreme Court New York County) (the "New York Action").  Upon information and belief, the entire amount of the Judgment together with interest remains due and unpaid and is now equal to more than  $483,000.00.

16.     On or about July 16, 2010, Fidelity received a letter from Evan Rothfarb, an attorney who represents Rothfarb, informing Fidelity of the New York Action and Judgment, enclosing copies of an Information Subpoena With Restraining Notice, Subpoena Questionnaire, Exemption Notice, and Exemption Claim Form, asking Fidelity to promptly restrain property in Fidelity's custody in which Caro has an interest, and requesting Fidelity respond to the Information Subpoena and Subpoena Questionnaire.  (A copy of the letter and enclosures are annexed hereto as Exhibit A).

4

17.     On or about July 27, 2010, Fidelity sent a letter to Rothfarb's attorney confirming Fidelity's receipt of the Information Subpoena with Restraining Notice.  Fidelity informed Rothfarb's attorney of the existence of the Caro Account and Indii.com Account, and notified Rothfarb's attorney that the Accounts had been restricted and made inaccessible to Caro pending Fidelity's receipt of a currently and originally certified court order.

18.     On or about July 27, 2010, Fidelity sent notice of the restraint on the Accounts to Caro.

19.     On or about July 29, 2010, Fidelity received a phone call from Rothfarb's attorney notifying Fidelity that he believed Fidelity's response to the Information Subpoena and Subpoena Questionnaire was incomplete.

20.     On or about July 30, 2010, Fidelity sent a letter to Rothfarb's attorney amending Fidelity's July 27, 2010 response to the Information Subpoena with Restraining Notice.  Fidelity informed Rothfarb's attorney that Fidelity had determined that the Indii.com Account may be exempt from the Restraining Notice, and that if Fidelity did not receive a court order, restraining order or other process issued by a court of competent jurisdiction by August 5, 2010, that ordered Fidelity to restrict the Indii.com Account, then Fidelity will remove the restriction.  Fidelity believes that the Indii.com Account may be exempt from the Restraining Notice because the assets of the Indii.com Account appear to belong to a LLC and may not be restrained by a creditor of a member of the LLC.

21.     On or about August 2, 2010, Fidelity received a letter from Rothfarb's attorney formally objecting to the removal of the restraint on the Accounts and threatening court action against Fidelity for contempt and sanctions if Fidelity did not confirm to Rothfarb's attorney by August 3, 2010, at 12:30pm that Fidelity will restrain the Accounts.  Rothfarb's attorney further

threatened that if Fidelity allowed withdrawal of any money from the Accounts, then Rothfarb would hold Fidelity liable for the entire amount withdrawn, up to the full amount of the Judgment, plus his attorneys' fees and costs. The letter also conveyed Rothfarb's belief that all deposits made by Caro into the Indii.com Account were fraudulent conveyances as to Rothfarb, and therefore the assets of the Indii.com Account were not exempt from the Restraining Notice.

22.     On or about August 3, 2010, Fidelity received a letter from Donna Drumm, an attorney representing Indii.com, stating Indii.com's objections to the restraint on the Indii.com Account, asserting that a Delaware law states that assets of a LLC are not subject to seizure or garnishment by a judgment creditor of a member of the company, and notifying Fidelity that Caro will be filing exemptions. On or about August 3, 2010, Fidelity also received a letter from Caro claiming Indii.com has been injured by Fidelity's actions and informing Fidelity that Caro will file exemptions.

23.     Fidelity is currently restraining the Accounts and has not made any transfers or allowed any withdrawals from the Accounts. Fidelity is uncertain if the Indii.com Account is subject to the Judgment. The Indii.com Account appears to contain the assets of an LLC which pursuant to Delaware and New York law are not subject to the judgment creditor of a member of a LLC. However, Rothfarb has asserted that Fidelity is not in a position to determine whether the assets are exempt, and further that Caro has fraudulently transferred or comingled his personal assets in the Indii.com Account. Fidelity has no means of ascertaining the truth to Rothfarb's allegations concerning alleged fraudulent conveyances by Caro to the Indii.com Account. Fidelity has also been informed that Caro will file an Exemption Form for the Caro Account.

24.     Fidelity has no claim to the Accounts, but is unable to determine, without hazard to itself, which of the individual defendants may be entitled to the assets or some portion of the assets of the Accounts, and has no other means than this action of protecting itself against the threat of multiple liability from the individual defendants' claims.

**WHEREFORE**, Fidelity requests that the Court enter an order as follows:

a)   Granting Fidelity's request for Interpleader;

b)   Requiring individual defendants to join together to resolve between themselves their rights and claims to ownership of the Accounts;

c)   Directing Fidelity to deposit the assets (or some portion thereof equal to the disputed amount) of the Accounts into the registry of the Court or, alternatively, directing Fidelity to give a bond payable to the Clerk of the Court in such amount and with such surety as the Court may deem proper pending the determination of this Court;

d)   Restraining the individual defendants from instituting or pursuing any action against Fidelity or any subsidiary, parent company or affiliated company of Fidelity, with regards to the Accounts;

e)   Awarding Fidelity its attorneys' fees and costs of bringing this action; and

f)   Awarding Fidelity such other and further relief as the Court may deem just.

Dated: New York, New York
      August 4, 2010

                      THOMPSON HINE LLP


                      *Michael D. Shannon*

                      Michael G. Shannon (MS 6225)
                      Michael D. Hoenig (MH 0813)

                      335 Madison Avenue 12th Floor
                      New York, New York 10017-4611
                      212.344.5680
                      212.344.6101 (Facsimile)

                      *Attorneys for Plaintiff Fidelity Brokerage*
                      *Services LLC*

193716.2