# Exhibit C

Sheldon Eisenberger (SE-2021)
The Law Office of Sheldon Eisenberger
*Attorneys for Defendants Marshall Caro and Indii.com USE, LLC*
30 Broad Street, 27th Floor
New York, New York 10004
(212) 422-3843

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIDELITY BROKERAGE SERVICES LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　　-against-<br><br>MARSHALL CARO, WALTER RAQUET,<br>INDII.COM USE, LLC and BILL ROTHFARB,<br><br>　　　　　　　　Defendants. | Case No. 10-CV-5893 (BSJ) |

## MEMORANDUM OF DEFENDANT MARSHALL CARO AND INDII.COM USE, LLC IN OPPOSITION TO PLAINTIFF'S REQUEST FOR INTERPLEADER AND RELATED INJUNCTIVE RELIEF

　　　　　　　　THE LAW OFFICE OF SHELDON EISENBERGER
　　　　　　　　SHELDON EISENBERGER, ESQ. (SE-2021)
　　　　　　　　Attorneys for Defendants Marshall Caro and Indii.com USE, LLC
　　　　　　　　30 Broad Street, 27th Floor
　　　　　　　　New York, New York 10004
　　　　　　　　(212) 422-3843

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .......... ii

PRELIMINARY STATEMENT .......... 2

FACTS .......... 3

ARGUMENT .......... 6

I. THERE IS NO GOOD FAITH BASIS FOR THIS INTERPLEADER ACTION AND THE FUNDS SHOULD BE RETURNED FORTHWITH TO INDII WITH INTEREST .......... 6

II. FIDELITY DID NOT PROPERLY PLEAD THE CITIZENSHIP OF INDII .......... 11

CONCLUSION .......... 12

# TABLE OF AUTHORITIES

**Cases**

6247 Atlas Corp. v. Marine Ins. Co., Ltd.,
   155 F.R.D. 454 (S.D.N.Y. 1994) ................................................................................. 11

Advanti Enter., Inc. v. Underwriters at Lloyds,
   140 F.3d 157 (2d Cir. 1998) ....................................................................................... 11

American Fidelity Fire Ins. Co. v. Construcciones Werl, Inc.,
   407 F.Supp. 164 (D.V.I. 1975) ..................................................................................... 8

Bass v. Federal Savings & Loan Ins. Corp.,
   698 F.2d 328 (7th Cir. 1983) ..................................................................................... 7, 8

Bierman v. Marcus,
   246 F.2d 200 (3d. Cir. 1957) ..................................................................................... 7, 8

Directv Latin America, LLC v. Park 610, LLC,
   Civ. No. 08-3987, 2009 WL 692202 (S.D.N.Y., March 18, 2009) ............................. 11

Dunbar v. United States,
   502 F.2d 506 (5th Cir. 1974) ........................................................................................ 7

Fonseca v. Regan,
   734 F.2d 944 (2d Cir. 1984) ......................................................................................... 7

Francis I. DuPont & Co. v. O'Keefe,
   365 F.2d 141 (7th Cir. 1966) ........................................................................................ 7

Fulton v. Kaiser Steel Corp.,
   397 F.2d 580 (5th Cir. 1968) ........................................................................................ 7

General Accident Group v. Gagliardi,
   593 F.Supp. 1080 (D. Conn. 1984) ........................................................................... 7, 8

General Electric Cried Corp. v. Grubbs,
   447 F.2d 285 (5th Cir. 1971) rev'd on other grounds, 405 U.S. 699 (1972) ................. 7

Indianapolis Colts v. Mayor and City Counsel of Baltimore,
   741 F.2d 954 (7th Cir. 1984) ........................................................................................ 7

J.B.I. Industries, Inc. v. Suchde,
   Civ. No. 99-12435, 2009 WL 1174997 (S.D.N.Y., August 17, 2000) ......................... 8

John Hancock Mutual Life Ins. Co. v. Beardslee,
   216 F.2d 457 (7th Cir. 1954), cert. denied, 348 U.S. 964 (1955) .................................. 8, 11

JSC Foreign Economic Association Technostroyexport v. Int'l.
Development & Trade Services, Inc.,
   295 F.Supp.2d 366 (S.D.N.Y. 2003) .................................................................................. 9

National Bank of New York City v. ESI Group, Inc.,
   201 A.D.2d 469, 607 N.Y.S.2d 394 (2d Dep't 1994) ......................................................... 9

New York Life Insurance Co. v. Lee,
   232 F.2d 811 (9th Cir. 1956) .............................................................................................. 7

Truck-A-Tune, Inc. v. Re,
   856 F. Supp. 77 (D. Conn. 1993), aff'd, 23 F.3d 60 (2d Cir. 1994) ................................. 10

Washington Elec. Cooperative, Inc. v. Paerson, Walke & Pratt, P.C.,
   985 F.2d 677 (2d Cir. 1993) ............................................................................................... 8

**Statutes**

28 U.S.C. § 1332 ....................................................................................................................... 11

28 U.S.C. §1335 .......................................................................................................................... 6

CPLR 5222(c) .............................................................................................................................. 9

**Treatises**

7 Wright & Miller, *Federal Practice and Procedure* §§ 1704-1705, 1714 ............................... 7

9B Carmody-Wait 2d, *New York Practice*, § 64:336 (2010) ..................................................... 9

Defendants Marshall Caro ("Caro") and Indii.com USE, LLC ("Indii") respectfully submit this memorandum in opposition to the application of plaintiff Fidelity Brokerage Services, LLC ("Fidelity") for interpleader and related injunctive relief pursuant to 28 U.S.C §§ 1335 and 2361.

## PRELIMINARY STATEMENT

Fidelity's request for interpleader is improper because there are no legitimate competing claims to the account at issue in this case. This action is a transparent attempt by Fidelity to wash its hands clean of a problem that it created. As acknowledged in Fidelity's own papers, although Fidelity was initially served with a restraining notice from defendant Bill Rothfarb ("Rothfarb") concerning Caro's Fidelity accounts, Fidelity improperly restrained Indii's brokerage account, in addition to Caro's account. There is no dispute that Indii is a limited liability company that is legally distinct from Caro. There is no dispute that Rothfarb, who is a judgment creditor of Caro, does not hold a judgment against Indii. Any "claim" to the contrary is outright frivolous and cannot form the basis of a request for interpleader, which requires the presence of two competing legitimate and good-faith claims. There is absolutely no good-faith basis to restrain Indii's account based on the judgment against Caro.

In addition, though Fidelity bases subject matter jurisdiction in this case on diversity of citizenship, Fidelity has failed to properly plead the citizenship of Indii's members, which controls for purposes of diversity. Had Fidelity done so, it may have revealed that there is no diversity of citizenship between Indii and Rothfarb, as members of Indii and Rothfarb may each be New York citizens. Although Fidelity named two of Indii's members (Caro and Walter Raquet) as individual defendants in this action, neither Caro not Raquet are competing claimants to the account at issue in this case. It is a dispute (and, as set forth above, a frivolous one) solely

between Indii and Rothfarb, and diversity of citizenship has not been properly pled and may be lacking between these two parties.

Indii and Caro intend to make a motion to dismiss the complaint based on these deficiencies. However, for purposes of the instant application by Fidelity, it is clear that these deficiencies mandate the denial of Fidelity's application.

## FACTS

The facts are set forth in the accompanying declaration of Marshall Caro, who is one of the members of Indii, and are set forth below for ease of reference.

According to the complaint, Fidelity received a letter from Rothfarb's attorney enclosing an Information Subpoena With Restraining Notice on July 20, 2010. Rothfarb is the judgment creditor of Caro pursuant to a purported judgment entered against only Caro on March 28, 1995 in the amount of $204,018.23, plus interest thereon[1] Complaint ¶17. The restraining notice explicitly stated that it related to the "Account of Marshall A. Carro, Defendant and Judgment Debtor..." Exhibit A to the Affidavit of Christian Jeri annexed to Fidelity's application ("Jeri Aff.").

On July 27, 2010, Fidelity informed Rothfarb's attorney that it had restrained two accounts: account no. ###-##0020 held in the name of Caro and account no. ###-##3272 held in the name of Indii (the "Indii Account"), and provided Caro with notice of same. Jeri Aff., Exhibit B. On or about July 29, 2010, Indii, through Caro, contacted Fidelity and objected to the restraint placed on the Indii Account inasmuch as Indii was not a judgment debtor of Rothfarb. Thereafter, on or about July 30, 2010, Fidelity wrote Rothfarb stating that Fidelity "had discovered" that Indii's account was a "Partnership account" and that this account "may be

---

[1] As is set forth in the accompanying Declaration of Marshall Caro, the judgment against Caro was fraudulently obtained by Rothfarb, and Caro intends to move in state court to have the judgment vacated.

exempt" from the reach of the restraining notice. Jeri Aff., Exhibit C. The letter stated that Fidelity would lift the restraint on the Indii Account unless Rothfarb obtained a court order within 5 days thereafter. However, while there is no dispute that the letter was referring to Fidelity lifting the restraint on the Indii Account (see Affidavit of Michael G. Shannon in Support of Fidelity's Motion for Preliminary Injunction, Temporary Restraining Order and Related Relief at ¶19, FN2), the letter accidentally referenced the account number of Caro's account. Thus, although Fidelity clearly spoke in the letter of lifting the restraint of the Indii Account, the fact that the account number was misidentified led Rothfarb to believe that Fidelity would be lifting the restraint on the Caro account as well.

By letter dated August 2, 2010, Rothfarb's counsel wrote Fidelity demanding that Fidelity confirm that the restraints on the Caro account and Indii Account would remain in full force and effect. Jeri Aff., Exhibit D. This marked the first time that Rothfarb had ever requested that the Indii Account be restrained, though Rothfarb did not issue a new information subpoena with restraining notice for the Indii Account at that time. The letter stated counsel's conclusory "information and belief [that] all deposits made by Mr. Caro into the account known as INDII COM USE LLC...were fraudulent conveyances as to Mr. Rothfarb." The letter also incorrectly cites to a New York case for the ostensible proposition that a limited liability company can be served with a restraining notice solely by virtue of the fact that its member is a judgment debtor. The case cited by Rothfarb's counsel in its letter does not stand for that proposition at all. Rather, that case merely upheld a determination made by a court that a transfer between a husband and wife was a fraudulent conveyance. It did not involve in any way the propriety of serving a restraining notice on a party who is not a judgment debtor.

On August 4, 2010, Rothfarb sought and obtained in state court a temporary restraining order enjoining Fidelity from lifting "any duly issued restraints upon any accounts…in which it appears judgment debtor Marshall Caro has an interest, including, but not limited to" the Indii Account and the Caro account referenced above. Jeri Aff., Exhibit F. On the same date, Fidelity filed the instant interpleader action.

On August 5, 2010, Caro timely served exemption claims on both Fidelity and Rothfarb in connection with the restrained accounts. Jeri Aff., Exhibit H. To date, Rothfarb has not served any objections to the exemption claims.

On August 26, 2010, Rothfarb withdrew the state court motion, and the temporary restraining order issued by the state court was vacated. Fidelity alleges that during the appearance in state court, Rothfarb served a new information subpoena with restraining notice in relation to the Caro judgment, which specifically requested the restraint of the Indii Account. Exhibit 5 to the Affidavit of Michael Shannon attached to Fidelity's application ("Shannon Aff."). This information subpoena with restraining notice is fatally deficient for two reasons: (i) as set forth above, Rothfarb is not (nor does he purport to be) a judgment creditor of Indii; and (ii) CPLR 5222 (c) prohibits the service of a second restraining notice on a previously served garnishee with respect to the same judgment, without leave of court. The restraining notice served by Rothfarb on Fidelity on or about July 26, 2010, and the restraining notice served by Rothfarb on Fidelity on or about August 26, 2010, each were served in connection with the same judgment--the judgment against Caro. Leave of court was not obtained by Rothfarb prior to his service of the August 26, 2010 restraining notice.

Fidelity did not send out copies of the second restraining forms to Caro or Indii until September 3, 2010, and these documents were delivered to Caro via UPS delivery on September

7, 2010. See Exhibit E to the accompanying Declaration of Marshall Caro ("Caro Decl."). On September 8, 2010, Caro duly served exemption claims on Fidelity objecting to the restraints on the Caro and Indii accounts. Exhibit F to the Caro Decl. To date, Rothfarb has not filed any objections to Indii's (or Caro's) exemptions. Accordingly, pursuant to CPLR 5222-1(c)(3), the restraint on the Indii Account (as well as the restraint of the Caro accounts) should have been lifted 8 days later on September 16, 2010.

On September 7, 2010, Fidelity brought the instant application, via Order to Show Cause, for an order granting its request for interpleader, dismissing Fidelity from this action, and enjoining defendants from instituting any action against Fidelity with respect to the Indii Account.

The improperly restrained funds in the Indii account were deposited into this Court's registry on or about September 20, 2010, pursuant to Court Order. At the time of the deposit into the registry, the funds totaled $774,140.37, far in excess of the judgment against Caro, which, according to Rothfarb's information subpoena, equals "more than $483,000."

## ARGUMENT

### I.

### THERE IS NO GOOD FAITH BASIS FOR THIS INTERPLEADER ACTION AND THE FUNDS SHOULD BE RETURNED FORTHWITH TO INDII WITH INTEREST

Fidelity instituted this interpleader action pursuant to 28 U.S.C. §1335, which provides in pertinent part, that:

> The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or

> more,...if (1) Two or more adverse claimants of diverse citizenship...are claiming or may claim to be entitled to such money or property...and if (2) the plaintiff has deposited such money or property...into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper.

"Normally, an interpleader action is concluded in two stages. First, the Court determines whether interpleader lies, i.e., are there two or more claims at stake...In the second stage, the adverse claimants are adjudicated and the proceeds disbursed." General Accident Group v. Gagliardi, 593 F.Supp. 1080, 1087 (D. Conn. 1984) (citing 7 Wright & Miller, *Federal Practice and Procedure* §§ 1704-1705, 1714). "In an interpleader action, the burden is on the party seeking interpleader to demonstrate that he is entitled to it...and a prerequisite for the action is that the party requesting interpleader demonstrate that he has been or may be subjected to adverse claims." Dunbar v. United States, 502 F.2d 506, 511 (5th Cir. 1974) (citations omitted).

It is well settled that "[b]ecause the sole basis for equitable relief to the stakeholder is the danger of exposure to double liability or the vexation of conflicting claims,...the stakeholder must have a real and reasonable fear of double liability or vexatious, conflicting claims to justify interpleader." Indianapolis Colts v. Mayor and City Counsel of Baltimore, 741 F.2d 954, 957 (7th Cir. 1984) (dismissing interpleader action where stakeholder did not have reasonable fear of double liability or vexatious claims) (citing Fonseca v. Regan, 734 F.2d 944 (2d Cir. 1984); Bass v. Federal Savings & Loan Ins. Corp., 698 F.2d 328 (7th Cir. 1983); Dunbar v. United States, *supra*, General Electric Cried Corp. v. Grubbs, 447 F.2d 285 (5th Cir. 1971); rev'd on other grounds, 405 U.S. 699 (1972); Fulton v. Kaiser Steel Corp., 397 F.2d 580 (5th Cir. 1968); Francis I. DuPont & Co. v. O'Keefe, 365 F.2d 141 (7th Cir. 1966); Bierman v. Marcus, 246 F.2d 200 (3d. Cir. 1957); New York Life Insurance Co. v. Lee, 232 F.2d 811 (9th Cir. 1956); John Hancock

Mutual Life Ins. Co. v. Beardslee, 216 F.2d 457 (7th Cir. 1954) and American Fidelity Fire Ins. Co. v. Construcciones Werl, Inc., 407 F.Supp. 164 (D.V.I. 1975)). "These claims must meet a minimal threshold of substantiality and the fear of multiple litigation or liability cannot be groundless." General Accident Group, 593 F.Supp. at 1084.

As a matter of law, "without real fear of vexation and hazard of conflicting claims, an obligor cannot maintain interpleader...that which is advanced as an adverse claim may be so wanting in substance that interpleader under the statute may not be justified...While the stakeholder is not obligated at his peril to determine which claimant has the better claim, he must have some real and reasonable fear of exposure to double liability or the vexation of conflicting claims to justify interpleader." Bierman v. Marcus, 246 F.2d 200, 202 (3d Cir. 1957) (dismissing interpleader action and holding that "what has been done in this suit has been to misuse interpleader, based on mere pretense of adverse claims to a fund, to obtain adjudication of controversies other than entitlement to that fund"); see also American Fidelity Fire Ins. Co., 407 F.Supp. At 173 ("the adverse nature of the competing claims must be sufficiently established") (citations omitted); Washington Elec. Cooperative, Inc. v. Paerson, Walke & Pratt, P.C., 985 F.2d 677 (2d Cir. 1993) (dismissing that portion of interpleader action upon which no colorable claim to funds could be established). "This requirement prevents a stakeholder from withholding funds from a claimant by recognizing a groundless claim." Bass, *supra* at 331. "[T]he existence of rival claims in the principal standard applied by the courts for granting interpleader." J.B.I. Industries, Inc. v. Suchde, Civ. No. 99-12435, 2009 WL 1174997 at *14 (S.D.N.Y., August 17, 2000) (internal citations and quotes omitted).

Fidelity cannot meet this standard because Rothfarb does not have a legitimate claim to the Indii Account. As set forth above, Rothfarb holds no judgment against Indii. This fact is not

in dispute. A restraining notice is only effective against property in which the judgment debtor holds a "direct interest…and not an indirect interest in the proceeds of the property." 9B Carmody-Wait 2d, *New York Practice*, § 64:336 (2010). A judgment creditor may not issue a restraining notice against property belonging to a third party merely by claiming that the third party is an alter ego of the judgment debtor. Such a restraining notice can only be issued after there has been a specific adjudication of the third-party's status as an alter ego. See JSC Foreign Economic Association Technostroyexport v. Int'l. Development & Trade Services, Inc., 295 F.Supp.2d 366, 392-393 (S.D.N.Y. 2003) (vacating restraining notices against entities which judgment creditor alleged was alter ego of judgment debtor). If this were not the case, judgment creditors would be able to make "an end run around the requirements of the prejudgment attachment statutes" which would implicate "significant due process problems." Id. at 393.

Further, the restraining notice issued with respect to the Indii Account is deficient for another reason. As mentioned above, CPLR 5222(c) requires leave of court before a second restraining notice can be served on the same garnishee with respect to the same judgment. Here, Fidelity was served with two restraining notices, one with respect to Caro in July 2010 and one with respect to Indii in August 2010, with respect to the judgment against Caro. Accordingly, notwithstanding the impropriety of the restraint of Indii's funds highlighted above, the second restraining notice was patently improper. See National Bank of New York City v. ESI Group, Inc., 201 A.D.2d 469, 470, 607 N.Y.S.2d 394, 395 (2d Dep't 1994) (vacating restraining notice where served in violation of CPLR 5222(c)).

In addition, Rothfarb did not file any objections to the exemption filed by Indii on September 8, 2010. In such a scenario, CPLR 5222-a(c)(3) mandates that the bank release all restrained funds:

> The banking institution shall release all funds in the judgment debtor's account eight days after the date postmarked on the envelope containing the executed exemption claim form mailed to the banking institution or the date of personal delivery of the executed exemption claim form to the banking institution, and the restraint shall be deemed void, except where the judgment creditor interposes an objection to the exemption within that time.

Because Rothfarb failed to timely object to the exemption claim filed and served by Indii, Fidelity should have lifted the restraint on the Indii Account.

In light of the above, it is clear that the adverse "claim" of Rothfarb is utterly baseless and provides no support for an equitable interpleader action. This is not a case in which Fidelity can throw up its proverbial hands and claim to be an innocent stakeholder that is caught in the crossfire of two competing claimants. There is absolutely no legal basis to attach Indii's funds. Fidelity knows this and has acted in bad faith faith. Indeed, Fidelity restrained the Indii Account long before any restraining notice had even been issued with respect to that account. Rather than admit this mistake, Fidelity is misusing the interpleader device to try to wipe its hands clean of the mess that it created, and Rothfarb is attempting to unfairly capitalize on Fidelity's blunders. Meanwhile, the entirety of Indii's funds in the Fidelity account (which far exceed the amount of the judgment held against Caro) have been improperly attached, thereby crippling Indii's operations. The Court should immediately correct this injustice and dismiss the interpleader action.

Upon dismissal of the interpleader action, the Court should order the release of the funds previously deposited into the registry, with interest thereon, and deliver them forthwith to Indii. When the Court decides that interpleader is improper, it may decree the distribution of the subject property. Truck-A-Tune, Inc. v. Re, 856 F. Supp. 77, 82 n.12 (D. Conn. 1993), aff'd, 23

F.3d 60 (2d Cir. 1994); John Hancock Mutual Life Ins. Co. v. Beardslee, 216 F.2d 457 (7th Cir. 1954), cert. denied, 348 U.S. 964 (1955).

## II.

### FIDELITY DID NOT PROPERLY PLEAD THE CITIZENSHIP OF INDII

The instant action by Fidelity has been brought as a "statutory interpleader" case. As set forth above, statutory interpleader requires the presence of two or more adverse claimants with diversity of citizenship pursuant to the requirements of 28 U.S.C. § 1332. See 6247 Atlas Corp. v. Marine Ins. Co., Ltd., 155 F.R.D. 454, 461 (S.D.N.Y. 1994). In the instant action, there are only two ostensible claimants to Indii's funds--Rothfarb and Indii. Neither of the other named defendants has made any claim with respect to the ownership of the funds, nor has Fidelity alleged anything to the contrary. According to the complaint, Rothfarb is a citizen of the State of New York.

Indii is a Delaware limited liability company. However, "[f]or diversity purposes, an LLC has the citizenship of each of its members." Directv Latin America, LLC v. Park 610, LLC, Civ. No. 08-3987, 2009 WL 692202 *at 5 (S.D.N.Y., March 18, 2009). "The party seeking to invoke jurisdiction under 18 U.S.C § 1132 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." Id. (citing Advanti Enter., Inc. v. Underwriters at Lloyds, 140 F.3d 157, 160 (2d Cir. 1998).

Here, Fidelity has failed to plead the citizenship of all of Indii's members and has instead only pled the citizenship of two of Indii's members. However, Indii has several other members listed as strategic members in Schedule 3 to the Operating Agreement (Exhibit A to the Caro Declaration) who, upon information and belief, may be New York citizens for purposes of

diversity. Fidelity's failure to properly plead the citizenship of Indii mandates the denial of Fidelity's claim and the dismissal of this action.

## CONCLUSION

For the above reasons, the Court should enter an order dismissing this action and ordering Fidelity to immediately release and transfer to Indii the funds currently on deposit with the registry of the Court, plus all accrued interest thereon.

Dated: New York, New York
October 4, 2010

> Respectfully submitted,
>
> THE LAW OFFICE OF SHELDON EISENBERGER
> *Attorneys for Defendants Marshall Caro and Indii.com USE, LLC*
>
> By: *[signature]*
> Sheldon Eisenberger (SE – 2021)
> 30 Broad Street, 27th Floor
> New York, New York 10004
> (212) 422-3843