UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIDELITY BROKERAGE SERVICES LLC<br><br>                Plaintiff,<br><br>   v.<br><br>MARSHALL CARO,<br>WALTER RAQUET,<br>INDII.COM USE, LLC, and<br>BILL ROTHFARB<br><br>                Defendants. | Docket No.: 10-CIV-5893(BSJ)<br>       ECF Case<br><br><br><br><br><br><br>**ORAL ARGUMENT**<br>**REQUESTED** |

**Memorandum of Law in Support of the Motion for**
<u>**Reconsideration of the Court's Order Staying All Proceedings**</u>

By: _/s/ Evan S. Rothfarb_
   Evan S. Rothfarb (ER-9227)
ROTHFARB LAW, PLLC
11 Broadway, Suite 615
New York, NY 10004
(212) 480-1010
evan.rothfarb@rothfarblaw.com
*Attorneys for Defendant Bill Rothfarb*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................. ii

INTRODUCTION ..................................................................................................................................1

FACTUAL AND PROCEDURAL HISTORY .......................................................................................2

STANDARD OF REVIEW .....................................................................................................................7

ARGUMENT ...........................................................................................................................................7

      A.      The October 22, 2010 Stay Order Improperly Enjoins Related State
             Judicial Proceedings in Violation of the Anti-Injunction Act. ................................7

      B.      The October 22, 2010 Order Violates Mr. Rothfarb's Substantive
             Rights Under New York Law to Enforce a New York Judgment .........................10

CONCLUSION......................................................................................................................................14

## TABLE OF AUTHORITIES

**Cases**

*Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938) .............................................................................11

*Fidelity Mortgage Investors v. First Nat'l City Bank*, 387 F.Supp. 544
(S.D.N.Y. 1974) ................................................................................................................................8

*Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415 (1996) ......................................................11

*Hanna v. Plumer*, 380 U.S. 460 (1965) ..........................................................................................11

*Hinds County, Miss., v. Wachovia Bank N.A.*, 700 F. Supp. 2d 378
(S.D.N.Y. 2010) ................................................................................................................................7

*ICD Group, Inc. v. Israel Foreign Trade Co. (USA) Inc.*, 224 A.D.2d 293
(1st Dep't 1996) ........................................................................................................................ 10-11

*Mark E. Mitchell, Inc. v. Charleston Library Society*, 114 F.Supp.2d 259
(S.D.N.Y. 2000) ................................................................................................................................7

*Retirement Systems of Alabama v. J.P. Morgan Chase & Co.*, 386 F.3d
419 (2d Cir. 2004) ...........................................................................................................................13

*Shrader v. CSX Transp.*, 70 F.3d 255 (2d Cir. 1995) .......................................................................7

*Siemens & Halske, Gmbh., v. Gres*, 354 N.Y.S.2d 762 (Sup. Ct., N.Y.
Cnty. 1973) .....................................................................................................................................11

*Sotheby's, Inc. v. Garcia*, 802 F.Supp. 1058 (S.D.N.Y. 1992) ........................................................11

*State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523 (1967) ..........................................................8

*Technology Multi Sources, S.A. v. Stack Global Holdings, Inc.*, 44 A.D.3d
931 (2d Dep't 2007) ........................................................................................................................10

*Virgin Atl. Airways. Ltd. v. National Mediation Bd.*, 956 F.2d 1245 (2d
Cir. 1992) ..........................................................................................................................................7

*Washington Electric Coop., Inc. v. Paterson, Walke & Pratt, P.C.*, 985
F.2d 677 (2d Cir. 1992) ....................................................................................................................8

**Statutes**

28 U.S.C. § 1335 ................................................................................................................................3

28 U.S.C. § 2283 ........................................................................................................................ 1, 7-8

28 U S.C. § 2361 ................................................................................................................ 1, 3, 7-8, 13

Fed.R.Civ.P. 65 ..................................................................................................................................7

Local Civil Rule 6.3 of the Local Rules of the United States District Court
for the Eastern and Southern Districts of New York .......................................................................7

N.Y. C.P.L.R. 5201 ............................................................................................................................9

N.Y. C.P.L.R. 5222 ............................................................................................................................2

N.Y. C.P.L.R. 5222-a .........................................................................................................................2

N.Y. C.P.L.R. 5223 ................................................................................................................... 4, 9-12

N.Y. C.P.L.R. 5224 .........................................................................................................................2, 4

**Secondary Sources**

7 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice
and Procedure* §1717, at 619-20 (2d ed. 1986) ...............................................................................8

4-22 Moore's Federal Practice - Civil § 22.04 ................................................................................8

## I. INTRODUCTION

Defendant Bill Rothfarb hereby submits this memorandum of law in support of his accompanying motion for reconsideration of the Court's order dated October 22, 2010 staying all actions involving the parties in this interpleader proceeding.  On its face, the Court's October 22, 2010 order appears to directly enjoin all state court proceedings involving the parties in this interpleader proceeding.  However, the Court's injunctive authority pursuant to the federal Interpleader Act is limited to enjoining state judicial proceedings affecting the funds at issue in the interpleader.  *See* 28 U.S.C. § 2361.  To the extent that the October 22, 2010 order enjoins related state court proceedings not affecting the interpleaded funds, of which there are several, the order exceeds the scope of the Court's authority under the Interpleader Act and, therefore, violates the federal Anti-Injunction Act, 28 U.S.C. § 2283.  Accordingly, Mr. Rothfarb respectfully requests that the Court clarify that the October 22, 2010 Order does not enjoin other state court proceedings involving the parties.

Additionally, the Court should reconsider and vacate its October 22, 2010 order to the extent it bars Mr. Rothfarb from obtaining disclosure concerning Indii.com USE, LLC's account with plaintiff Fidelity Brokerage Services, LLC in either this federal interpleader proceeding or, alternatively, in pending related state judicial proceedings.  The Court's order significantly prejudices Mr. Rothfarb's substantive rights under New York law as a judgment-creditor of Marshall Caro and unfairly and unnecessarily jeopardizes Mr. Rothfarb's ability to collect upon his judgment.  Accordingly, Mr. Rothfarb respectfully requests that the Court reconsider and vacate its order and permit Mr. Rothfarb to compel discovery from Mr. Caro and third-parties with knowledge of his financial affairs.

## II. FACTUAL AND PROCEDURAL HISTORY

This action arises from judgment enforcement proceedings commenced by Bill Rothfarb in New York State Supreme court to collect upon a Judgment and Order rendered on March 28, 1995 against Marshall Caro in the action *Rothfarb v. Programit, Inc., et al.*, Index No. 19178/87 (N.Y. Sup. Ct., N.Y. Cnty.) (hereinafter, the "Underlying Action"). The judgment was obtained against Mr. Caro and his four alter egos after a fully litigated trial in 1990 and 1991. By virtue of the judgment, Mr. Caro became a judgment-debtor of Mr. Rothfarb for a judgment now exceeding $490,000.00. Mr. Caro has evaded satisfying the judgment since it was rendered.

Although the judgment in New York is final, there are ongoing proceedings in New York and Connecticut (where the New York Judgment and Order was domesticated on March 18, 2010) to enforce and execute upon the judgment. These proceedings seek to discover the location of all of Mr. Caro's assets and institute garnishment processes.

Pursuant to service of an information subpoena pursuant to N.Y. C.P.L.R. 5224 upon Fidelity Brokerage Services LLC ("Fidelity") in July 2010, Mr. Rothfarb learned that Mr. Caro had an interest in account ### -##3272 held at Fidelity (hereinafter, the "Indii.com USE Account"). Shortly thereafter, Mr. Rothfarb discovered that the Indii.com USE Account contained fraudulently conveyed assets. Therefore, Mr. Rothfarb imposed and sought to maintain restraints upon the Indii.com USE Account pursuant to N.Y. C.P.L.R. 5222 and 5222-a. Subsequently, after Fidelity indicated to counsel for Mr. Rothfarb that it had been contacted by Mr. Caro and would remove the restraints upon the account of its own accord, Mr. Rothfarb's counsel communicated to Fidelity that any unauthorized removal of the restraints could result in sanctions pursuant to N.Y. C.P.L.R. 5251.

Facing competing demands regarding the Indii.com USE Account from Mr. Rothfarb, Indii.com USE, LLC and Mr. Caro, Fidelity commenced this federal statutory interpleader action on August 4, 2010. After counsel for Indii.com USE, LLC indicated that it planned to seek to an order directing removal of the restraints upon the Indii.com USE Account in the Supreme Court of New York, Fidelity moved by order to show cause on September 8, 2010 for a temporary restraining order, preliminary injunction and related relief in this action.

In the order to show cause, the court "ORDERED that, sufficient reason having been shown therefor, pending the hearing of Fidelity's application, pursuant to 28 U.S.C. §§ 1335 and 2361 Defendants are temporary restrained and enjoined from instituting or prosecuting any proceeding in any State or United States court affecting the Indii.com [USE] Account until further order of this Court . . . ." (A true, complete and accurate copy of the Order to Show Cause for Preliminary Injunction, Temporary Restraining Order, and Related Relief is attached as Exhibit 1).

After weeks of delays in scheduling a hearing on Fidelity's motion at the behest of Mr. Caro, the Court held a hearing by telephone on October 5, 2010. The subject matter of the hearing included the relief requested in Fidelity's moving papers, the subject matter jurisdiction of the court and the scope of the continuing restraining order as it pertained to post-judgment discovery in this federal interpleader action and in related state proceedings. (A true, complete and accurate transcript of the hearing is attached as Exhibit 2) (hereinafter, "Transcript").

At the telephonic hearing, counsel for Mr. Rothfarb brought to the court's attention that a discovery dispute had developed between Mr. Rothfarb, Mr. Caro, Indii.com USE, LLC and Fidelity as a result of Mr. Rothfarb's efforts to secure post-judgment discovery against Mr. Caro and his companies from Fidelity and from Mr. Caro. Under the auspices of the Underlying

Action in New York, Mr. Rothfarb had sought information about Mr. Caro's financial affairs as a judgment-debtor, including through the issuance of subpoenas duces tecum and information subpoenas to Mr. Caro and Fidelity.  *See* N.Y. C.P.L.R. 5223 and 5224.[1]  However, Fidelity had not yet produced the requested materials to Mr. Rothfarb's counsel.

In attempting to resolve the parties' discovery dispute during the hearing, the court opined on the contours of its injunction.  The court stated that asking Fidelity about the Indii.com USE Account in the Underlying Action in New York "would . . . literally be a violation of the restraining order. . . ."  Transcript, at 31:15-16.  The court indicated it would continue the injunction and that it would "follow the literal terms of the [September 8, 2010] order[.]"  Transcript, at 37:15-16.

The court also indicated that Mr. Rothfarb was "restrained . . . as the order says."  Transcript, at 37:23-24.  Precisely what Mr. Rothfarb was restrained from doing was ambiguous, given that the original September 8, 2010 order enjoined all parties from prosecuting any action whatsoever, including the interpleader action itself.  *See* Exhibit 1.  The court never specifically indicated that discovery concerning the Indii.com USE Account was being prohibited in the interpleader action, which was precisely the remedy that Fidelity had stated it preferred.  Transcript, at 24:17-25:11.

Appearing to refer to the Underlying Action in New York, the court further opined that Mr. Rothfarb could "secede [*sic*] and go after anything, but not this account.  Those are the words of the order. . . .  The interpleader is only talking about the Indii account.  So that's all…."  Transcript, at 38:10-17.

---

[1]   Despite being served with information subpoenas on three separate occasions, including once by counsel personally prior to a hearing on an Order to Show Cause in the Underlying Action, Mr. Caro has never responded to the pending information subpoenas.

4

In context, the court appeared to limit its restraining directive concerning the Indii.com USE Account to the related state proceedings, consistent with a reasonable construction of the court's prior order and the limitations on the court's injunctive power.  After the hearing, both counsel for Mr. Rothfarb and counsel for Fidelity believed that discovery requests concerning the Indii.com USE Account could be served within the interpleader action.  Because both prior to and during the hearing and Fidelity had indicated to counsel for Mr. Rothfarb that it desired to have all discovery requests consolidated in the interpleader proceeding and Fidelity indicated its willingness to cooperate and produce discoverable materials, Mr. Rothfarb withdrew the outstanding New York State discovery requests issued to Fidelity and issued new discovery requests to Fidelity under the authority of the interpleader proceeding.

Mr. Rothfarb believed the dispute was affirmatively resolved at that point, especially after Fidelity indicated to Mr. Rothfarb's counsel that it intended to serve responses to the new discovery requests.  However, on October 21, 2010, counsel for Mr. Caro objected to Fidelity's compliance with the pending discovery requests and threatened to move for sanctions and contempt against Mr. Rothfarb and his counsel unless the requests were withdrawn. (A true, complete and accurate copy of the October 21, 2010 Letter to Evan S. Rothfarb and Michael Shannon from Sheldon Eisenberger is attached as Exhibit 3).

Thereafter, on October 22, 2010, multiple letters were sent to the court.  Counsel for Mr. Rothfarb explained his understanding of the court's directive was to follow the "literal terms of the order" and requested a court conference to clarify the issues with respect to discovery *within the interpleader proceeding itself*. (A true, complete and accurate copy of the October 22, 2010 Letter to Judge Jones from Evan S. Rothfarb is attached as Exhibit 4).

5

Counsel for Mr. Caro and Indii.com USE, LLC also wrote to the court. In his correspondence, he objected to the request for a conference to clarify the court's prior directives and stated the order was clear. (A true, complete and accurate copy of the October 22, 2010 Letter to Judge Jones from Sheldon Eisenberger is attached as Exhibit 5). Counsel for Fidelity also wrote to the court and requested that the court clarify its order and reconcile the conflicting understandings of the parties. (A true, complete and accurate copy of the October 22, 2010 Letter to Judge Jones from Sheldon Eisenberger is attached as Exhibit 6). No party requested a stay of proceedings in either this interpleader action or in related state judicial proceedings involving the parties.

In response to the parties' request for clarification of the court's prior order, by order dated October 22, 2010, the court issued an injunction that stayed all pending state proceedings involving all parties in this action. (A true, complete and accurate copy of the Order of Judge Jones dated October 22, 2010 is attached as Exhibit 7). The order specifically stated as follows:

> In order to clarify the Court's directions to the parties, all actions involving the parties, including the one before this Court, are stayed pending a decision on the issue of subject matter jurisdiction. The parties are directed to do no more than complete briefing regarding Marshall Caro's and Indii.com Use LLC's motion to dismiss the interpleader complaint.

Exhibit 7. There was no opportunity for a hearing, oral argument, briefing or submission of evidence by any of the parties prior to the Court's issuance of the injunction. Nor did the Court's order did not include any findings of fact or conclusions of law to support the injunctive relief awarded.

6

### III. STANDARD OF REVIEW

Pursuant to Local Civil Rule 6.3, a party seeking reconsideration must "set[] forth concisely the matters or controlling decisions which counsel believes the court has overlooked." "Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Hinds County, Miss., v. Wachovia Bank N.A.*, 700 F. Supp. 2d 378, 407 (S.D.N.Y, 2010) (internal citations and quotation marks omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked. . . ." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice[.]'" *Hinds County*, 700 F.Supp.2d at 407 (quoting *Virgin Atl. Airways. Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

### IV. ARGUMENT

**A.     The October 22, 2010 Stay Order Improperly Enjoins Related State Judicial Proceedings in Violation of the Anti-Injunction Act.**

The injunctive relief power available in statutory interpleader actions permits federal courts to enjoin state judicial proceedings to "insure the effectiveness of the interpleader remedy." *See Sotheby's, Inc. v. Garcia*, 802 F.Supp. 1058, 1066 (S.D.N.Y. 1992). The issuance of injunctions in statutory interpleader actions is governed by 28 U S.C. § 2361, which permits the injunctive relief without following the procedures set forth in Federal Rule of Civil Procedure 65. *See id.* at 1066-67. The provision is an exception to the federal Anti-Injunction Act, 28 U.S.C § 2283, as an expressly authorized act of Congress. *Mark E. Mitchell, Inc. v. Charleston Library Society*, 114 F.Supp.2d 259, 261 n.3 (S.D.N.Y. 2000). However, the grant of injunctive

7

authority pursuant to the Interpleader Act is narrow and may only be employed to protect and preserve the interpleaded funds.  *See* 4-22 Moore's Federal Practice - Civil § 22.04 ("It is important to appreciate that the court's power to enjoin other actions is limited to actions against the stake itself.").

In interpleader actions, federal courts may not enjoin related state proceedings where the scope of those state proceedings is more extensive than the fund at issue in the interpleader.  *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 533-34 (1967) (finding that an injunction issued in an interpleader proceeding enjoining state proceedings was improper where the "scope of the litigation, in terms of the parties and claims, was vastly more extensive than the confines of the 'fund[.]'").  Thus, in an interpleader action, "any injunction that is issued only can extend to litigation involving the fund that is the subject matter of the interpleader."  *Washington Electric Coop., Inc. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 680 (2d Cir. 1992) (quoting 7 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* §1717, at 619-20 (2d ed. 1986)).

If the interpleaded funds cannot "be viewed as being placed in jeopardy by" activities in the related state proceeding, the injunction is improper because it "would exceed all reasonable and contemplated bounds foreseeable by the Congress in its promulgation of § 2361."  *Fidelity Mortgage Investors v. First Nat'l City Bank*, 387 F.Supp. 544, 548-49 (S.D.N.Y. 1974).  The interpleader remedy "was never intended to . . . be an all-purpose 'bill of peace.'"  *State Farm Fire & Cas. Co.*, 386 U.S. at 535.  To the extent that an injunction issued in an interpleader proceeding enjoins related state proceedings and exceeds the scope of § 2361, it is specifically barred by the Anti-Injunction Act.  *See* 28 U.S.C § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of

Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.").

On its face, the October 22, 2010 order in this interpleader action exceeds the Court's authority under the interpleader statute.  It stays two related state proceedings that concern the enforcement of a judgment that is not at issue in this interpleader action.  The only subject matter of this interpleader is the funds and assets contained in the Indii.com USE Account.  In the Underlying Action in the Supreme Court of New York, pursuant to Article 52 of the N.Y. C.P.L.R., Mr. Rothfarb has utilized and seeks to continue to utilize post-judgment devices to discover the location of Mr. Caro's assets outside of the Indii.com USE Account and execute upon them, as is his statutory right.  *See* N.Y. C.P.L.R. 5201 and 5223.  Similarly, in the Connecticut action, Mr. Rothfarb seeks to seize Mr. Caro's property located in Connecticut— property not at issue in this interpleader action.  Thus, the subject matter of the related state actions vastly exceeds the scope of the interpleader action, which is limited to determining the ownership of the funds and assets in the Indii.com USE Account.

On its face, the October 22, 2010 order enjoins all state court actions involving the parties pending this Court's determination of its own subject matter jurisdiction.  Unless this order is clarified or amended with a narrowing construction, it is directly at odds with Supreme Court of the United States and the United States Court of Appeals for the Second Circuit authorities limiting the scope of interpleader injunctions.

Accordingly, the court should clarify that the October 22, 2010 order was not intended to stay the related state judicial proceedings, or, to the extent the Court intended to stay such proceedings, the Court should reconsider and amend its order to permit the state court proceedings to continue to the extent that they do not affect the Indii.com USE Account.

**B.     The October 22, 2010 Order Violates Mr. Rothfarb's Substantive Rights Under New York Law to Enforce a New York Judgment.**

Under New York law, a judgment-creditor has a substantive right to compel a judgment-debtor and third-parties to produce information about the judgment-debtor's financial affairs "[a]t any time before a judgment is satisfied . . . ." N.Y. C.P.L.R. 5223. The rights to disclosure created in section 5223 are not merely procedural devices equivalent to discovery under the Federal Rules of Civil Procedure and the present case illustrates why. Mr. Caro has evaded his obligations for 15 years. He is now attempting to use the federal forum to escape the strictures of section 5223 and prevent disclosure of his assets. This case illustrates the maxim that "justice delayed is justice denied." If Mr. Caro is permitted to use this forum to create an opportunity to hide assets, the judgment-creditor's time to enforce the judgment may lapse while Mr. Caro engages in clever procedural maneuvers. This Court should not be made a party to Mr. Caro's ongoing attempts to hide from a judgment.

Article 52 of the New York Civil Practice Law and Rules governs post-judgment remedies and, in part, confers substantive rights to both judgment-creditors and judgment-debtors. As applicable herein, section 5223 provides that "[a]t any time before a judgment is satisfied . . . , [a] judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment . . . . ." N.Y. C.P.L.R. 5223. Pursuant to this provision, "[a] judgment creditor is entitled to discovery from either the judgment debtor or a third party in order to determine whether the judgment debtor concealed any assets or transferred any assets so as to defraud the judgment creditor or improperly prevented the collection of the underlying judgment." *Technology Multi Sources, S.A. v. Stack Global Holdings, Inc.*, 44 A.D.3d 931, 932 (2d Dep't 2007) (internal citation and quotation marks omitted); *see also ICD Group, Inc. v. Israel Foreign Trade Co. (USA) Inc.*, 224 A.D.2d 293, 294 (1st Dep't 1996) (holding that section

5223 "is a generous standard which permits the creditor a broad range of inquiry through either the judgment debtor or any third person with knowledge of the debtor's property[.]").

  As framed by the decisions cited above, the rights of a judgment-creditor under New York law to disclosure are substantive as well as procedural.  In construing the disclosure rights, New York courts have made it clear that the public policy of the state is to aid the judgment-creditor in enforcing his judgment and obtaining disclosure about the judgment-debtor's financial affairs.  *See Siemens & Halske, Gmbh., v. Gres*, 354 N.Y.S.2d 762, 763 (Sup. Ct., N.Y. Cnty. 1973), *aff'd*, 42 A.D.2d 1021 (1st Dep't 1974) ("Clearly, pursuant to CPLR 5223 all matter relevant to the satisfaction of the judgment is discoverable and the public policy is to put no obstacle in the path of one seeking to secure the enforcement of a judgment of a court of competent jurisdiction.") (internal citations and quotation marks omitted).  Thus, New York courts recognize that that the ability to quickly identify and seize assets is critical to collection efforts and the vindication of the rights of a judgment-creditor.

  Under *Erie* principles, when a federal court adjudicates state law claims, including fraudulent conveyance and alter ego theories of liability (which are among the claims to be alleged by Mr. Rothfarb in this action), the court must take cognizance of state laws which afford litigants substantive rights in the action and take steps to avoid the inequitable administration of the laws.  *See Hanna v. Plumer*, 380 U.S. 460, 468 (1965); *see generally Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).  The Supreme Court of the United States has taken specific notice that provisions the New York Civil Practice Law and Rules confer substantive rights that must be respected in federal proceedings.  *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 430-31 (1996).

Section 5223 confers to judgment-creditors a right to the disclosure of judgment-debtors' finances at any time before the judgment is satisfied. Thus, Mr. Rothfarb has a substantive right under New York to compel discovery from Mr. Caro and from third-parties with knowledge of Mr. Caro's finances, whether from businesses associated with Mr. Caro or from financial institutions holding accounts in which it appears he has an interest.

The Court's October 22, 2010 order prevents Mr. Rothfarb from exercising his disclosure rights in this federal action or in any state forum. On its face, the order prevents Mr. Rothfarb from seeking discovery from any party in any forum. As a result of this court's injunction, Mr. Rothfarb's rights are being significantly prejudiced.

The prejudice which is inuring to Mr. Rothfarb is not merely a matter of a small delay while this court determines its subject matter jurisdiction over this action. Mr. Rothfarb has sought to enforce his judgment for 15 years, but has been unable to do so. As result of Mr. Caro's expertise at hiding assets, Mr. Rothfarb has had to wait more 23 years to recover unpaid sales commissions of which he was wrongfully deprived (the Underlying Action began in 1987). It only recently became apparent that Mr. Caro might have sufficient discoverable assets to execute upon the judgment.

The stay of discovery affords Mr. Caro and the companies he controls an unfair opportunity to spend, disperse and hide assets which may rightfully belong to Mr. Rothfarb. Mr. Rothfarb's fear of Mr. Caro's actions is well-supported by Mr. Caro's conduct for over 20 years. Mr. Caro has not paid a single dime towards the satisfaction of the judgment and Mr. Caro has a documented history of abusing the corporate form for his personal ends. Additionally, it appears that Mr. Caro has deposited personal money in the Indii.com USE Account in an effort to

disguise his assets after learning that Mr. Rothfarb intended to execute upon his judgment earlier this year.

Mr. Caro is also currently involved in probate litigation in Connecticut which includes allegations that he has unlawfully sought to enlarge his intestate share through false business entities and that he has improperly withdrawn and hidden assets of his late wife. Thus, the discovery sought from Fidelity regarding Mr. Caro's accounts, including, but not limited to the Indii.com USE Account, is critical information for Mr. Rothfarb so that he can determine where Mr. Caro has located, diverted or disguised funds. This information will include withdrawals as well as deposits.

Furthermore, the October 22, 2010 order enjoining Mr. Rothfarb from seeking discovery concerning Mr. Caro's financial affairs was issued without a hearing and without the court making any findings of fact or conclusions of law. The Court in the within interpleader action never determined that the suspension of Mr. Rothfarb's rights was necessary or appropriate under the circumstances of the interpleader or that the exercise of Mr. Rothfarb's disclosure rights would somehow affect the interpleader within the meaning § 2361.

Moreover, the court in this matter is now questioning its own subject matter jurisdiction. If subject matter jurisdiction is lacking, the court should err on the side of deference to state proceedings. Following guidance from the Supreme Court of the United States, the United States Court of Appeals for the Second Circuit has advised that doubts about the permissibility of an injunction, particularly if the injunction may run afoul of the Anti-Injunction Act, should be resolved "in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Retirement Systems of Alabama v. J.P. Morgan Chase & Co.*, 386 F.3d 419, 430 (2d Cir. 2004) (internal quotations and citations omitted).

Accordingly, the Court must reconsider and vacate its October 22, 2010 order to the extent it prevents Mr. Rothfarb from compelling discovery from Mr. Caro and third-parties with knowledge of his financial affairs, including Fidelity, and permit Mr. Rothfarb to obtain discovery concerning the Indii.com USE Account in this interpleader proceeding, or, alternatively, in related state judicial proceedings.

## V. CONCLUSION

For the reasons stated herein, defendant Bill Rothfarb respectfully requests that this court reconsider and clarify its order staying all related state proceedings involving the parties herein, and reconsider and vacate its order so as to allow Mr. Rothfarb to compel discovery from Mr. Caro and third-parties with knowledge of his financial affairs, including Fidelity, in this interpleader proceeding or, alternatively, in related state proceedings.

Dated:  New York, NY
        November 5, 2010

By: _____
    Evan S. Rothfarb (ER-9227)
    ROTHFARB LAW, PLLC
    11 Broadway, Suite 615
    New York, NY 10004
    (212) 480-1010
    evan.rothfarb@rothfarblaw.com
    *Attorneys for Defendant Bill Rothfarb*

14