**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

FIDELITY BROKERAGE SERVICES LLC,

        Plaintiff,

    v.

MARSHALL CARO, WALTER RAQUET,
INDII.COM USE LLC, AND BILL ROTHFARB,

        Defendants.

10 CIV 5893   (BSJ)

---

**MEMORANDUM OF LAW OF PLAINTIFF FIDELITY BROKERAGE SERVICES LLC**
**IN FURTHER SUPPORT OF ITS MOTION FOR INTERPLEADER AND RELATED**
**RELIEF AND IN OPPOSITION TO DEFENDANTS MARSHALL CARO AND**
**INDII.COM USE LLC'S MOTION TO DISMISS**

THOMPSON HINE LLP
335 Madison Avenue
New York, New York 10017
Telephone: (212) 344-5680
*Counsel for Plaintiff*
*Fidelity Brokerage Services LLC*

*Of Counsel:*

    Michael G. Shannon
    Michael D. Hoenig

**Table of Contents**

**Page**

PRELIMINARY STATEMENT ............................................................................... 1

FACTS .................................................................................................................... 1

ARGUMENT .......................................................................................................... 4

POINT I
Interpleader Is Appropriate Here ......................................................................... 4

POINT II
This Court Has Subject Matter Jurisdiction Based On
The Minimal Diversity Of The Adverse Claimants ............................................. 6

    (A)    28 U.S.C. § 1335 Requires Only Minimal Diversity ................................ 7

    (B)    There Are Two Or More Adverse Claimants Of Diverse Citizenship In This Case .. 9

        1.    Raquet Is An Adverse Claimant ................................................. 9

        2.    Caro Is An Adverse Claimant .................................................. 10

        3.    Indii.com Is An Adverse Claimant ........................................... 11

    (C)    Complete Diversity For Rule Interpleader Also Exists ........................... 15

POINT III
Fidelity Has Alleged And Shown A Real And Reasonable Fear of
Multiple Liability And Vexatious, Conflicting Claims Against The Indii Account .................... 16

    (A)    The Complaint Sufficiently Alleges A Claim For Interpleader ............... 16

    (B)    Fidelity's Motion For Interpleader Should Be Granted ........................... 17

CONCLUSION...................................................................................................... 21

## <u>Table of Authorities</u>

## CASES

<u>Advanti Enterprise, Inc. v. Underwriters at Lloyds</u>, 140 F.3d 157 (2d Cir. 1998)........................12

<u>Ashton v. Paul</u>, 918 F.2d 1065 (2d Cir. 1990)...............................................................5

<u>Avant Petroleum, Inc. v. Banque Paribas</u>, 853 F.2d 140 (2d Cir. 1988) ...............................6, 8, 12

<u>Bankers Trust Co. of Western New York v. Crawford</u>, 559 F. Supp. 1359 (W.D.N.Y. 1983) ........................................................................................18

<u>Bass v. Federal Savings & Loan Insurance Corp.</u>, 698 F.2d 328 (7th Cir. 1983) ........................18

<u>Citigroup Global Markets, Inc. v. KLCC Investments, LLC</u>, No. 06-CV-5466, 2007 WL 102128 (S.D.N.Y. Jan. 11, 2007)...............................................................5, 12, 19

<u>Directv Latin America, LLC v. Park 610 LLC</u>, Civ. No. 08-3987, 2009 WL 692202 (S.D.N.Y. Mar. 18, 2009) .....................................................................12

<u>Dunbar v. United States</u>, 502 F.2d 506 (5th Cir. 1974)................................................18

<u>Fidelity Brokerage Services, LLC v. Bank of China</u>, 192 F. Supp. 2d 173 (S.D.N.Y. 2002)......................................................................5, 6, 18, 19, 20

<u>Fulton v. Kaiser Steel Corp.</u>, 397 F.2d 580 (5th Cir. 1968) ........................................18

<u>Harris v. Mills</u>, 572 F.3d 66 (2d Cir. 2000) ......................................................16

<u>Hudson Park Establishment v. Shelter For The Homeless, Inc.</u>, 224  Fed. Appx. 26 (2d. Cir. 2007).........................................................................7

<u>Indem. Ins. Co. N.Am. v.Romagnoli</u>, No. 02-CV-3073, 2002 U.S. Dist. LEXIS 8095 (S.D.N.Y May 7, 2002)...................................................................8, 10, 11

<u>Indianapolis Colts v. Mayor and City Counsel of Baltimore</u>, 741 F.2d 954 (7th Cir. 1984) ........18

<u>Locals 40, 361 & 417 Pension Fund v. McInerney</u>, No. 06-CV-5224, 2007 U.S. Dist. LEXIS 1974 (S.D.N.Y Jan. 9, 2007) ...............................................5, 6, 8, 18, 19

<u>McDowall v.  Metropolitan Correctional Ctr.</u>, No. 08-CV-8329, 2010 U.S. Dist. LEXIS 15469 (S.D.N.Y. Feb. 22, 2010) .....................................................................6

<u>Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Clemente</u>, No. 98-CV-1756, 2001 U.S. Dist. LEXIS 25 (S.D.N.Y. Jan. 4, 2001)...............................................................18, 21

New York Life Ins. Co v. Lee, 232 F.2d 811 (9th Cir. 1956) ........................................................21

Payless Shoesource, Inc. v. Avalon Funding Corp.,
    66 F. Supp. 2d 356 (E.D.N.Y. 2009) ..........................................................................8, 16, 17

Rubinbaum LLP v. Related Corp. Partners V, L.P.,
    154 F. Supp. 2d 481 (S.D.N.Y. 2001).................................................................7, 8, 9, 10, 11

State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523 (1967) ...............................................7, 8

T.D. Bank, N.A. v. JP Morgan Chase Bank, N.A., No 10-CV-2843, 2010 U.S. Dist.
    LEXIS 85244 (E.D.N.Y. Aug. 19, 2010)..............................................................6, 7, 18, 19, 21

Travelers Insurance Co v. Estate of Garcia, No. 00-CV-2130,
    2003 U.S. Dist. LEXIS 2828 (E.D.N.Y. Feb. 4, 2003).............................................................21

Truck-A-Tune, Inc. v. Re, 23 F.3d 60 (2d Cir. 1994).....................................................................15

Wachovia Bank, N.A. v. Anderson Construction, LLC, No. AW-08-3088, 2009 U.S.
    Dist. LEXIS 121194 (D. Md. Dec. 30, 2009) ..........................................................................9

Washington Electric Cooperative v. Paterson, Walke & Pratt, P.C., 985 F.2d 677 (2d Cir.
    1993) ...........................................................................................................................5, 18, 19

William Penn Life Insurance Co. of New York v. Viscuso, 569 F. Supp. 2d 355
    (S.D.N.Y. 2008) .........................................................................................................5, 6, 19, 21

## STATUTES

28 U.S.C. § 1332.........................................................................................................................4, 15

28 U.S.C. § 1335.....................................................................................................................*passim*

28 U.S.C. § 2361.............................................................................................................................1

## RULES

Fed. R. Civ. P. 12(b) (1)...................................................................................................................6

Fed. R. Civ. P. Rule 12(b)(6) ...................................................................................................16, 17

Fed. R. Civ. P. 22...........................................................................................................................15

## OTHER

7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and
    Procedure (3d ed. 2001).............................................................................................................19

## PRELIMINARY STATEMENT

Fidelity Brokerage Services LLC ("Fidelity") filed this statutory interpleader action because Fidelity held funds in an account (the "Indii Account") and faced multiple and conflicting claims against the funds by defendants Marshall Caro ("Caro"), Walter Raquet ("Raquet"), Indii.com USE LLC ("Indii.com" and, collectively with Caro, the "Caro Defendants"), and Bill Rothfarb ("Rothfarb"). Fidelity itself has no claim to the Indii Account and moved pursuant to 28 U.S.C. §§ 1335 and 2361 for an Order granting Fidelity's request for interpleader, dismissing Fidelity from this action, discharging Fidelity from further liability, awarding Fidelity its attorneys' fees and costs, and permanently enjoining the defendants from instituting or prosecuting any action against Fidelity with regard to the Indii Account. Pursuant to the Court's Order of September 8, 2010, Fidelity deposited the funds of the Indii Account ($774,140.37) into the Registry of the Court.

Because Fidelity meets the requirements of interpleader pursuant to 28 U.S.C. § 1335, this Court should grant Fidelity's motion. As discussed below, the Caro Defendants' assertions that there are not legitimate competing claims to the funds and that the Court lacks subject matter jurisdiction are both without merit. Caro Defendants' motion to dismiss the Complaint should be denied.

## FACTS

As more fully shown in the exhibits to Fidelity's motion, Fidelity filed this interpleader because it was caught in the crosshairs of a very contentious dispute over the funds held in the Indii Account.

Behind this dispute is a long-running battle primarily between Caro and Rothfarb. In 1995, Rothfarb obtained a New York State Court judgment against Caro on a case Rothfarb filed in 1987. That judgment, in the face amount of $204,018.23, is now alleged to be in excess of

$486,000.00 and remains unsatisfied.  Now, fifteen years after the judgment was entered, Rothfarb is vigorously pursuing multi-jurisdictional collection efforts; efforts which are opposed just as vigorously by Caro.  What prompted this interpleader was the conflicting demands and multiple claims and threats of claims upon Fidelity for the contents of the Indii Account.

Those claims, and threats of claims, have been expressed in a number of ways:

- In July 2010, Fidelity received an Information Subpoena and Restraining Notice from Rothfarb which restrained Fidelity from releasing any property in which *Caro had an interest*.  (Exhibit A to the Jeri Aff.[1]).

- On August 2, 2010, Fidelity received a notice from Rothfarb that unless Fidelity confirmed that it would continue to restrain the Indii Account as included within the Restraining Notice, Rothfarb would seek to hold Fidelity in contempt and also seek sanctions for disobedience of the Restraint.  (Exhibit D to the Jeri Aff.).

- The August 2, 2010, notification also alleged that "all deposits made by Mr. Caro into the [Indii Account] were fraudulent conveyances as to Mr. Rothfarb" and that the Indii Account was a "subterfuge" of Caro. Id.

- On the next day, Indii.com and Caro objected to Fidelity's restraint on the Indii Account. (Exhibits E and F to the Jeri Aff.).

---

[1] The "Jeri Aff." refers to the affidavit of Christian Jeri, an employee of Fidelity, sworn to on August 20, 2010.  A copy of the Jeri Aff. is annexed as Exhibit 1 to the affidavit of Michael G. Shannon ("Shannon Aff.") in Support of Fidelity's Motion for Preliminary Injunction, Temporary Restraining Order, and Related Relief sworn to on September 7, 2010, and submitted with Fidelity's motion brought by Order to Show Cause on September 8, 2010.

- Fidelity was the subject of Rothfarb's motion for contempt and for an injunction with respect to the Indii Account and was restrained by a Temporary Restraining Order ("TRO") encompassing all accounts *"in which it appears [Caro] has an interest, including, but not limited to the ... [Indii Account]."* (Exhibit G to the Jeri Aff.).

- After Fidelity was subject to the state court TRO and while it was still extant, Indii.com and Caro's counsel demanded that Fidelity nonetheless release the Indii Account. (Exhibit 2 to the Shannon Aff.).

- On August 26, 2010, in the New York Supreme Court proceeding and at that Court's direction, Rothfarb served Fidelity with a new Restraining Notice specifically listing the Indii Account. (Exhibit 5 to the Shannon Aff.; NY Trans.[2] 11:13-17).

- On August 29, 2010, counsel for Indii.com and Caro nonetheless again demanded that Fidelity release the funds in the Indii Account. (Exhibit 6 to the Shannon Aff.).

Fidelity takes no position on the ultimate merit of Rothfarb's contentions regarding his entitlement to collect out of the Indii Account, and it is not Fidelity's place to determine their merit. (See pp. 17-9 below).

---

[2] "NY Trans." refers to the transcript of the August 26, 2010 hearing, held before Hon. Judith Gische, Justice of the New York State Supreme Court, New York County, in *Rothfarb v. Programit, Inc. et. al.*, Index No. 019178/87. A copy of this transcript is annexed as Exhibit 1 to the affidavit of Michael G. Shannon in further support of Fidelity's Motion for Interpleader and related relief and in opposition to Caro Defendants' Motion to Dismiss ("Shannon Opp. Aff.").

## ARGUMENT

### FIDELITY'S MOTION FOR INTERPLEADER AND RELATED RELIEF SHOULD BE GRANTED AND THE CARO DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED

### POINT I

### Interpleader Is Appropriate Here

This is a classic case of interpleader. Fidelity is a pure stakeholder and has no interest in the funds in the Indii Account which Fidelity has now deposited in the Court's Registry. Fidelity was besieged with competing claims to the funds of the Indii Account including phone calls, letters, restraining notices, subpoenas, a TRO, motions and even an application to hold Fidelity in contempt if Fidelity did not give in to the demands of Rothfarb, Caro or Indii.com. Fidelity is also aware that Indii.com's other member(s) such as Raquet may claim or have entitlement to some or all of the Indii Account as well.

It is for situations just like this that interpleader exists. The interpleader statute, 28 U.S.C. § 1335, provides in pertinent part:

(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more ... if

(1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property ... and if (2) the plaintiff has deposited such money or property ... into the registry of the court, there to abide the judgment of the court[.]

4

Interpleader is designed to protect a stakeholder from undue harassment in the face of multiple claims against the same fund and to relieve the stakeholder of the burden of determining the merits of the competing claims. Locals 40, 361 & 417 Pension Fund v. McInerney, No. 06-CV-5224, 2007 U.S. Dist. LEXIS 1974, at *8-9 (S.D.N.Y Jan. 9, 2007); Fidelity Brokerage Services, LLC v. Bank of China, 192 F. Supp. 2d 173, 177 (S.D.N.Y. 2002); Washington Elec. Coop. v. Paterson, Walke & Pratt, P.C., 985 F.2d 677, 679 (2d Cir. 1993) ("[r]ooted in equity, interpleader is a handy tool to protect a stakeholder from multiple liability and the vexation of defending multiple claims to the same fund."). Because the interpleader statute is remedial, it should be liberally construed. Ashton v. Paul, 918 F.2d 1065, 1069 (2d Cir. 1990); William Penn Life Ins. Co. of New York v. Viscuso, 569 F. Supp. 2d 355, 359 (S.D.N.Y. 2008) incorporated by 663 F. Supp. 2d. 353 (S.D.N.Y. 2009); Citigroup Global Mkts., Inc. v. KLCC Invs., LLC, No 06-CV-5466, 2007 U.S. Dist. LEXIS 2709, at *7 (S.D.N.Y. Jan. 11, 2007).

Although the Caro Defendants vehemently protest (albeit, in conclusory form) that Rothfarb cannot go after the Indii Account because it is supposedly Indii.com's funds and not Caro's, Rothfarb just as vehemently argues the contrary. Rothfarb claims, among other things, that Caro does have an "interest" in the Indii Account and that, in fact, it is Caro's fraudulently transferred funds which comprise the Indii Account. But, assuredly, Fidelity should not be the arbiter of those differences. Indeed, this case is not yet even at the stage for the Court to determine which claimant (or potential claimant) should win. This case is at the first stage of interpleader where the sole issue is whether Fidelity is entitled to interpleader. If interpleader is granted, then at the second stage the Court can decide the rights of the competing claimants to the Indii Account. See Avant Petroleum, Inc. v. Banque Paribas, 853 F.2d 140, 143 (2d Cir. 1988); T.D. Bank, N.A. v. JP Morgan Chase Bank, N.A., No 10-CV-2843, 2010 U.S. Dist.

5

LEXIS 85244, at *8 (E.D.N.Y. Aug. 19, 2010);  William Penn Life Ins. Co., 569 F. Supp. 2d at

359;  Locals 40, 361 & 417 Pension Fund, 2007 U.S. Dist. LEXIS at *9;  Fidelity Brokerage

Services, LLC, 192 F.Supp. 2d at 178 ("in bringing this interpleader action, Fidelity was not

required to analyze the merits of each party's claims").

　　　All elements are present to grant interpleader.  There is no dispute that Fidelity is simply

a disinterested stakeholder of the Indii Account and that the Indii Account has a value greater

than $500.00 (and greater than $75,000.00).  Fidelity deposited the funds of the Indii Account

into the registry of the Court.  As shown in the points which follow, the objections of the Caro

Defendants are without merit.

<h2 style="text-align:center">POINT II</h2>

<h3 style="text-align:center">This Court Has Subject Matter Jurisdiction Based<br>On The Minimal Diversity Of The Adverse Claimants</h3>

　　　In deciding a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R.

Civ. P. 12(b) (1), a court must accept as true all material factual allegations in the complaint and

refrain from drawing inferences in favor of the party contesting jurisdiction.  McDowall v.

Metropolitan Corr. Ctr., No. 08-CV-8329, 2010 U.S. Dist. LEXIS 15469 (S.D.N.Y. Feb. 22,

2010).  Here, Fidelity has alleged the requisite diversity of the defendants and the facts

substantiate those allegations.

　　　Against this, the Caro Defendants first argue that this Court lacks subject matter

jurisdiction because there are not at least two adverse claimants of diverse citizenship and they

base their position entirely on the assertion that Indii.com, a limited liability corporation

("LLC"), is the only claimant adverse to Rothfarb.  Then they argue that some members of

Indii.com "may" be citizens of New York - the state in which Rothfarb resides.  But the Caro

Defendants' motion is misguided.  Raquet and Caro also have (or may have) claims to the Indii

6

Account that are adverse to the claim of Rothfarb, and they are indisputably of diverse citizenship. Also, the Caro Defendants' assertion that Indii.com is a New York resident and thus not diverse from Rothfarb is not substantiated. Indii.com itself (incorporated in Delaware with its principal office in Connecticut) is not a New York resident and, if its members' citizenship is to be considered, none have been shown to be New York citizens.

**(A)      28 U.S.C. § 1335 Requires Only Minimal Diversity**

A federal district court has jurisdiction over an interpleader action where there are "[t]wo or more adverse claimants, of diverse citizenship." 28 U.S.C. § 1335. Statutory interpleader requires only "'minimal diversity,' that is diversity of citizenship between two or more claimants without regard to the circumstance that other rival claimants may be co-citizens." State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523, 530 (1967) ("[t]he language of the statute, the legislative purpose broadly to remedy the problems posed by multiple claimants to a single fund, and the consistent judicial interpretation tacitly accepted by Congress, persuade us that the statute requires no more."); Hudson Park Establishment v. Shelter For The Homeless, Inc., 224 Fed. Appx. 26, 29 (2d. Cir. 2007) (looking to diversity at the time of filing of the Complaint and affirming District Court's denial of defendant's motion to dismiss for lack of subject matter jurisdiction).

Furthermore, one must look to not only those who have asserted adverse claims but also to those who *may* do so as the courts have uniformly held that "claimants" include individuals with potential claims because the text of 28 U.S.C. § 1335 includes those who "may claim" the stake. Rubinbaum LLP v. Related Corp. Partners V, L.P., 154 F. Supp. 2d 481, 486 (S.D.N.Y. 2001) quoting State Farm Fire & Casualty Co., 386 U.S. at 531-33 ("[t]he purpose of a statutory interpleader action is to avoid the problem of multiple, conflicting claims to a single fund by forcing all 'claimants' to resolve their claims in one action"); Avant Petroleum, Inc., 853 F.2d

7

140, 143 ("or may claim" phrase encompasses persons who have not yet actually asserted claims and those whose claims are not yet liquidated).

Thus, statutory interpleader is not limited to cases where there are actual competing claims but allows parties facing multiple claims for a single sum of money the right to name as defendants *all parties who may have a claim* to the stake. <u>Payless Shoesource, Inc. v. Avalon Funding Corp.</u>, 666 F. Supp. 2d 356, 359 (E.D.N.Y. 2009) (denying defendant's motion to dismiss where, taking plaintiff's allegations as true, the court found that the plaintiff properly stated a claim for interpleader); <u>Rubinbaum</u>, 154 F. Supp. 2d at 486 citing <u>State Farm Fire & Casualty Co.</u>, 386 U.S. at 531-33.[3]

Consequently, even a defendant's denial that it has a claim to the stake is not dispositive for purposes of determining whether the defendant is a "claimant" or potential claimant. <u>See</u> <u>Romagnoli</u>, 2002 U.S. Dist. LEXIS 8095; <u>Rubinbaum</u>, 154 F. Supp. 2d 481. In <u>Rubinbaum</u>, the plaintiff escrow agent filed an interpleader action to determine the rightful owner of escrow funds and named as defendants a real estate development company and its two officers, and an investor in the company's project. <u>Id</u>. The two officers of the development company moved to dismiss the action against them asserting that they were not "claimants" because they had no claim to the fund at issue as they were not parties to an escrow agreement between the development company and the investor. <u>Id</u>. The court held that the two officers were claimants because, despite their disclaimers, they *may* be entitled to a portion of the escrow fund by virtue

---

[3] For instance, in <u>Indem. Ins. Co. of N. Am. v. Romagnoli</u>, the defendants argued that the court lacked subject matter jurisdiction because one of the defendants (required for diversity) was not truly a "claimant" to the stake because that defendant's claim could be satisfied from a different insurance policy in a related proceeding. No. 02-CV-3073, 2002 U.S. Dist. LEXIS 8095 (S.D.N.Y. 2002). The court found that the defendant was a "claimant" because he still might have a claim to the stake. <u>Id</u>. at *1. The Court reasoned that there was a possibility that the defendant would not be satisfied in the related proceeding and that there were other possible legal scenarios that might entitle the defendant to the stake. <u>Id</u>. Similarly, in <u>Locals 40</u>, <u>supra</u>, the court found that interpleader was proper with respect to the potential conflicting claims of two beneficiaries to pension benefits, even though one of the potential beneficiaries had already withdrawn her previously filed action and had not even responded to the interpleader complaint, because it was still reasonable for the plaintiff to fear the possible assertion of her competing claim.

of a development fee agreement with the development company and denied their motion to

dismiss. Id. The Court went on to state that the officers also had a direct interest in assuring that

the escrow fund was paid to their company and not paid to the investor. Id.[4]

**(B)    There Are Two Or More Adverse Claimants Of Diverse Citizenship In This Case**

In the present case, there is no dispute that Rothfarb is a citizen of New York and claims

an interest to the Indii Account. There is also no dispute that Raquet is a citizen of Florida and

Caro is a citizen of Connecticut. Thus, minimal diversity exists so long as *either* Raquet or Caro

is a "claimant" pursuant to 28 U.S.C. § 1335. As demonstrated below, both Raquet and Caro

claim or may claim an interest in the Indii Account and therefore are "claimants."

**1.    Raquet Is An Adverse Claimant**

There is no dispute that Raquet is a citizen of Florida and may claim an interest in the

Indii Account. Raquet admitted that he resides in Palm Beach, Florida and that he "has or may

have an interest in the Indii.com Account." (Complaint ¶ 7; Raquet Answer ¶ 7). Raquet's

counsel also stated that Raquet has a "conditional claim" and that "[i]f we got to the point where

the Court was going to order a distribution from the fund, then we were going to make a claim to

it[.]" (Trans.[5] 11:19-22). Raquet's "potential" claim is sufficient to make him a "claimant" for

purposes of this interpleader action because courts have uniformly held that "claimants" include

individuals with potential claims. See Rubinbaum, 154 F. Supp. 2d at 486. Indeed, Raquet's

position is similar to the defendant in Romagnoli where the defendant was a "claimant" even

though his claim was contingent on an adjudication of other claims. Also, as in Rubinbaum,

---

[4] Similarly, shareholders of corporations and officers of companies have been treated as adverse "claimants" where the individuals may have been entitled to the stake even though the stake seemingly belonged to the entity. See e.g. Wachovia Bank, N.A. v. Anderson Constr., LLC, No. AW-08-3088, 2009 U.S. Dist. LEXIS 121194 (D. Md. Dec. 30, 2009) (plaintiff named as defendants a limited liability company and its members who claimed an interest in the stake by virtue of their membership agreement even where all members *conceded* that the stake belonged to the company); Rubinbaum, 154 F. Supp. 2d 481.

[5] "Trans." refers to the transcript of the October 5, 2010 telephonic hearing, held before Hon. Barbara S. Jones, District Judge, in this case, a copy of which is annexed to the Shannon Opp. Aff. as Exhibit 2.

Raquet is a claimant by virtue of his status as a member of Indii.com because Raquet is entitled to profits of Indii.com and has a direct interest in ensuring that the Indii Account is returned to Indii.com. Therefore, Raquet is an adverse "claimant" of diverse citizenship to Rothfarb and the requirement of minimal diversity is satisfied.

### 2. Caro Is An Adverse Claimant

Caro is a "claimant" because it appears that nearly all of the funds in the Indii Account were transferred from Caro's personal Fidelity account immediately after the Indii Account was created in February 2010. (See Shannon Opp. Aff. ¶ 4.).

Caro is also a "Claimant" by virtue of his status as a member of Indii.com because Caro is entitled to profits of Indii.com and has a direct interest in ensuring that the Indii Account is returned to Indii.com. See Rubinbaum, 154 F. Supp. 2d 481.

Caro is also a "claimant" by virtue of Rothfarb's fraudulent conveyance claim. [6] Caro's position, the timing of the Indii Account's establishment, and Caro's immediate transfer of his personal funds into the Indii Account indicate that Caro is the dominant claimant adverse to Rothfarb. Indeed, it is the dispute between Rothfarb and Caro that is the real underlying dispute here. (Trans. 23:10-11 "MR. EISENBERGER: … it is going to boil down to how much Mr. Caro owes Mr. Rothfarb, and that's what's really the underlying dispute"). For all of the supposed corporate particulars and the Caro Defendants' arguments about anonymous passive investors being "strategic" members, the hard facts show that when Caro opened the Indii Account he moved nearly all of the funds in his personal account into it with no indication that he received anything in return. (Shannon Opp. Aff. ¶¶ 4-5).

---

[6] Of course, at this stage in the interpleader the issue is not whether Caro temporarily put his money in the Indii Account to defeat Rothfarb's collection efforts with a plan to claim it back when the dust settles; that issue is for stage two of the interpleader. At this point, what matters is the fact that there are asserted and potential claims and allegations.

While Caro states that he is not a "claimant," he has avoided explicitly waiving his interest in Indii and the Indii Account. Thus, Caro's present attempt to distance himself from the Indii Account – although he is its sole signatory, appears to hold a majority interest in Indii.com, and transferred his personal assets into it – is hardly dispositive of whether he is a "claimant." See Romagnoli, 2002 U.S. Dist. LEXIS 8095; Rubinbaum, 154 F. Supp. 2d 481.

It is hard to accept Caro's "denial" of a claim to the Indii Account when he appears to have funded it and when Caro, of course, speaks and acts alone for both Indii.com and for himself. Thus, regardless of the title of the Indii Account, the more important question is who has a claim to its funds. Since Caro put his own funds in the Indii Account it would seem that Caro has a potential claim for their return to him.

Further, Caro Defendants' argument that neither Caro nor Raquet "has made any claim with respect to the ownership of the" Indii Account (Caro Defendants Memo p. 11) is also of no consequence because "claimants" include individuals with potential claims and "a potential claimant need not have filed an actual claim." Rubinbaum , 154 F. Supp. 2d at 486. Therefore, Caro is an adverse "claimant" of diverse citizenship to Rothfarb and the requirement of minimal diversity is satisfied. To consider Caro not adverse with respect to the claim for his money which he moved into the Indii Account he controlled is to put form over substance.

3.    **Indii.com Is An Adverse Claimant**

While there is no dispute that Indii.com claims an interest to the Indii Account, the Caro Defendants assert that Fidelity has not sufficiently plead the citizenship of Indii.com. First, Fidelity did plead Indii.com's citizenship by alleging its state of incorporation (Delaware) and principal place of business (Connecticut) (Complaint ¶ 8) which, some courts have held, establishes a limited liability company's citizenship for purposes of meeting the minimal

11

diversity requirement of statutory interpleader.  See Citigroup Global Markets, Inc. v. KLCC Investments, LLC, No. 06-CV-5466, 2007 WL 102128, at *6 fn 4 (S.D.N.Y. Jan. 11, 2007).

The Caro Defendants cite Directv Latin America, LLC v. Park 610 LLC, Civ. No. 08-3987, 2009 WL 692202 (S.D.N.Y. Mar. 18, 2009) and Advanti Enter., Inc. v. Underwriters at Lloyds, 140 F.3d 157 (2d Cir. 1998) for the proposition that the citizenship of all members of an LLC must be considered for purposes of diversity.  However, Advanti involved unincorporated associations which "do not have legal identities separate from their members" and the Court expressly declined to determine if the citizenship of all members was to be considered for diversity purposes.  While Directv did look to the citizenship of the members of an LLC, it was a *derivative* action and one in which complete diversity was required.  Thus, neither Directv nor Avanti provides reason to impose a different requirement than that applied in Citigroup Global Markets, supra, an interpleader case in which the Court looked only to the LLC's place of incorporation and principal place of business for its citizenship.  Indeed, when advised of the Citigroup Global Markets decision during the October 5, 2010 telephone conference, counsel for the Caro Defendants asserted that he "believe[d] [the case dealt] with a corporation and not with an LLC." (Trans. 10:5-6).  But counsel was wrong then and now, presumably having read the case, has just chosen to ignore it.

Second, assuming that for diversity purposes in an interpleader action a limited liability company's citizenship is based on the citizenship of its "members," Fidelity also plead the diverse citizenship of Indii.com's two members:  Caro (Connecticut) and Raquet (Florida). (Complaint ¶¶ 6, 7).

That should be the end of the issue since the Caro Defendants make no factual showing of who Indii.com's alleged other members are and, instead, merely point to "Schedule 3" of

Indii.com's Operating Agreement[7] which lists entities which *may* become "strategic members" or "Class A members."[8]  Caro claims "[s]everal of the strategic members listed in Schedule 3 later signed documents confirming their membership" (Caro Decl. ¶ 5), but Caro presents no such documents as evidence.  Beyond that, by its terms, the Operating Agreement conditions such membership on a contribution of capital and there is no showing that this was done either.[9]

Thus, while the Caro Defendants seek dismissal on the grounds that Indii.com as an LLC has members which are New York citizens, their papers simply do not substantiate their allegation, much less establish that there were any New York members when the interpleader Complaint was filed.  Caro, who attests to being a member and an officer of Indii.com (and who appears to be its President and is the sole signatory on the Indii Account), never actually attests that there are or were *any* New York resident members.  Instead, he attests that when Indii.com was founded he and Raquet were the only two members and that the "Indii.com operating agreement specifically *contemplated* the *future* admission of other strategic members, who were listed in Schedule 3 of the operating agreement."  (Caro Decl. ¶ 5).  Caro then says that "several [unidentified] members listed in Schedule 3 later signed documents confirming their membership" (Caro Decl. ¶ 5), but he does not say which ones, does not say when they became members, does not attest that any of them are still members (or were when the interpleader Complaint was filed), and does not present any of the "documents" these unnamed entities signed or which reflect the capital contribution they would have been required to make.  Built on these vagaries, Caro, speaking for himself and as the chief executive of Indii.com, hides in

---

[7] The Operating Agreement is attached as <u>Exhibit A</u> to Caro's Declaration.

[8] Operating Agreement ¶ 1.1(m) - "'Class A Members' means the class of members who hold Class A Units which *may* initially consist of the following institutions: [entities listed in Schedule 3]" (emphasis added).

[9] Operating Agreement ¶ 4.5(a), 9.1(b): "A Class A Member shall be admitted by executing this Agreement and making (or agreeing to make) the Capital Contribution as specified below".

ignorance "*upon information and belief,* several of these strategic members *may* be citizens of the State of New York." (Caro Decl. ¶ 5) (emphasis added). That is simply not enough.

Likewise, none of the documents which Caro appends to his Declaration present *facts* showing that any of Indii.com's members are New York citizens. The Operating Agreement is not signed by any of the "strategic" members who "may acquire" their interests at a later time and this same document which allowed the "strategic" members to join over seven years ago, also allowed them to get out and put their interests back to the two founders (Operating Agreement Pg. 30). Similarly, just as Caro presented no concrete facts of a New York resident member, Caro and Indii.com's counsel Sheldon Eisenberger also fails to present facts. Mr. Eisenberger's Declaration merely references Caro's Declaration and then asserts that it shows that the operating agreement "lists" strategic members and that several of them are New York citizens. (Eisenberger Decl. ¶ 4). The Caro Defendants have not filled the notable hole in their argument: no one has *attested* or presented a document showing that any entity "listed" ever became a member and was a member when the Complaint was filed.

Interestingly, Caro's assertion that there are or may be other members of Indii.com is contradicted by Caro's prior sworn statements. In a November 25, 2008, sworn deposition in a Connecticut probate proceeding, Caro testified that the only members of Indii.com were Caro, Raquet, and an entity called "Knight Securities."[10] (See Exhibit 3 to the Shannon Opp. Aff.). Thus, Caro is either "misspeaking" when he says there are other members of Indii.com or he is ignorant of who Indii.com's members are. In either case, Caro's assertions woefully fail to show that Indii.com is a citizen of New York.

---

[10] It appears that Knight Securities is not a New York entity according to the New York State Department of State's website. (Shannon Opp. Aff. ¶ 6).

Were this the Caro Defendants' first bite at the apple, the vagaries of the argument might not be as significant.  But here, the Caro Defendants filed (or refiled) their motion papers after the Court directly asked about the residences of the members (Trans. 4:19-21), after Fidelity's counsel explicitly raised these very deficiencies (Trans. 6:12-25; 7:1-2), and after Caro's counsel asked for the opportunity to put "a little more meat to" the motion to dismiss (Trans. 32:12-13).  The Caro Defendants then returned with the same inadequate skeleton.

**(C)    Complete Diversity For Rule Interpleader Also Exists**

In any event, even if the Court were to determine that minimal diversity between the claimants does not exist; the Court should not dismiss this case because complete diversity does exist for the alternative of a Rule Interpleader.  Thus, should the Court find that it does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1335, Fidelity respectfully requests that the Court convert this action into "rule interpleader" under Fed. R. Civ. P. 22.  The Second Circuit has determined that conversion from statutory interpleader to rule interpleader is appropriate.  See Truck-A-Tune, Inc. v. Re, 23 F.3d 60, 62 (2d Cir. 1994).  This Court has subject matter jurisdiction over this action as rule interpleader pursuant to 28 U.S.C. § 1332.  There is complete diversity of citizenship between Fidelity as the plaintiff and the defendants and the amount in controversy exceeds $75,000.00.  Fidelity is a limited liability company whose sole member is Fidelity Global Brokerage Group, Inc.  (Shannon Aff. ¶ 7).  Fidelity Global Brokerage Group, Inc. is a corporation incorporated in Massachusetts with its principal place of business in the Massachusetts.  (Shannon Aff. ¶ 7 and Exhibit 4).  No defendant is a citizen of Massachusetts.  Thus, complete diversity exists and conversion to rule interpleader is appropriate.

## POINT III

**Fidelity Has Alleged And Shown A Real And Reasonable Fear
of Multiple Liability And Vexatious, Conflicting Claims Against The Indii Account**

**(A)**  **The Complaint Sufficiently Alleges A Claim For Interpleader**

The Caro Defendants' contention that Fidelity has failed to state a claim for relief because of the absence of "legitimate" competing claims is completely without merit. First, the pleading standard for Rule 12(b)(6) does not require anything more than what Fidelity has alleged. Second, the facts presented confirm that Fidelity's fear of multiple claims is very well grounded. Caro's supposed beliefs that Rothfarb's judgment will someday be vacated and that Rothfarb's assertions of fraudulent conveyances are not legitimate, and Caro's criticisms of Fidelity's responses to restraining notices are all beside the point. None of those argument go to Fidelity's legitimate fear of multiple claims against the stake and none of them detract from the adequacy of Fidelity's Complaint or Fidelity's entitlement to interpleader relief.

A complaint should not be dismissed pursuant to Rule 12(b)(6) if it contains enough allegations of fact to state a claim for relief that is plausible on its face. See, e.g., Payless Shoesource, Inc. v. Avalon Funding Corp., 666 F. Supp. 2d 356, 361 (E.D.N.Y. 2009). On a motion to dismiss pursuant to 12(b)(6), a court takes the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2000). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and … determine whether they plausibly give rise to an entitlement of relief." Payless Shoesource, Inc., 666 F. Supp. 2d at 361.

To state a claim for statutory interpleader, a plaintiff must allege that it: (1) is in possession of a fund of greater value that $500.00; (2) has a real and reasonable fear of double liability or vexatious, conflicting claims against the fund regardless of the merits of the

competing claims; and (3) has or is depositing the fund with the court.  <u>Payless Shoesource, Inc.</u>, 666 F. Supp. 2d at 360 (denying a 12(b)(6) motion to dismiss an interpleader action because the Court found that plaintiff plausibly alleged that it: (1) was in possession of a fund; (2) feared multiple conflicting claims against the fund; and (3) deposited the fund with the court).  Deciding whether a plaintiff has properly brought an interpleader action – i.e., whether the allegations are supported by fact – is not part of a court's analysis on a 12(b)(6) motion.  <u>Payless Shoesource, Inc.</u>, 666 F. Supp. 2d at 361.

In it's complaint, Fidelity properly alleges that it: (1) is in possession of the Indii Account with a value of approximately $769,000.00  (Complaint ¶¶ 1, 2 ); has a real and reasonable fear of double liability and vexatious, conflicting claims against the Indii Account (Complaint ¶¶ 3, 16-24); and will deposit the assets of the Indii Account into the registry of the Court (Complaint Wherefore ¶ c).[11]  Hence, Fidelity has plausibly alleged each element for relief for interpleader and the Caro Defendants' motion to dismiss pursuant to Rule 12(b)(6) should be denied.

**(B)    <u>Fidelity's Motion For Interpleader Should Be Granted</u>**

Fidelity has appropriately brought this interpleader action and is entitled to the relief it seeks.  There is no dispute that Fidelity was in possession of the Indii Account, that the Indii Account's value exceeds the $500.00 jurisdictional minimum, and that Fidelity has deposited the assets of the Indii Account into the Registry of the Court.  As shown below, Fidelity legitimately feared multiple liability and vexatious, conflicting claims against the Indii Account.  Indeed, Fidelity has already faced a contempt motion, been subject to a TRO, and been repeatedly instructed by the parties to ignore court orders and abide the competing wishes of the parties regarding the Indii Account.  Caro Defendants' assertion that interpleader is inappropriate because Rothfarb does not have a legitimate claim to the Indii Account is irrelevant because it is

---

[11] Fidelity has since made the deposit.

the legitimacy of the stakeholder's belief that it would be subject to multiple liability that is required to bring an interpleader and not the legitimacy of the claims asserted to the stake. The standard presented by the Caro Defendants is simply wrong. It seems that they press their argument only because they misperceive the issue and confuse it with their belief that they will *ultimately* prevail against Rothfarb's claim to the Indii Account. [12]

To determine whether an interpleader action is appropriate, a court must assess whether the stakeholder legitimately fears multiple liability or vexatious, conflicting claims against the fund, *regardless* of the ultimate merits of the competing claims.[13] T.D. Bank, N.A. v. JP Morgan Chase Bank, N.A., No 10-CV-2843, 2010 U.S. Dist. LEXIS 85244, at *8 (E.D.N.Y. Aug. 19, 2010); Locals 40, 361 & 417 Pension Fund v. McInerney, No. 06-CV-5224, 2007 U.S. Dist. LEXIS 1974, at *9 (S.D.N.Y. Jan. 9, 2007); Fidelity Brokerage Services, LLC v. Bank of China, 192 F. Supp. 2d 173, 178 (S.D.N.Y. 2002); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Clemente, No. 98-CV-1756, 2001 U.S. Dist. LEXIS 25, at *15 (S.D.N.Y. Jan. 4, 2001) (the focus is not the legitimacy of the claims against the fund, but the stake holder's belief that it will or may be subject to multiple claims); see also Washington Elec. Coop. v. Paterson, Walke &

---

[12] To the extent Caro Defendants believe that Rothfarb's claim to the Indii Account should be rejected, the proper course is for that issue to be resolved at the second stage of interpleader. See T.D. Bank, 2010 U.S. Dist. LEXIS at *11; Bankers Trust Co. of Western New York v. Crawford, 559 F. Supp. 1359, 1361-2 (W.D.N.Y. 1983) (holding that a defendant's factual allegations that its claim was correct to be "wholly irrelevant" to the consideration whether the court had jurisdiction over the interpleader action and is only relevant in determining the eventual entitlement to the stake).

[13] The cases cited by the Caro Defendants for the proposition that there was an insufficient prospect of double liability or vexation of conflicting claims are clearly inapplicable here. For example: Indianapolis Colts v. Mayor and City Counsel of Baltimore, 741 F.2d 954 (7th Cir. 1984) involved one entity's claim to ownership of the Colt's NFL franchise and the other claimant sought to enforce rights under a lease with respect to where the games would be played – there were two different "stakes" involved; Bass v. Federal Savings & Loan Ins. Corp., 698 F.2d 328 (7th Cir. 1983) concerned the "stakeholders" tender of a consent injunction siding with one side, instead of an interpleader; Dunbar v. U.S., 502 F.2d 506 (5th Cir. 1974) involved the Government's attempt to withhold seized currency from its sender (the only claimant) without any suggestion of who else might possibly have a claim to it; Fulton v. Kaiser Steel Corp., 397 F.2d 580 (5th Cir. 1968) involved non-conflicting claims to a surety bond which was sufficient to pay the aggregate claims. In none of the cases cited by the Caro Defendants were there multiple claims and/or potential claims adverse to each other and against a single stake.

Pratt, P.C., 985 F.2d 677, 679 (2d Cir. 1993) ("[W]hat triggers interpleader is a real and reasonable fear of double liability or vexatious, conflicting claims.").

The availability of interpleader does not depend on the merits of the potential claims against the stakeholder. William Penn Life Ins. Co. of New York v. Viscuso, 569 F. Supp. 2d 355, 359 (S.D.N.Y. 2008) (in granting plaintiff's motion for interpleader and denying defendant's motion to dismiss, the court found that jurisdiction existed because there were adverse claims to the stake). Thus, a court is not required to assess the merits of the competing claims in determining whether interpleader is appropriate because "the stakeholder should not be obliged at its peril to determine which of two claimants has the better claim." William Penn Life Ins. Co., 569 F. Supp. 2d at 359; Locals 40, 361 & 417 Pension Fund, 2007 U.S. Dist. LEXIS at *9-10 (the court found interpleader appropriate even where one of the defendants had voluntarily dismissed a state court action claiming an interest to the stake because that defendant still had potential claims against the stake); Fidelity Brokerage Services, LLC, 192 F.Supp. 2d at 178. It is immaterial whether the stakeholder believes that all claims against the fund are meritorious. See Locals 40, 361 & 417 Pension Fund, 2007 U.S. Dist. LEXIS at *10; Citigroup Global Markets, Inc. v. KLCC Investments, LLC, No. 06-CV-5466, 2007 WL 102128, at *6 (S.D.N.Y. Jan. 11, 2007) quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1704 (3d ed. 2001). Indeed, in the usual case, at least one of the claims will be quite tenuous. Id. Thus, dismissal of an interpleader complaint on the grounds that one of the competing claims is completely wanting in substance is proper "only in exceptional circumstances, where the assertion that there are two or more adverse claimants is utterly baseless and made without good faith." See T.D. Bank, N.A., 2010 U.S. Dist. LEXIS at *10.

19

In <u>Fidelity Brokerage Services, LLC</u>, the District Court granted Fidelity's motion for interpleader because the court concluded Fidelity faced "a real and reasonable fear of double liability or vexatious, conflicting claims arising out of its restraint of assets pursuant to" an order of attachment. 192 F. Supp. 2d at178. In that case, Fidelity had restrained the accounts of two defendants pursuant to an order of attachment secured by a third defendant. <u>Id</u>. The owners of the restrained assets objected and, like here, the defendants "besieged Fidelity with correspondence demanding Fidelity's compliance with the conflicting claims," and threatened litigation if Fidelity did not comply with their demands. <u>Id</u>. Fidelity argued that it had restrained the assets pursuant to a court order and could not lift the restraint out of fear of contempt. The District Court stated that Fidelity's conduct showed no evidence of bad faith. The District Court therefore granted Fidelity's motion to discharge it from the action, enjoined the defendants from asserting any further claims against Fidelity arising out of any claims to the assets, granted Fidelity its attorney's fees and costs in bringing the action, and ordered Fidelity to deposit the assets at issue with the Clerk of the Court. <u>Id</u>.

In this case, Rothfarb and the Caro Defendants have besieged Fidelity with correspondence demanding Fidelity's compliance with their conflicting claims to the Indii Account and threatening Fidelity with legal action if Fidelity did not comply with their conflicting claims. (Jeri Aff. ¶¶ 11, 14, 17, 18 - correspondence from Caro Defendants claiming entitlement to the Indii Account and threatening Fidelity with liability for restraining the Indii Account;  Jeri Aff. ¶¶ 6, 15, 16 - correspondence from Rothfarb claiming entitlement to assets of the Indii Account and threatening Fidelity with liability if it did not restrain the Indii Account). It is clear that Fidelity legitimately feared multiple liability because that is exactly what Rothfarb and the Caro Defendants threatened with their vexatious, conflicting claims.

The Caro Defendants erroneously focus on the legitimacy of the claims asserted to the Indii Account rather than the legitimacy of Fidelity's belief that it was or would be subject to multiple liability.[14]  See Merril Lynch, Pierce, Fenner & Smith, Inc., 2001 U.S. Dist. LEXIS at *15 (finding that interpleader action was properly brought even though defendant asserted that stakeholder was not faced with adverse claims).  It is the legitimacy of the stakeholder's belief that it would be subject to multiple liability that is required to bring an interpleader and not the legitimacy of the claims asserted to the stake.  See Id.[15]

## CONCLUSION

Rothfarb and Caro have been fighting for decades and are now in a tug of war over a stake which Fidelity held and has now deposited with the Court.  Rothfarb, Caro and Indii.com have not merely threatened Fidelity with claims of "tens of millions of dollars" (See Exhibit 6 to the Shannon Aff.), but gone so far to seek contempt and to tell Fidelity to act contrary to court orders in accepting their competing instructions.  Whether the funds which Caro moved into the Indii Account are ultimately determined to remain with Indii.com, go back to Caro, go to

---

[14] Caro Defendants also argue that Fidelity brought this interpleader action to "wash its hands clean of a problem that it created" (Caro Defendants' Memo p. 2) and to fix its "mistake" and "blunders" in restraining the Indii Account (Caro Defendants' Memo p. 10).  Even if Fidelity had made a "mistake" in initially restraining the Indii Account, that allegation is legally insufficient to bar the interpleader action because "mere negligence on the part of the stakeholder does not bar interpleader, even if the controversy has resulted quite directly and foreseeably from that negligence." William Penn Life Ins. Co., 569 F.Supp. 2d at 363 (holding that interpleader jurisdiction exists despite defendant's claim of unclean hands by the stakeholder).  More importantly, Fidelity's responses to the restraints are not the issue.  Rather, the question is Fidelity's belief that it was faced with competing demands which it feared expose it to claims and multiple liability over the stake Fidelity holds.

[15] Courts have rejected as meritless a defendant's argument that an interpleader was not properly brought because no case or controversy ever existed because no other person had asserted a legitimate claim.  See Travelers Ins. Co v. Estate of Garcia, No. 00-CV-2130, 2003 U.S. Dist. LEXIS 2828 (E.D.N.Y. Feb. 4, 2003) (where interpleader was properly filed although other potential claimants to insurance proceeds never filed claims – "[a] party is not required to evaluate the merits of conflicting claims at its peril; rather, it need only have a good faith concern about duplicitous [sic] litigation and multiple liability if it responds to the request of certain claimants and not to others").  Indeed, an Eastern District New York Court recently denied a motion to dismiss an interpleader action based on the same argument advanced by the Caro Defendants.  T.D. Bank, 2010 U.S. Dist. LEXIS at *8.  In T.D. Bank, as in this case, the moving defendant cited New York Life Ins. Co. v. Lee for the proposition that "an asserted adverse claim may be so wanting in substance that an interpleader may not be justified." 232 F.2d 811, 813 (9th Cir. 1956).  However, the Eastern District Court stated that "dismissal of an interpleader complaint on that ground is proper only in exceptional circumstances" and denied defendant's motion.  T.D. Bank, 2010 U.S. Dist. LEXIS at *10.

Rothfarb, or are split in some manner with all of them, Raquet and any other alleged "members" of Indii.com is not something for Fidelity to decide.  The motion of the Caro Defendants should be denied and Fidelity's motion should be granted with Fidelity discharged and a hearing scheduled for Fidelity's claim for attorneys' fees.


DATED:      New York, New York
            November 8, 2010


                              THOMPSON HINE LLP

                              By: _____
                                  Michael G. Shannon
                                  Michael D. Hoenig
                              335 Madison Avenue
                              New York, New York 10017
                              Telephone: (212) 344-5680
                              *Counsel for Plaintiff*
                              *Fidelity Brokerage Services LLC*


196211

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on the 8th day of November, 2010, a true and correct copy of the (i) Memorandum of Law of Plaintiff Fidelity Brokerage Services LLC in Further Support of Its Motion for Interpleader and Related Relief and in Opposition to Defendants Marshall Caro and Indii.com USE LLC's Motion to Dismiss and the (ii) Affidavit of Michael G. Shannon in Further Support of Fidelity's Motion for Interpleader and Related Relief and in Opposition to Caro Defendants' Motion to Dismiss was served via the Court's Electronic Filing  system on the parties below:

Evan Stone Rothfarb, *Counsel for defendant Bill Rothfarb*, (evan.rothfarb@rothfarblaw.com)

Michael P. Kaelin, *Counsel for defendant Walter Raquet* (mkaelin@cl-law.com, dsantos@cl-law.com)

Sheldon Eisenberger, *Counsel for defendants Marshall Caro & INDII.com USE LLC* (sheldon@eisenbergerlaw.com), (jacobz@eisenbergerlaw.com), (lchabus@eisenbergerlaw.com)

Michael D. Hoenig