# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

FIDELITY BROKERAGE SERVICES LLC

                   Plaintiff,

      v.

MARSHALL CARO,
WALTER RAQUET,
INDII.COM USE, LLC, and
BILL ROTHFARB

             Defendants.

Docket No.:  10-CIV-5893(BSJ)
ECF Case

**ORAL ARGUMENT
REQUESTED**

**Memorandum of Law of Bill Rothfarb in Support of Plaintiff Fidelity Brokerage Services LLC's Motion for Interpleader and Related Relief and in Opposition to Defendant Marshall Caro's and Defendant Indii.com USE, LLC's Motion to Dismiss**

By: _Evan S. Rothfarb_
    Evan S. Rothfarb (ER-9227)
ROTHFARB LAW, PLLC
11 Broadway, Suite 615
New York, NY 10004
(212) 480-1010
evan.rothfarb@rothfarblaw.com
*Attorneys for Defendant Bill Rothfarb*

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................1

FACTUAL AND PROCEDURAL HISTORY ....................................................................4

STANDARD OF REVIEW ................................................................................................9

ARGUMENT ....................................................................................................................11

      A.     The Requirements for Statutory Interpleader Have Been Satisfied
            Because the Amount at Issue is Greater Than $500 and the
            Defendants Are Minimally Diverse**.** ....................................................................11

            1.     Mr. Caro is an Indispensible Party Pursuant to Fed.R.Civ.P.
                   19(a) ..........................................................................................................13

            2.     The Membership of Indii.com USE, LLC Cannot Be
                   Determined Because Mr. Caro Has Not Presented
                   Sufficient Evidence Concerning and Sworn Testimony
                   Contradicts Mr. Caro's Contentions ........................................................14

            3.     Mr. Rothfarb Has a Legitimate Competing Claim to the
                   Indii.com USE Account ............................................................................16

      B.     Fidelity's Motion for Attorneys' Fees and Costs Should Be Held in
            Abeyance Pending the Conclusion of the Second Stage of the
            Interpleader ............................................................................................................17

CONCLUSION..................................................................................................................20

i

## I. INTRODUCTION

Defendant Bill Rothfarb hereby submits this memorandum of law in support of the motion of plaintiff Fidelity Brokerage Services LLC ("Fidelity") for interpleader and related relief and in opposition to the motion to dismiss by defendants Marshall Caro and Indii.com USE, LLC (collectively, the "Caro Defendants").  Mr. Rothfarb fully joins in Fidelity's opposition to the Caro Defendants' motion to dismiss and offers the following memorandum to supplement and amplify the arguments presented therein with respect to Mr. Rothfarb's positions and claims for relief (none of which have yet been stated or pleaded in this proceeding).

At its core, this action is only one part of a series of judgment enforcement and collection actions by Mr. Rothfarb against Mr. Caro based on a Judgment and Order against Mr. Caro and his four of his alter egos rendered by the Supreme Court of New York in 1995.  Mr. Caro has evaded paying this judgment, now worth over $490,000.00, for over 15 years.  Acting as its President, Mr. Caro has involved Indii.com USE, LLC in a fraudulent scheme to disguise his personal assets as business property.

The within action specifically relates to fraudulent conveyances made by Mr. Caro in 2010 into Fidelity account ### -##3272 (hereinafter, the "Indii.com USE Account"), a purported partnership account opened by Mr. Caro at Fidelity in the name of Indii.com USE, LLC and filled with $775,000.00 of Mr. Caro's personal assets.  In an attempt to hide these assets from Mr. Rothfarb and from probate proceedings in Connecticut, Mr. Caro opened the account on February 5, 2010 and soon after conveyed his personal property into the account.  Such activities are nothing new for Mr. Caro.  He has a long history of abusing business entities for personal ends and the pattern continues to this day.

As a result of Mr. Caro's attempt at subterfuge, since July 2010 Fidelity has been caught in the middle of a dispute concerning the funds and assets in the Indii.com USE Account.  After learning of the existence of the Indii.com USE Account and the fraudulently conveyed funds and assets therein, Mr. Rothfarb restrained the account in order to commence garnishment procedures to help satisfy the Mr. Caro's outstanding unsatisfied judgment owed to Mr. Rothfarb.  Unsurprisingly, the Caro Defendants protested and demanded the removal of the restraints.  Faced with conflicting claims of Mr. Rothfarb and the Caro Defendants, Fidelity commenced this classic interpleader on August 4, 2010 for judicial aid in determining the ownership of the contents of the Indii.com USE Account.

Fidelity is entitled to the interpleader remedy because it has met all the requirements for statutory interpleader pursuant to 28 U.S.C. § 1335.  In response to multiple claimants in diverse jurisdictions asserting mutually exclusive rights to the contents of the Indii.com USE Account, Fidelity instituted the within action, named all identifiable actual and potential claimants to the Indii.com USE Account, and deposited the stake into the registry of this court.  Thus, requisites of statutory interpleader have been satisfied.  Moreover, although Fidelity commenced this matter as a statutory interpleader action, the case also meets the requirements of rule interpleader pursuant to Federal Rule of Civil Procedure 22.

The Caro Defendants' arguments to dismiss this action are unavailing.  The defendants named in Fidelity's complaint were correctly identified as actual or potential claimants to the funds and assets in the Indii.com USE Account.  There is minimum diversity between these defendants for the purpose of statutory interpleader and there is complete diversity for the purpose of rule interpleader.  *See* 28 U.S.C. § 1335; Fed.R.Civ.P. 22.

Furthermore, notwithstanding Mr. Caro's partially disclaimed interest in his personal funds, he remains an indispensible party in this action.  *See* Fed.R.Civ.P. 19(a).  Mr. Rothfarb's not-yet-pleaded claims will include, among others, fraudulent conveyance pursuant to N.Y. Debtor & Creditor Law §§ 273-a, 276 and 276-a, constructive trust, alter ego and Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968.  Any adjudication on these claims will necessarily affect Mr. Caro's interests as:  (1) he is the fraudulent conveyer of his personal property into the Indii.com USE Account; (2) Indii.com USE, LLC is his alter ego; and, in the alternative, (3) Mr. Caro formed a conspiracy with Indii.com USE, LLC to hide assets and launder money using banking institutions and wires involved in and affecting interstate commerce.

Mr. Rothfarb's claims are well-supported by the evidence already adduced, despite Mr. Caro's refusal to answer discovery demands and the Caro Defendants' attempts to block post-judgment discovery through judicial means.  The fact is that the funds and assets in the Indii.com USE Account are Mr. Caro's, have always been Mr. Caro's and may be restrained, garnished and turned over to Mr. Rothfarb because they are Mr. Caro's.  The Caro Defendants' arguments concerning the propriety of the restraints issued by Mr. Rothfarb against the Indii.com USE Account are legally incorrect and irrelevant to the determination of the propriety of the interpleader remedy.

Accordingly, Mr. Rothfarb respectfully requests that the Court grant Fidelity's motion for interpleader and discharge and deny the Caro Defendants' motion to dismiss in its entirety.  With respect to Fidelity's request for attorneys' fees and costs as part of its related relief, Mr. Rothfarb respectfully requests that this Court hold the expense determination in abeyance pending the

resolution of ownership of the interpleaded funds (Mr. Rothfarb does not dispute Fidelity's right

to recompense or a discharge from this action).

## II. FACTUAL AND PROCEDURAL HISTORY

This action arises from judgment enforcement proceedings commenced by Bill Rothfarb

in New York State Supreme Court to collect upon a Judgment and Order rendered on March 28,

1995 against Marshall Caro and his four corporate alter egos in the action known as *Rothfarb v.*

*Programit, Inc., et al.*, Index No. 19178/87 (N.Y. Sup. Ct., N.Y. Cnty.) (hereinafter, the

"Underlying Action").  (A true, complete and accurate copy of the Judgment and Order is

attached as Exhibit 1).  The judgment was obtained against Mr. Caro after a fully litigated trial in

1990 and 1991.  (A true, complete and accurate copy of the Decision After Trial is attached as

Exhibit 2).  By virtue of the judgment, Mr. Caro became a judgment-debtor of Mr. Rothfarb for a

judgment now exceeding $490,000.00 as a result of accrued interest.  *See* N.Y. C.P.L.R. 5003

and 5004.  Mr. Caro has evaded satisfying the judgment since it was rendered.

After obtaining the judgment against Mr. Caro in 1995, Mr. Caro threatened that he

would file for bankruptcy if Mr. Rothfarb attempted enforcement.  In furtherance of his threat,

Mr. Caro obtained bankruptcy counsel in Connecticut named Richard Zeisler who prepared a

proposed Chapter 7 Petition that was sent to Mr. Rothfarb's trial counsel, Jamie Stecher.  (A true,

complete and accurate copy of the Zeisler Letter is attached as Exhibit 3).  As a result of Mr.

Caro's threats and the inability to locate Mr. Caro's assets at that time, Mr. Rothfarb waited until

he was reasonably assured of Mr. Caro's solvency to enforce his judgment.

In 2008, Mr. Rothfarb became aware that Mr. Caro was involved in vexatious probate

proceedings related to death of his wife Elizabeth Weintraub, who died intestate.  In connection

with these proceedings, Mr. Caro has been questioned under oath about the judgment in the

4

Underlying Action on several occasions and about his company Indii.com USE, LLC.  *See* (A true, complete and accurate copy of selected pages of the Deposition of Marshall Caro conducted November 25, 2008 in the *Estate of Elizabeth Anne Caro* is attached as Exhibit 4; a true, complete and accurate copy of selected pages of the Deposition of Marshall Caro conducted January 16, 2009 in the *Estate of Elizabeth Anne Caro* is attached as Exhibit 5; and a true, complete and accurate copy of selected pages of the transcript of the January 30, 2009 Hearing before the Honorable David W. Hopper, Probate Court Judge, Probate Court for the Town of Greenwich, in the matter of the *Estate of Elizabeth Caro* is attached as Exhibit 6).

While under oath, Mr. Caro originally continuously professed that he was ignorant of any outstanding judgments against him and could not recall any judgments being entered against him.  Exhibit 4, at 37:8-16 and 39:3-8; Exhibit 5, at 287:4-21, 289:7-11; 290:17-19, 291:1-3, 339:21-23.  However, in more recent filings with the court, Mr. Caro's recollection of events has dramatically improved.  In his filing with the Supreme Court of New York State, Mr. Caro averred that he became aware of the adverse judgment in 1995 and later met with Mr. Rothfarb concerning the judgment (A true, complete and accurate copy of the Marshall Caro's Affirmation in Opposition to Order to Show Cause with Temporary Restraining Order for Permanent Injunction and Contempt of Court dated August 24, 2010 (without attached exhibits) filed in the Underlying Action is attached as Exhibit 7).  *See* Exhibit 7, at 3 and 5.

With regard to the membership of Indii.com USE, LLC, Mr. Caro testified that, as of November 25, 2008, only he, Mr. Raquet and a company known as "Knight Securities" held membership interests.  Exhibit 4, at 22:19-20, 24:19-25, 25:1-20.  Mr. Caro later stated in correspondence to Fidelity that the Indii.com USE Account contained "partnership assets[.]"  *See* Affidavit of Michael G. Shannon in Support of Fidelity's Motion for Preliminary Injunction,

Temporary Restraining Order, and Related Relief, Exhibit 1:  Exhibit F (Letter from Marshall Caro to Fidelity) ("As I understand it, [Fidelity] created the problem by confusing the partnership assets of Indii.com USE, LLC and the personal assets of Marshall Caro (who has signature authority for Indii).).

Mr. Caro subsequently asserted in correspondence to this Court that a "Caro" family partnership holds a membership interest in Indii.com USE, LLC.  (A true, complete and accurate copy of Marshall Caro's Letter to Judge Jones dated September 10, 2010 is attached as Exhibit 8).  This partnership interest is wholly absent from the Declaration of Marshall Caro in Opposition to Motion for Interpleader and Related Relief.

On or about August 10, 2009, Mr. Caro became aware that Peter Rydel, counsel for Mr. Caro's step-children in these probate proceedings, sought to depose Mr. Rothfarb about the judgment against Mr. Caro in the Underlying Action.  Exhibit 7, at 5 n.3.  In connection with this effort, Mr. Rydel obtained a commission from Connecticut and was prepared to take Mr. Rothfarb's deposition in New York State.  *Id.*

In these Connecticut probate proceedings, on or about February 25, 2010, Mr. Caro made a court-mandated financial disclosure in connection with a motion for widower's support.  The disclosure asserts that Mr. Caro is essentially a pauper surviving on approximately $23,000.00 per year, but with expenses averaging more than $10,000 per month.  (A true, complete and accurate copy the Financial Disclosure is attached as Exhibit 8).  The disclosure identified Mr. Caro's residence as his main asset and also indicated that Mr. Caro may have personal holdings at Fidelity.  Notably, the disclosure does not list Indii.com USE, LLC as an asset.  The disclosure does not list any assets that Mr. Caro received in exchange for his deposit of personal assets into the Indii.com USE Account, including any of equivalent value.

Upon reviewing the filings in the Connecticut proceedings in both state and federal court and upon reviewing Mr. Caro's financial disclosure, Mr. Rothfarb commenced his judgment enforcement efforts against Mr. Caro.  As part of his collection efforts, Mr. Rothfarb domesticated the judgment from the Underling Action in Connecticut on March 18, 2010.[1]

Based on Mr. Caro's financial disclosure, on July 16, 2010, Mr. Rothfarb sought post-judgment discovery from Fidelity pursuant to N.Y. C.P.L.R. 5224 and imposed restraints against all accounts held by Fidelity in which it appeared Marshall Caro held an interest pursuant to N.Y. C.P.L.R. 5222 and 5222-a.  On or about July 27, 2010, Fidelity confirmed it was restraining two accounts in which it appeared Mr. Caro held an interest, including the Indii.com USE Account. Fidelity also served a response to Mr. Rothfarb's post-judgment discovery request in an Information Subpoena Questionnaire.  Fidelity subsequently served an amended response to the Information Subpoena Questionnaire on August 16, 2010.

After the restraints were imposed by Fidelity, Fidelity indicated to counsel for Mr. Rothfarb that it intended to remove the restraint upon the Indii.com USE Account.  Promptly thereafter, on August 4, 2010, Mr. Rothfarb moved by Order to Show Cause in the Supreme Court of New York, New York County, and obtained a temporary restraining order freezing the accounts held by Fidelity in which it appeared Mr. Caro had an interest, including the Indii.com USE Account.  Simultaneously, Fidelity commenced this interpleader action to sort out the parties' conflicting claims.

---

[1]    Mr. Caro and his alter ego co-defendants moved to set aside Connecticut domesticated judgment on May 5, 2010, claiming, inter alia, the judgment was improperly obtained.  However, by Memorandum of Decision Motion to Set Aside #105, the Connecticut Superior Court denied Mr. Caro's motion in its entirety.  Notably, this decision considered and rejected all of Mr. Caro's arguments concerning the validity of Mr. Rothfarb's judgment and remarked that Mr. Caro had presented a "disingenuous" argument to the court concerning his ignorance of the existence of the judgment against him.

On or about August 5, 2010, Mr. Caro executed an Exemption Claim Form, which was delivered to counsel for Mr. Rothfarb on or about August 12, 2010.  Mr. Caro attached the first pages of four of his personal account statements from Fidelity, including an April 2010 statement.  This statement indicated that Mr. Caro had made a transfer of approximately $70,000.00 between his Fidelity accounts.  The service of this Exemption Claim Form resulted in the original restraint upon Mr. Caro's accounts becoming legal nullity.

However, upon review of the discovery that has been adduced, Mr. Rothfarb discovered that Mr. Caro had conveyed personal accounts into the corporate accounts of Indii.com USE, LLC and appeared to be using the Indii.com USE Account to disguise his personal assets. Specifically, the Indii.com USE Account was opened as a partnership account on February 5, 2010.  Subsequently, Mr. Caro conveyed assets worth approximately$700,000.00 into the Indii.com USE Account from his personal accounts.  None of these assets were listed by Mr. Caro in his financial disclosure in the Connecticut probate proceeding.   In addition, in April 2010, after Mr. Caro received specific notice on March 18, 2010 that Mr. Rothfarb had domesticated his judgment in Connecticut, Mr. Caro conveyed approximately $70,000.00 in additional personal funds and assets from one of his accounts at Fidelity to the Indii.com USE Account.

At the August 26, 2010 at the Show Cause hearing in the New York Supreme Court, the court vacated its temporary restraining order because the underlying restraint had become a legal nullity.  Pursuant to a proposed Stipulation and Order executed between Fidelity and Mr. Rothfarb, which was adopted by the court, Fidelity accepted service of a new restraining notice[2] during the hearing that solely restrained the Indii.com USE Account.[3]

---

[2]      The Caro Defendants have argued that leave of court was required to serve a second restraint on the Indii.com USE Account.  The applicable provision of the New York law is as follows: "[l]eave of court is required

Pursuant to the stipulation adopted by the court and in order to protect itself from continued litigation the New York State courts, Fidelity moved by order to show cause on September 7, 2010 for a temporary restraining order, preliminary injunction and related relief in this interpleader action (hereinafter, the "motion for interpleader").  As part of the requested relief, Fidelity obtained a court directive requiring it liquidate and deposit the contents of the Indii.com USE Account into the registry of this Court.  After several delays at the behest of Marshall Caro, the Caro Defendants appeared by counsel and opposed the relief requested in Fidelity's motion for interpleader.

On October 21, 2010, the Caro Defendants moved to dismiss this action based on a lack of subject matter jurisdiction because the real parties in interest, allegedly Indii.com USE, LLC and Mr. Rothfarb are non-diverse.  The Caro Defendants additionally assert that there are no legitimate competing claims to the interpleaded funds because Mr. Rothfarb's restraints are invalid and there has been no judicial determination of alter ego liability.

### III. STANDARD OF REVIEW

In considering a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court must assume as true the factual allegations in the complaint.  *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (citing *Scheuer v. Rhodes*, 416 U.S. 232 (1974)).  A

---

to serve more than one restraining notice upon *the same person* with respect to the same judgment or order.  A judgment creditor shall not serve more than *two* restraining notices per year upon *a natural person's banking institution account*."  N.Y. C.P.L.R. 5222(c) (emphasis added).  As Mr. Caro and his counsel have repeatedly stated, the restraining notice was served on a business account, which is separate from Mr. Caro.  To the extent that Mr. Caro and Indii.com USE, LLC are alter egos, the statute clearly contemplates that two restraining notices may be served on the account of a financial institution, even of a natural person, without leave of court.

[3]      Mr. Caro alleges that he executed and served an Exemption Claim Form on September 8, 2010 objecting to the restraints placed upon the Indii account.  Declaration of Marshall Caro in Opposition to the Motion for Interpleader and Related Relief, at ¶23.  If credited, these activities subject Mr. Caro to sanctions from this Court for a blatant violation of this Court's order of September 7, 2010, restraining the parties from "instituting or prosecuting any proceeding in any State or United States court affecting the Indii.com Account . . . ."  Thus, Mr. Rothfarb could not object to these Exemption Claim Forms without running afoul of this Court's order.

dismissal under Rule 12(b)(1) is only proper when a plaintiff's federal claim is "so insubstantial, implausible . . . or otherwise devoid of merit as not to involve a federal controversy." *Town of West Hartford v. Operation Rescue*, 915 F.2d 92, 100 (2d Cir. 1990) (internal citation omitted). Satisfaction of jurisdictional requirements is determined as of the date that the suit is filled—the so-called "time-of-filing" rule. *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir. 1999). Events occurring subsequent to the institution of suit do not oust the court of jurisdiction. *Id.* In deciding jurisdictional issues, the court may rely on affidavits and other evidence outside the pleadings. *Filetech S.A. v. France Telecom, S.A.*, 157 F.3d 922, 932 (2d Cir. 1998).

In most cases, the court should consider the Rule 12(b)(1) motion before ruling on any other bases for dismissal, since dismissal of an action for lack of subject matter jurisdiction will render all other accompanying defenses and motions moot. *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (1969)). Thus, a court confronted with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) should decide the jurisdictional question first, because "a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction." *Magee v. Nassau County Med. Ctr.*, 27 F.Supp.2d 154, 158 (E.D.N.Y. 1998); *see also Rhulen*, 896 F.2d at 678.

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), the plaintiff must provide "the grounds" upon which his claim rests through factual allegations sufficient "to raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). However, in considering a motion to dismiss pursuant to Rule 12(b)(6), the court must construe the complaint liberally, "accepting all factual

10

allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (citing *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009).  Therefore, this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

## IV. ARGUMENT

### A.   The Requirements for Statutory Interpleader Have Been Satisfied Because the Amount at Issue is Greater Than $500 and the Defendants Are Minimally Diverse.

Rooted in equity, statutory interpleader provides a remedy for stakeholders facing conflicting claims for the same assets to seek judicial intervention to relieve the stakeholder of the burden of assessing the merit of the adverse claimants' title to the interpleaded funds. *Fidelity Brokerage Servs., LLC v. Bank of China*, 192 F.Supp.2d 173, 177 (S.D.N.Y. 2002).  The language of 28 U.S.C. § 1335 allows interpleader to be sought even if the stakeholder merely faces the possibility of prospective adverse claims.  *Id.* at 178.  Thus, as applicable herein, for Fidelity to invoke statutory interpleader, it need only demonstrate that two or more minimally diverse potential or actual adverse claimants may lay claim to a fund held by Fidelity equal to $500 or greater.  *See* 28 U.S.C. § 1335.

As explained above, Fidelity found itself caught between Mr. Rothfarb's claim that Mr. Caro had fraudulently conveyed assets into the Indii.com USE Account and Mr. Caro's assertion, purportedly on behalf of Indii.com USE, LLC, that the funds in the account were solely the

11

business property of Indii.com USE, LLC.  The fact that the entirety of the funds conveyed into the Indii.com USE Account was from Mr. Caro's personal accounts belies Mr. Caro's assertion that the funds are corporate property, regardless of his intent in transferring the funds.  *Cf.* N.Y. Debtor & Creditor Law § 273-a ("Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment.").  Nevertheless, Fidelity was not required to make the determination at its peril as to which claimant had superior rights to the funds.

The Memorandum of Law of Plaintiff Fidelity Brokerage Services in Further Support of Its Motion for Interpleader and in Opposition to Defendants Marshall Caro and Indii.com USE LLC's Motion to Dismiss carefully addresses the requirements for interpleader and the citizenship of the adverse claimants to the fund.  Therefore, Mr. Rothfarb fully joins in that aspect of Fidelity's memorandum.  As stated therein, Mr. Rothfarb, Mr. Raquet, Indii.com USE, LLC and Mr. Caro are all appropriate defendants with minimally diverse citizenship in this action and the amount in dispute is greater than $500.  In addition, as stated in the memorandum, if the court finds that subject matter jurisdiction is lacking pursuant to 28 U.S.C. § 1335, Rule 22 interpleader creates an independent basis for jurisdiction in this action as there is complete diversity between Fidelity and the defendants.

Mr. Rothfarb adds the additional ground that Mr. Caro is an indispensable party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure.  Mr. Rothfarb also asserts that Mr. Caro's contentions regarding the citizenship of Indii.com USE, LLC are wholly inconsistent, defectively

alleged and cannot form the basis for a finding that no subject matter jurisdiction exists in this action.

1. ***Mr. Caro is an Indispensible Party Pursuant to Fed.R.Civ.P. 19(a).***

"An interpleader action cannot proceed in the absence of a party who must be joined in accordance with the standard set forth in Rule 19." *Pentech Int'l, Inc. v. Wall Street Clearing Co.*, 983 F.2d 441, 448 (2d Cir. 1993) (quoting 7 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1715, at 590 (2d ed. 1986)). Therefore, if Rule 19 applies to Mr. Caro, Fidelity had no choice but to name Mr. Caro as a defendant.

Federal Rule of Civil Procedure 19(a)(1) governs mandatory joinder and states as follows:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A)   in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B)   that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i)   as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii)   leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed.R.Civ.P. 19(a)(1)

As stated above, Mr. Rothfarb's claims sound in fraudulent conveyance, alter ego, constructive trust and RICO. In order for a just adjudication of these claims and for Mr. Caro to protect his interests (as well as his reputation), Mr. Caro must be joined in this action. For the purposes of Mr. Rothfarb's fraudulent conveyance claims, Mr. Caro is the conveyor the property

and he must be present in the action if the conveyance is to be undone (i.e., transferred back to Mr. Caro and from him turned over to Mr. Rothfarb). If Mr. Caro was not named as a defendant in this action, he would have no way to protect his interests in his property and Mr. Rothfarb would potentially have to bring a separate action against Mr. Caro to extinguish Mr. Caro's interest in the fraudulently conveyed property once the conveyance was undone.

Moreover, with respect to the alter ego, in order for the claim to succeed it must be shown that Mr. Caro dominated and controlled Indii.com USE, LLC for his personal benefit. Mr. Caro's presence is thus necessary. Similarly with respect to the alternative RICO claim, Mr. Caro will be alleged to be a co-conspirator with Indii.com USE, LLC and the mastermind behind the money-laundering scheme. Thus, Mr. Caro is an integral part of each and every cross-claim that will be asserted by Mr. Rothfarb.

Accordingly, Mr. Caro is an indispensible party within the meaning of Rule 19(a) and Fidelity had no choice but to name him as a defendant in this action.

**2.** ***The Membership of Indii.com USE, LLC Cannot Be Determined Because Mr. Caro Has Not Presented Sufficient Evidence Concerning and Sworn Testimony Contradicts Mr. Caro's Contentions.***

Mr. Caro asserts in Indii.com USE, LLC is a Delaware limited liability company with a principal place of business in Connecticut. Pursuant to the operating agreement attached to Mr. Caro's affidavit, the only known members of Indii.com USE, LLC at its formation were Mr. Caro and Mr. Raquet, who are citizens of Connecticut and Florida, respectively. Mr. Caro has provided no documentary evidence establishing that anyone other than himself and Mr. Raquet are members of Indii.com USE, LLC. Moreover, Mr. Caro's self-serving and non-specific assertions that "several of the strategic members listed in Schedule 3 [of the Operating

Agreement] later signed documents confirming their members in" Indii.com USE, LLC are undermined by his own prior sworn testimony and court submissions.

Mr. Caro has claimed Indii.com USE, LLC is a partnership, although it is indisputably a Delaware limited liability company. Mr. Caro has asserted that the "Caro" family partnership is a member of Indii.com USE, LLC, but has provided no evidence of the existence of such a partnership, nor has he provided any proof that such a partnership holds any interest in Indii.com USE, LLC. Mr. Caro has claimed that there are strategic partners of Indii.com USE, LLC, but he has provided no evidence that any of the contemplated strategic members of Indii.com USE, LLC ever acquired membership interests in the company. Furthermore, in Mr. Caro's sworn testimony presented on November 25, 2008, he indicated that other than himself, only Mr. Raquet and a company known as "Knight Securities" had membership interests.

Mr. Caro has a significant veracity problem that spans more than 15 years, especially as it pertains to companies in which he maintains a controlling interest. The 1993 Decision After Trial found Mr. Caro's sworn testimony unclear "not credible[.]" Exhibit 2, at 4. The decision noted that Mr. Caro had formed four different corporate entities in New York and one corporate entity in New Jersey, all of which did business under the name "ProgramIt" and that "testimony revealed Mr. Caro's cavalier use of the corporate form through [a] succession of companies" were never "dissolved[.]" Exhibit 2, at 5. The court noted that one of the transfers between his companies "was nothing more than a transparent attempt to shield Caro's profits from the liabilities it incurred . . . and constitute[d] a blatant disregard of the corporate form." Exhibit 2, at 6.

The pattern remains to this day. Mr. Caro formed a New Jersey company called Indii.com, Inc., which he apparently abandoned, but never dissolved. Exhibit 4, at 25:23-24. In

2003, he formed Indii.com, LLC and Indii.com USE, LLC as Delaware limited liability

companies and appears to use the name "Indii" interchangeably between all three entities.  As

made clear in Fidelity's moving papers, Mr. Caro has now utilized the Indii.com USE Account

as a personal depository to hide assets.

      Mr. Caro has failed to produce credible evidence that the members of Indii.com USE,

LLC consist of anyone other than himself and Mr. Raquet.  Therefore, even under the Caro

Defendants' view of minimal diversity jurisdiction in this statutory interpleader action (which

Fidelity disputes), Indii.com USE, LLC is only a citizen of Connecticut and New York.

      Accordingly, Mr. Caro's declaration should be disregarded in the determination of this

Court's subject matter jurisdiction.

### 3.    *Mr. Rothfarb Has a Legitimate Competing Claim to the Indii.com USE Account.*

      In their memorandum, the Caro Defendants equate Mr. Rothfarb's claims to the

Indii.com USE Account as equivalent to having a basis to restrain the funds under New York

law.  There is no such equivalence.  The Caro Defendants have misstated Mr. Rothfarb's claims,

which are premised on Mr. Caro's fraudulent conveyances.

      Even before this interpleader action began, Mr. Rothfarb asserted in a letter to Fidelity

dated August 2, 2010 that the Indii.com USE Account contained fraudulently conveyed funds.

*See* Complaint for Interpleader, at ¶21.  It is now indisputable that ALL of the funds and assets in

the account were deposited by Mr. Caro from his personal accounts.  Whether this was done with

actual intent to hinder Mr. Rothfarb's collection efforts in violation of N.Y. Debtor & Creditor

Law § 276 or was merely a constructive fraud pursuant to N.Y. Debtor & Creditor Law § 273-a,

the funds and assets in the Indii.com USE Account were fraudulently conveyed as to Mr.

Rothfarb and are subject to garnishment.

16

Moreover, The Caro Defendants assertions concerning both the validity of the restraints are incorrect.  The very case cited by the Caro Defendants recognizes that "a judgment creditor may restrain the assets of a judgment debtor wherever those assets may be."  *JSC Foreign Economic Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 295 F.Supp.2d 366, 392 (S.D.N.Y. 2003) (concluding, in part, that New York permits the imposition of restraining notices against bank accounts of third-parties where evidence is shown that the accounts hold assets of the judgment-debtor).

At a minimum, based on the facts presented herein, Mr. Rothfarb has presented viable competing claims to the interpleaded funds.  Mr. Rothfarb's claims are not "so utterly baseless that [the plaintiff's] assertion of multiple claims [was] not made in good faith.  *Fidelity Brokerage Servs., LLC v. Bank of China*, 192 F.Supp.2d at 178.

Accordingly, based on Mr. Rothfarb has presented a legitimate claim for the purposes of establishing interpleader jurisdiction.

### B.   Fidelity's Motion for Attorneys' Fees and Costs Should Be Held in Abeyance Pending the Conclusion of the Second Stage of the Interpleader.

In its motion for interpleader and related relief, Fidelity requests its reasonable attorneys' fees and costs incurred in bringing this action and defending the jurisdiction of this court.  Mr. Rothfarb does not oppose Fidelity's request in principal, although he reserves the right to object the specific items requested in any formal motion for such fees and costs.  However, Mr. Rothfarb requests that this court hold the determination of attorneys' fees in abeyance pending the court's resolution of ownership of the interpleaded funds.

It is universally accepted that district courts may award fees to disinterested stakeholders in interpleader actions despite the absence of explicit statutory authority.  *Sunmar Shipping, Inc. v. Trans Ocean Express Ltd.*, 1997 U.S. Dist. LEXIS 16682, No. 97 Civ. 1078(DLC)(RLE), at

17

*6 (S.D.N.Y. Oct. 12, 1997).  The decision to award fees and costs and the amount of such expenses lies in the sound discretion of the court.  *Id.*  "The typical interpleader claim does not involve extensive or complicated litigation, and thus fees should be relatively modest."  *Estate of Mercer K. Ellington v. EMI Music Publ'g*, 282 F.Supp.2d 192, 194 (S.D.N.Y. 2003) (internal citation and quotations omitted).  Courts routinely impose limitations on fees that would essentially swallow-up the stake.  *See id.* (holding that fees equal to approximately 15% of the interpleaded fund "far exceed awards that are generally considered substantial"); *see also New York Life Ins. Co. v. Hassan*, 2010 U.S. Dist. LEXIS 78461, No. 09-CV-1075A (S.D.N.Y. August 4, 2010).  Although expenses are "generally awarded against the interpleader fund, [they] may, in the discretion of the court, be taxed against one of the parties when their conduct justifies it.  *Septembertide Pub. v. Stein and Day, Inc.*, 884 F.2d 675, 683 (2d Cir. 1987).

Where the priority of claims to the stake has not been established in an interpleader proceeding, courts have dismissed stakeholders' motions for attorneys' fees and costs as premature.  *See, e.g., Advantage Title Agency, Inc. v. Rosen*, 297 F.Supp.2d 536, at 539-40 (E.D.N.Y. 2003) (Spatt, J.).  Moreover, if the total amount of the fund is insufficient to satisfy the claims, a disinterested stakeholder may not be entitled to attorneys' fees and costs.  *Id.* at 539.

If Mr. Rothfarb is successful in proving his claim that the funds in the Indii.com USE Account are in fact Mr. Caro's, Mr. Rothfarb will be entitled to utilize the interpleaded funds to satisfy his judgment in the Underlying Action (which accrues interest daily) as well as his reasonable attorneys' fees and costs incurred in pursuing the fraudulent conveyance action.  *See* N.Y. Debtor & Creditor Law §§ 276 and 276-a.  Unlike attorneys' fees in a fraudulent conveyance actions, Fidelity's claim to fees is discretionary and not a statutory right.  If Fidelity

is permitted satisfy its entire claim for fees and costs from the stake at the outset of this litigation, it could substantially prejudice on Mr. Rothfarb's interests by effectively reducing Mr. Rothfarb's recovery and causing him more expense and delay in pursuing Mr. Caro for unsatisfied portions of his judgment.

Fidelity's claim is for the attorneys' fees and costs it has incurred in pursuing *this interpleader action*. Mr. Rothfarb has cooperated with Fidelity's prosecution of this action at every turn by waiving service and supporting Fidelity's motion for interpleader. With respect to the expenses Fidelity has incurred in this action as result of Mr. Rothfarb, Fidelity's fees should be nominal. However, as a result of the conduct of the Caro defendants, it is likely Fidelity wil have a substantial claim for expenses.

Thus, to the extent that the fees and costs incurred by Fidelity in this action comprise a significant portion of the stake, it is because of the conduct of the Caro Defendants in not promptly obtaining counsel, refusing service of the complaint for interpleader and filing multiple memoranda contesting Fidelity's motion for interpleader and challenging the jurisdiction of this court. Therefore, the Caro Defendants should be deemed directly and solely responsible for Fidelity's legal expenses and it is to the Caro Defendants that Fidelity should look for reimbursement of its expenses.

Fidelity understandably wants to be discharged from this action and compensated for the expenses it has incurred by being placed in the middle a judgment enforcement action. However, the equitable considerations present in this unusually complex and acrimonious action suggest that the Court will be best able to determine Fidelity's entitlement after the claims to the interpleaded funds are resolved in the second stage of this interpleader. If the funds in the

Indii.com USE Account are ultimately deemed the property of Mr. Rothfarb, Fidelity should be awarded its expenses in a separate judgment against Mr. Caro and Indii.com USE, LLC.

Accordingly, this court should hold Fidelity's motion for attorneys' fees and costs in abeyance pending the outcome of the second stage of this interpleader.

## V. CONCLUSION

For the reasons stated herein, defendant Bill Rothfarb respectfully requests that this Court grant Fidelity's motion for interpleader and hold its claim for attorneys' fees and costs in abeyance pending the conclusion of the interpleader proceeding.  Defendant Bill Rothfarb also respectfully requests the court deny the Caro Defendants' motion to dismiss in its entirety.


Dated:  New York, NY
         November 8, 2010




By: _Evan S Rothfarb_____
      Evan S. Rothfarb (ER-9227)
ROTHFARB LAW, PLLC
11 Broadway, Suite 615
New York, NY 10004
(212) 480-1010
evan.rothfarb@rothfarblaw.com
*Attorneys for Defendant Bill Rothfarb*

20