UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIDELITY BROKERAGE SERVICES LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARSHALL CARO, WALTER RAQUET,<br>INDII.COM USE LLC, AND BILL ROTHFARB,<br><br>　　　　　Defendants. | 10 CIV 5893 (BSJ) (RLE) |

**PLAINTIFF FIDELITY BROKERAGE SERVICES LLC'S MEMORANDUM OF LAW
IN SUPPORT OF ITS APPLICATION FOR ATTORNEYS' FEES AND COSTS**

**PRELIMINARY STATEMENT**

Plaintiff Fidelity Brokerage Services LLC ("Fidelity") brings this application to recover its reasonable attorneys' fees and costs incurred in connection with this interpleader action. Fidelity has already demonstrated that it properly brought this interpleader action and this Court has discharged Fidelity from the action. As demonstrated below and in the affidavit on Michael G. Shannon ("Shannon Aff.") in support of Fidelity's application, Fidelity's attorneys' fees and costs incurred as a result of this dispute are reasonable and this Court should award Fidelity $64,179.59 in fees and $405.01 in costs.

**FACTS**

**History of the Underlying Dispute**

Fidelity was the custodian of an account held in the name of defendant Indii.com USE LLC ("Indii.com") valued at approximately $780,900.00 (the "Indii Account"). (Shannon Aff. ¶ 3). Fidelity had no interest in or claim to the assets of the Indii Account. (Shannon Aff. ¶ 3).

1

Defendant Bill Rothfarb ("Rothfarb") claims to be entitled to funds of the Indii Account by virtue of a March 28, 1995, judgment entered in favor of Rothfarb against defendant Marshall Caro ("Caro", and collectively with Indii.com the "Caro Defendants") in a New York State civil action entitled <u>Bill Rothfarb v. Programit, Inc. et al</u>, Index No. 19178/87 (Supreme Court New York County) (the "State Court Action"). (Shannon Aff. ¶ 4).

On July 20, 2010, Fidelity received a letter from Rothfarb's counsel informing Fidelity of the judgment in the State Court Action and enclosing copies of an Information Subpoena With Restraining Notice directing Fidelity to restrain property in Fidelity's custody in which Caro had an interest. (Shannon Aff. ¶ 5). Pursuant to the Restraining Notice, Fidelity restrained the Indii Account and sent notice of the restraint on the Indii Account to Caro. (Shannon Aff. ¶ 5).

Thereafter, Fidelity received numerous communications from the Caro Defendants asserting that the Indii Account should not have been restrained and threatening to hold Fidelity liable for any potential trading losses on the Indii Account caused by the restraint. (Shannon Aff. ¶ 6). Fidelity also received numerous communications from Rothfarb's counsel threatening Fidelity with contempt and sanctions if Fidelity did not continue to restrain the Indii Account. (Shannon Aff. ¶ 7). Rothfarb also asserted that all deposits made by Caro into the Indii Account were "fraudulent conveyances" as to Rothfarb. (Shannon Aff. ¶ 7).

**The Nature of the Professional Services Rendered**

Unable to determine which of the defendants was rightfully entitled to the funds of the Indii Account and having no interest in the Indii Account, on August 4, 2010, Fidelity filed its Complaint for interpleader asking this Court to: (1) grant interpleader; (2) require the defendants to resolve between themselves their rights and claims to ownership of the Indii Account; (3) direct Fidelity to deposit the Indii Account into the Court's registry; (4) restrain the defendants

from instituting or pursuing any action against Fidelity with regards to the Indii Account; and (5) award Fidelity its attorneys' fees. Fidelity's counsel reviewed and analyzed documents from Fidelity, conducted legal and factual research, and drafted, filed and served the Complaint. (Shannon Aff. ¶ 8 and Exhibit A).

At the same time, and also on August 4, 2010, Rothfarb obtained a Temporary Restraining Order signed by the Honorable Judith J. Gische, Justice of the Supreme Court of the State of New York, in the State Court Action preventing Fidelity from removing "any duly issued restraints upon any accounts, assets or other personal property in the possession of Fidelity in which it appears judgment debtor Marshall Caro has an interest, including, but not limited to the [Indii Account]", and an Order to Show Cause seeking to find Fidelity in contempt of court and requesting Fidelity be sanctioned. (Shannon Aff. ¶ 9 and Exhibit B).

Fidelity's counsel prepared a response to Rothfarb's motion, and Fidelity submitted an affidavit of Christian Jeri, a Fidelity employee, an attorney affidavit, and a memorandum of law addressing why Fidelity should not be held in contempt or sanctioned. (Shannon Aff. ¶ 10 and Exhibit C). Fidelity's counsel also reviewed and analyzed Rothfarb's motion, reviewed and analyzed the case law cited by Rothfarb in his motion, reviewed and analyzed the papers submitted by the Caro Defendants opposing Rothfarb's motion and the restraint on the Indii Account, communicated with Fidelity and gathered facts relevant to Rothfarb's motion, researched case law, drafted the affidavits and memorandum of law in opposition to Rothfarb's motion, communicated with Rothfarb's counsel in attempting to resolve Rothfarb's motion, and reviewed and edited a proposed stipulation withdrawing Rothfarb's motion. (Shannon Aff. ¶ 10).

On August 26, 2010, counsel for Fidelity, Rothfarb and the Caro Defendants appeared before Justice Gische on Rothfarb's motion. (Shannon Aff. ¶ 11). At the hearing, counsel for

Fidelity and Rothfarb submitted a stipulation to withdraw Rothfarb's motion and Justice Gische vacated the Temporary Restraining Order. (Shannon Aff. ¶ 11 and Exhibit D).

On September 8, 2010, Fidelity moved in this action by Order to Show Cause for an order granting the relief sought in Fidelity's Complaint. This Court signed the Order to Show Cause and set a hearing date for the parties to appear on Fidelity's motion. On September 17, 2010, pursuant to the Court's Order, Fidelity deposited the contents of the Indii Account into the registry of the Court. Fidelity's counsel researched law in support of Fidelity's motion, and drafted, filed and served the Order to Show Cause, an affidavit, and a memorandum of law in support of Fidelity's motion. (Shannon Aff. ¶ 12).

The Caro Defendants opposed Fidelity's motion and submitted a declaration by Caro and a memorandum of law on October 4, 2010. On October 5, 2010, the parties participated in a telephonic conference with the Court on Fidelity's motion. During the conference call, the Caro Defendants expressed their intent to file a motion to dismiss the interpleader Complaint and the Court set a briefing schedule. Fidelity's counsel reviewed and analyzed the Caro Defendants' papers in opposition to Fidelity's motion, reviewed the case law cited by the Caro Defendants, researched case law in opposition to the Caro Defendants' arguments, and participated in the teleconference.

On October 6, 2010, Fidelity also received a First Request For Production of Documents and First Set of Interrogatories from Rothfarb in this action. (Shannon Aff. ¶ 14 and Exhibit E). Fidelity's counsel reviewed and analyzed the discovery requests, communicated with Fidelity, compiled and reviewed documents that were responsive to the document requests, corresponded with Rothfarb's counsel, and responded to the correspondence of the Caro Defendants seeking a stay of discovery. (Shannon Aff. ¶ 14). Pursuant to this Court's October 24, 2010 Order,

Fidelity then suspended further work related to discovery and did not produce any documents to Rothfarb. (Shannon Aff. ¶ 14).

On October 18, 2010, the Caro Defendants submitted their motion to dismiss Fidelity's interpleader Complaint. Fidelity's counsel prepared an opposition to the motion to dismiss, and Fidelity submitted an affidavit and a memorandum of law. Rothfarb also submitted an affidavit and memorandum of law in opposition to the motion to dismiss. On November 15, 2010, the Caro Defendants filed a reply in further support of their motion to dismiss. Fidelity's counsel reviewed and analyzed the Caro Defendants' motion to dismiss, reviewed the case law cited by the Caro Defendants, researched case law in opposition to the Caro Defendants' motion, drafted the affidavit and a memorandum of law in opposition to the motion to dismiss, and reviewed and analyzed Rothfarb's papers in opposition to the motion to dismiss. (Shannon Aff. ¶ 15).

On November 24, 2010, this Court filed a Memorandum and Order denying the Caro Defendants' motion to dismiss and granting Fidelity's motion for interpleader and related relief. The Court reserved making a determination regarding what, if any, attorneys' fees Fidelity should be awarded, and on December 16, 2010, this Court filed an Order directing Fidelity to submit its application for attorneys' fees by December 31, 2010. Pursuant to that Order, Fidelity submits this memorandum of law and the Shannon Aff. in support of its application for attorneys' fees.

## ARGUMENT

Attorneys' fees and costs are generally awarded to an innocent and otherwise disinterested stakeholder who has expended time and money participating in a dispute not of his own making and the outcome of which has as no impact on him and such fees and costs are generally awarded against the fund. Locals 40, 361 & 417 Pension Fund v. McInerney, No. 06-

Civ-5225, 2007 U.S. Dist. LEXIS 1974, *16 (S.D.N.Y. Jan. 9, 2007); Landmark Chem., SA. v. Merrill Lynch & Co., 234 F.R.D. 62, 63 (S.D.N.Y. 2005) (granting interpleader plaintiff $51,000.00 in attorneys' fees with hourly rates between $285.00 and $590.00); Fidelity Brokerage Serv., LLC v. Bank of China, 192 F. Supp. 2d. 173, 183 (S.D.N.Y. 2002). A court may assess attorneys' fees in favor of the stakeholder if the court finds: (1) the party seeking fees is a disinterested stakeholder; (2) who has conceded liability; (3) has deposited the disputed funds into court; and (4) has sought discharge from all liability. Landmark Chem., SA., 234 F.R.D. at 63; Salomon Smith Barney, Inc. v. McDonnell, No. 01-Civ-2874, 2001 U.S. Dist LEXIS 11202, *2 (S.D.N.Y. Aug. 3, 2001) (granting interpleader plaintiff $34,985.99 in attorneys' fees and expenses); Koons v. Christie, Manson & Woods Int'l Inc., No. 97-Civ-4171, 1999 U.S. Dist LEXIS 686, *7 (S.D.N.Y. Jan. 27, 1999). Moreover, a court may properly consider whether the fund claimants bear some responsibility for protracting the case. Landmark Chem., SA., 234 F.R.D. at 64. A court can also directly charge the party whose conduct contributed to those costs. Koons, 1999 U.S. Dist LEXIS 686 at *7.

Fidelity clearly meets all of the requirements for an award of its attorneys' fees. Fidelity had no interest in the Indii Account; deposited the contents of the Indii Account into the Court's registry; and promptly sought discharge from liability. Indeed, in its November 24, 2010 Order, this Court granted Fidelity's request for interpleader and discharged Fidelity from the case.

Moreover, the attorneys' fees sought by Fidelity are reasonable. The time expended by Fidelity's counsel was necessary in prosecuting this interpleader action and responding to the actions and filings by the defendants. Besides working on drafting and filing the Complaint and motion for discharge, substantial time was expended because of the defendants own actions. Specifically, Fidelity expended considerable time opposing Rothfarb's motion for contempt and

sanctions in the State Court Action and the Caro Defendants' motion to dismiss the interpleader complaint. Therefore, Fidelity's attorneys' fees are all the more reasonable because the defendants caused them to be incurred. See Landmark Chem., SA., 234 F.R.D. at 64 (interpleader plaintiff's motion for discharge was opposed and fully litigated); Koons, 1999 U.S. Dist LEXIS at *9; Rhoades v. Casey, 196 F.3d 592, 603 (5th Cir. 1999) (attorney for interpleader plaintiff engaged in necessary work including responding to defendant's motion to dismiss the interpleader action). Lastly, Fidelity's attorneys' fees are reasonable because the discounted rates charged by Fidelity's attorneys are well within the range of those typical in New York for counsel of such experience. See Landmark Chem., SA., 234 F.R.D. at 63 (approving rates in 2005 ranging from $285.00 to $590.00 per hour).

## CONCLUSION

Therefore, Fidelity respectfully requests that this Court grant Fidelity its reasonable attorneys' fees in the amount of $64,179.59 and its costs in the amount of $405.01.

DATED:   New York, New York
         December 30, 2010

                                        THOMPSON HINE LLP

                                        By: _Michael D Shannon_
                                            Michael G. Shannon
                                            Michael D. Hoenig
                                            335 Madison Avenue
                                            New York, New York 10017
                                            Telephone: (212) 344-5680
                                            *Counsel for Plaintiff*
                                            *Fidelity Brokerage Services LLC*

198301.2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIDELITY BROKERAGE SERVICES LLC,<br><br>Plaintiff,<br><br>v.<br><br>MARSHALL CARO, WALTER RAQUET, INDII.COM USE LLC, AND BILL ROTHFARB,<br><br>Defendants. | 10 CIV 5893 (BSJ) (RLE) |

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on the 30th day of December, 2010, a true and correct copy of Plaintiff Fidelity Brokerage Services LLC's Application for Attorneys' Fees and Costs was served via the Court's Electronic Filing system on the parties below:

Evan Stone Rothfarb, *Counsel for defendant Bill Rothfarb*
(evan.rothfarb@rothfarblaw.com)

Michael P. Kaelin, *Counsel for defendant Walter Raquet*
(mkaelin@cl-law.com, dsantos@cl-law.com)

Sheldon Eisenberger, *Counsel for defendants Marshall Caro & INDII.com USE LLC*
(sheldon@eisenbergerlaw.com, jacobz@eisenbergerlaw.com, lchabus@eisenbergerlaw.com)

_____
Michael D. Hoenig