UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIDELITY BROKERAGE SERVICES LLC,<br><br>Plaintiff,<br><br>v.<br><br>MARSHALL CARO, WALTER RAQUET,<br>INDII.COM USE LLC, AND BILL ROTHFARB,<br><br>Defendants. | 10 CIV 5893 (BSJ) (RLE) |

**PLAINTIFF FIDELITY BROKERAGE SERVICES LLC'S
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS
APPLICATION FOR ATTORNEYS' FEES AND COSTS**

Plaintiff Fidelity Brokerage Services LLC ("Fidelity") submits this Memorandum of Law in further support of its Application For Attorneys' Fees And Costs and in reply to the submissions of the defendants Marshall Caro ("Caro") and Indii.com USE LLC ("Indii.com" and collectively with Caro the "Caro Defendants"), Walter Raquet ("Raquet"), and Bill Rothfarb ("Rothfarb").

The defendants' submissions show that all parties agree that attorneys' fees and costs should generally be awarded to an innocent and disinterested stakeholder who has expended time and money participating in an interpleader action. All also agree that such fees and costs are generally to be awarded against the fund.[1] Locals 40, 361 & 417 Pension Fund v. McInerney, No. 06-Civ-5225, 2007 U.S. Dist. LEXIS 1974, *16 (S.D.N.Y. Jan. 9, 2007); Landmark Chem., SA. v. Merrill Lynch & Co., 234 F.R.D. 62, 63 (S.D.N.Y. 2005) (cited by the Caro Defendants);

---

[1] The defendants also seem to agree that a court may assess some or all of the fees directly against the fund claimants, especially if they caused or increased the costs of the interpleader. See Landmark Chem., SA., 234 F.R.D. at 64; Koons v. Christie, Manson & Woods Int'l Inc., No. 97-Civ-4171, 1999 U.S. Dist LEXIS 686, *7 (S.D.N.Y. Jan. 27, 1999).

Fidelity Brokerage Serv., LLC v. Bank of China, 192 F. Supp. 2d. 173, 183 (S.D.N.Y. 2002); Septembertide Publ'g, B.V. v. Stein & Day, Inc., 884 F.2d 675, 683 (2d Cir. 1989) (cited by Raquet and Rothfarb). Also, none of the defendants have questioned the experience of Fidelity's attorneys, the reasonableness of their (discounted) hourly rates or the quality of the attorneys' work product. Likewise, although their positions differ somewhat, none of the defendants have really disputed that all of the legal services were necessary.[2]

The Court should award the fees and costs requested. Since July 2010, Fidelity has been the subject of threats from the Caro Defendants and Rothfarb. They have both threatened to hold Fidelity liable if Fidelity did not dispose of the funds in the Indii Account as they directed. Rothfarb sought to hold Fidelity in contempt, even though there was no underlying court order that had been violated. Rothfarb obtained a Temporary Restraining Order in the State Court Action enjoining Fidelity from releasing the funds in the Indii Account and the Caro Defendants promptly demanded that Fidelity release the funds, TRO notwithstanding. Despite that, the Caro Defendants instructed Fidelity to not proceed with an interpleader and, when Fidelity did so, they moved to dismiss it (albeit, with an evasive submission regarding the residence of Indii.com and a specious argument that Caro – who funded the Indii Account with his personal funds – was not a claimant). The Court rejected their positions and denied their motion.

Throughout, Fidelity has been forced to defend itself and to respond to the defendants' unduly bitter and contentious positions and Fidelity incurred legal fees in doing so. Now, even after Fidelity has been granted interpleader, the Caro Defendants continue to throw up obstacles

---

[2] Raquet does not oppose the award of attorneys' fees and costs to Fidelity, so long as they are not assessed against him personally. Rothfarb agrees an award of attorneys' fees and costs to Fidelity is appropriate, but asks that they not be assessed against him personally, and he (somewhat ironically) objects to the portion of the fees incurred by Fidelity in defending against *his* motion to hold Fidelity in contempt in the related State Court Action and responding to document requests *he* served on Fidelity in this action (and which the Court then ruled were not to proceed). Only the Caro Defendants (who most vigorously fought the interpleader) fully object to Fidelity's application.

which further run up those costs. Rothfarb too contests that Fidelity is not entitled to fees it incurred responding to *Rothfarb's* own actions.

As demonstrated below, none of the objections of the defendants present good reason to deny or to reduce the fees and costs requested by Fidelity.

### The Caro Defendants' Objection That Fidelity's Fee Application Is Subject To Arbitration Is Without Merit

The Caro Defendants' contention that Fidelity's fee application is subject to arbitration is without merit. Indeed, the Caro Defendants expressly finally[3] concede that Fidelity *"had the right to bring the interpleader action"* but, in a conclusory fashion, try to separate out Fidelity's request for attorneys' fees as a dispute that is covered under some arbitration agreement. (Caro Defendants Memo p. 4 fn. 1). The Caro Defendants do not explain why this piece of the interpleader action is severable as some personal controversy separate from the interpleader action.

Beyond that, the proffered text attached to Caro's declaration (which appears to be a portion of a web page regarding Fidelity arbitration agreements rather than either Indii.com's or Caro's actual account agreement) does not on its face encompass Fidelity's fee application. That text is limited to "controversies that may arise *between you and us*" (Fidelity and the account holder) and is also focused on the account "agreements" between "you and us." (emphasis added).

Fidelity's attorneys' fee application transcends those issues and parties and is not a "controversy" *between* Fidelity and either Caro Defendants as account holders, but is a claim to

---

[3] This concession is a marked change from the arguments previously advanced – and which Fidelity was forced to address. In its opposition to Fidelity's Motion for Interpleader and Related Relief and in support of their Motion to Dismiss, the Caro Defendants previously argued that Fidelity had improperly brought this interpleader stating that "There is no good faith basis for this interpleader action…" (Caro Defendant's Memorandum of Law in Opposition to Plaintiff's Request for Interpleader and Related Injunctive Relief p. 6).

3

professional legal fees caused by the multi-party claims to funds deposited in the interpleader. Indeed, no part of this case is subject to the arbitration clauses. The core of this case concerns a dispute between *Rothfarb* and the *Caro Defendants* to funds of the Indii Account. Fidelity was only a disinterested stakeholder that brought this case for the very purpose of removing itself from the "controversy."

Moreover, the account arbitration clauses would not bind Rothfarb or Raquet who are inextricably involved in this case. Neither of them are parties to the account agreements. Yet, Fidelity's fee application requires the participation of all defendants in this case as each one has an interest in the outcome of the application. Among other things, both Raquet and Rothfarb have asserted positions regarding the assessment of attorneys' fees, and neither would be party to the suggested arbitration.

Lastly, the Caro Defendants' professed intent to some day proceed with some claim against Fidelity is not only not a reason to derail this fee application, but it is again a frivolous position. Any such "claim" for damages for Fidelity's conduct regarding the restrained and deposited funds would be contrary to the Court's November 24, 2010 Order *granting* interpleader relief pursuant to 28 U.S.C. § 2361 and 28 U.S.C. § 1335 and dismissing Fidelity from the case.[4]

### The Caro Defendants' Allegation That Fidelity "Caused" The Dispute Is Without Merit

The Caro Defendants' allegation of Fidelity's alleged "misconduct" in restraining the Indii Account is immaterial to the fee application and is, once again, just beating a very dead horse. The issue is not whether Fidelity correctly *restrained* the Indii Account pursuant to Rothfarb's

---

[4] If the Caro Defendants were, in fact, harmed by the restraint on the Indii Account, then their proper remedy would be to seek damages from Rothfarb, the judgment creditor, and not Fidelity. See New York Civil Practice Law and Rules § 5222(b).

restraining notice[5] (which required Fidelity to restrain all property in which Caro may have an interest), nor is the issue whether Rothfarb would have *prevailed* in establishing his claim that the Indii Account funds really did belong to Caro. Indeed, the Court has already rejected these assertions in denying the Caro Defendants' motion to dismiss the interpleader Complaint.

This dispute was caused by the competing claims of the Caro Defendants and Rothfarb and much of the legal fees incurred by Fidelity were the direct result of these defendants' actions. The Caro Defendants fail to show any misconduct by Fidelity that could prevent an award of attorneys' fees.[6]

### Fidelity Is Entitled To Its Attorneys' Fees Incurred In Defending Rothfarb's Motion For Contempt In The Related State Court Action

This Court should award Fidelity its attorneys' fees incurred defending Rothfarb's motion to hold Fidelity in contempt in the State Court Action. Rothfarb moved for contempt, in part, because Fidelity indicated it might not continue to restrain the Indii Account. Simultaneously, the Caro Defendants demanded that Fidelity release the funds and threatened Fidelity with liability if it did not comply with their demands. The Caro Defendants repeated those demands even after the State Court issued a Temporary Restraining Order specifically preventing Fidelity from releasing the Indii Account.[7]

---

[5] The Caro Defendants have gone so far as to suggest that Fidelity' continued restraint of the Indii Account pursuant to a Temporary Restraining Order in the State Court Action was wrong even though that TRO specifically restrained Fidelity from releasing that account. (See Letter from Indii.com's counsel to Michael Shannon dated August 6, 2010, attached as Exhibit 2 to the Affidavit of M. Shannon in Support of Fidelity's Motion for Preliminary Injunction, Temporary Restraining Order, and Related Relief).

[6] The Caro Defendants' speculation that Fidelity and Rothfarb worked "in tandem" against the Caro Defendants is senseless and irresponsible. It is also belied by the facts of this case (including the time entries and the papers filed by Fidelity). Indeed, Fidelity was forced to defend itself against Rothfarb's motion for *contempt*. That is hardly consistent with the alleged collaboration.

[7] The contempt motion was filed on the same date as the interpleader action and Rothfarb forced Fidelity to oppose it notwithstanding that this action was proceeding.

5

Rothfarb should never had moved for contempt in the State Court Action because that motion was procedurally flawed from the start. Rothfarb sought contempt without first having obtained an order to compel Fidelity's obedience as required by New York Law, and, in any event, Fidelity did respond to the subpoena. (See Fidelity's Memorandum of Law in Opposition to Rothfarb's Motion). Further, at no point did Fidelity release the funds in violation of any restraint on the Indii Account. Instead, Fidelity told Rothfarb that it was planning on filing this interpleader action which required Fidelity to deposit the funds into this Court's Registry, ensuring the security of the stake.

Instead of waiting for Fidelity to file its Complaint for interpleader, Rothfarb raced to the State Court to file his contempt motion. Rothfarb's motion *forced* Fidelity to defend itself outside of the interpleader action even though the actions were fundamentally intertwined. Both Rothfarb's motion and this interpleader arose out of the same set of facts, i.e. the Caro Defendants' and Rothfarb's competing claims to the Indii Account. In both cases Fidelity's interests were the same – to protect itself from liability from the competing claimants. Thus, the actions taken by Fidelity in the State Court Action are directly related to Fidelity's filing of this interpleader action to prevent liability against Fidelity. It stands to reason that if Fidelity may recover for its voluntary actions in bringing this interpleader action then it certainly should be allowed to recover for actions it was *forced* by Rothfarb to take in a dispute not of its own making.

### Fidelity Is Entitled To Its Attorneys' Fees Incurred In Responding to Rothfarb's Discovery Requests In This Action

Similarly, Rothfarb caused Fidelity to incur costs related to discovery *in this action* and should not be heard to complain now. Courts may award attorneys' fees to an interpleader plaintiff who has expended time responding to discovery in the interpleader action. Cf. Goat,

6

Inc. v. Four Finger Art Factory, No. 01-Civ-10079, 2002 U.S. Dist. LEXIS 22800 (S.D.N.Y. Nov. 15, 2002) (implying that stakeholder would be entitled to higher attorneys' fees if it had participated in extensive litigation or discovery before discharge); Chem. Bank v. Richmul Assoc., 666 F. Supp. 616, 619 (S.D.N.Y. 1987) (implying that stakeholder would be entitled to higher attorneys' fees if it had participated in discovery or significant motion practice before discharge).

Here, Fidelity's participation in preparing responses to Rothfarb's discovery request was not in the regular course of Fidelity's business. Fidelity was just a stakeholder who had no interest in the eventual outcome of the dispute, and the discovery requests served on Fidelity were not meant to prove the liability of Fidelity. Rather, the purpose of the discovery was to pursue Rothfarb's claims to the funds as against the claims of the Caro Defendants.

### Fidelity's Attorneys' Fees Were Reasonable

Fidelity has sufficiently demonstrated that its fees incurred in this interpleader action were reasonable. Fidelity submitted its counsel's contemporaneous time summaries specifying the date, the hours expended, and the nature of the work performed.

From the details presented, the Court can determine that the hours expended by Fidelity's counsel were efficient and reasonable. A majority of the work done in this case was by a junior associate, Michael Hoenig, with a senior partner, Michael Shannon, reviewing and editing Mr. Hoenig's work.[8]

Also, while Fidelity's counsel spent significant time responding to the Caro Defendants' motion to dismiss, it is apparent that the time expended was both necessary and productive, as

---

[8] For example, time entries for September 6, 2010 read:

| 9/6/2010 | Michael D. Hoenig | Draft memorandum of law in support of motion and research case law for memorandum. | 5.00 |
| 9/6/2010 | Michael G. Shannon | Review/revise motion papers. | 1.10 |

the Court cited many of the same cases as Fidelity and adopted or agreed with much of the arguments asserted by Fidelity. Furthermore, Fidelity's counsel was forced to expend significant time responding to the motion to dismiss because the Caro Defendants filed two sets of papers, one in opposition to Fidelity's motion for interpleader and another in support of the motion to dismiss, and those submissions contained multiple arguments including an evasive[9] jurisdictional argument and an argument that none of the defendants were really "adverse claimants." Additionally, Fidelity's counsel was forced to expend significant time responding to Rothfarb's contempt motion as Rothfarb's moving papers contained numerous factual and legal arguments against Fidelity that required a response.

The fact that both Mr. Hoenig and Mr. Shannon participated in some of the conference calls or worked on some of the same submissions does not mean that the work was repetitive.[10] The detail used in Fidelity's counsel's time sheets does not make it difficult to determine the reasonableness of time expended because all of the activities in a single entry are related toward a single purpose. This is not such "block billing" as would impair the Court's assessment of the reasonable of the fees.

## Conclusion

While attorneys' fees often may be lower in other interpleaders, this case was not typical. Perhaps because of the spillover of their own personal relationships, animosities and contentiousness, Fidelity was caught in the multiple crossfires and repetitive and conflicting demands of the defendants. This required Fidelity to expend significant time defending itself. At the outset of this case when the parties conflicting claims were just emerging, Fidelity notified

---

[9] In none of their multiple filings did either of the Caro Defendants ever present admissible facts about who actually were the Indii.com members or where they resided.

the parties that it intended to file an interpleader action. If Rothfarb had allowed Fidelity to file its interpleader without Fidelity having had to also contest Rothfarb's contempt motion, or if the Caro Defendants had not moved to dismiss the interpleader Complaint based on their illusory arguments and facts, then Fidelity's fees would indeed have been lower. Instead, the Caro Defendants and Rothfarb dragged Fidelity into their decades' old dispute causing Fidelity to incur attorneys' fees merely to remove itself from their fray. If any of Fidelity's fees here now seem high to them, it is not because those fees are unreasonable, but because the defendants' behavior was.

Therefore, Fidelity respectfully requests that this Court grant Fidelity its reasonable attorneys' fees in the amount of $64,179.59 and its costs in the amount of $405.01.

DATED:    New York, New York
          January 18, 2011

                                              THOMPSON HINE LLP

                                              By: _____
                                                   Michael G. Shannon
                                                   Michael D. Hoenig
                                              335 Madison Avenue
                                              New York, New York 10017
                                              Telephone: (212) 344-5680
                                              *Counsel for Plaintiff*
                                              *Fidelity Brokerage Services LLC*

198986.6

---

[10] The staffing by Fidelity's counsel in this case is in sharp contrast to the facts presented in the case law cited by Caro where multiple senior partners were doing work that a junior associate could have done.

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on the 18th day of January, 2011, a true and correct copy of Plaintiff Fidelity Brokerage Services LLC's Reply memorandum of Law in Further Support of Its Application for Attorneys' Fees and Costs was served via the Court's Electronic Filing system on the parties below:

Evan Stone Rothfarb, Esq.
*Counsel for defendant Bill Rothfarb*
(evan.rothfarb@rothfarblaw.com)

Michael P. Kaelin, Esq.
*Counsel for defendant Walter Raquet* (mkaelin@cl-law.com, dsantos@cl-law.com)

Sheldon Eisenberger, Esq.
*Counsel for defendants Marshall Caro & INDII.com USE LLC*
(sheldon@eisenbergerlaw.com), (jacobz@eisenbergerlaw.com), (lchabus@eisenbergerlaw.com)

Michael D. Hoenig